IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION,<br><br>    Plaintiffs,<br><br>        v.<br><br>LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County,<br><br>    Defendants. | No. 3:11-cv-00405-WDS-PMF |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

NOW COME the Plaintiffs, MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, by and through their attorneys, William N. Howard and Jeffrey M. Cross of Freeborn & Peters LLP, as and for their Complaint against Defendants, LISA M. MADIGAN, solely in her official capacity as Attorney General of the State of Illinois, GOVERNOR PATRICK J. QUINN, solely in his capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, Illinois, state as follows:

  1.  This is an action to vindicate the rights of citizens of the State of Illinois to bear arms, as guaranteed by the Second and the Fourteenth Amendments to the United States

Constitution, which guarantee the right of law-abiding citizens to bear arms for their own lawful defense and for other lawful purposes.

## THE PARTIES

2. Plaintiff, Mary E. Shepard ("Mrs. Shepard") is a resident of Cobden, Illinois, a citizen of the United States and a member of the National Rifle Association ("NRA").

3. Plaintiff, Illinois State Rifle Association, ("ISRA"), is a non-profit association incorporated under the laws of Illinois in 1913, with its principal place of business in Chatsworth, Illinois. ISRA has Members residing throughout the State of Illinois. The purposes of the ISRA include the protection of the right of citizens to bear arms for the lawful defense of their families, persons and property, and to promote public safety and law and order. ISRA brings this action on behalf of itself and its Members.

4. Defendant, Lisa M. Madigan ("Madigan"), is being sued solely in her official capacity as the chief legal officer of the State of Illinois who is charged with enforcing the statutes of the State of Illinois. *See* 15 ILCS 205/4.

5. Defendant, Patrick J. Quinn ("Quinn"), is being sued solely in his official capacity as Governor of the State of Illinois. The Governor has the supreme executive power in the State and is responsible for the faithful execution of the laws of the State of Illinois. *See* Illinois Constitution, Article 5, Section 8.

6. Defendant, Tyler R. Edmonds ("Edmonds"), is being sued in his official capacity as the State's Attorney of Union County, Illinois and is charged with the prosecution of all actions, suits, indictments and prosecutions, civil and criminal, in the Circuit Court for his County. *See* 55 ILCS 5/3-9005(a)(1).

7. Defendant, David Livesay ("Livesay"), is being sued solely in his official capacity as Sheriff, the local authority in Union County, Illinois, responsible, in part, for enforcing the laws of the State of Illinois.

## JURISDICTION

8. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution of the laws of the United States.

9. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. §§ 1983 and 1988.  Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

10. The State of Illinois prohibits individuals like Mrs. Shepard, Members of the ISRA and other law-abiding citizens from the possession and carrying of a handgun pursuant to various Illinois statutes.  Specifically, Illinois statute 720 ILCS 5/24-1 ("conceal carry law" or "CCW") provides, in part:

(a) A person commits the offense of unlawful use of weapons when he knowingly:

***************

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a) (4) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

11. Additionally, Mrs. Shepard, Members of the ISRA and other law-abiding citizens are prohibited from the possession and carrying of a handgun pursuant to Illinois statute 720 ILCS 5/24-1(a)(10) which provides, in part:

> (a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> (10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this sub-section (a)(10) does not apply to or affect transportation of weapons that meet one of the following conditions:
>
> > (i) are broken down in a non-functioning state; or
> >
> > (ii) are not immediately accessible; or
> >
> > (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

12. Finally, Mrs. Shepard, Members of the ISRA and other law-abiding citizens are prohibited from the possession and carrying of a handgun pursuant to Illinois statute 720 ILCS 5/24-1.6 which provides, in part:

> (a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or,
>
> (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when

on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

    (A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or,

    (B) the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense; . . ..

13. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

14. The Fourteenth Amendment to the United States Constitution provides, in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protections of the laws."

15. The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

16. Because the Illinois statutes set forth above prohibit the right to keep and bear arms and the ability to carry handguns in Illinois, they infringe on the right of the People, including Mrs. Shepard, Members of the ISRA and other law-abiding citizens to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and are thus null and void. *See District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010).

17. The above handgun prohibitions on Mrs. Shepard, Members of the ISRA and other law-abiding Illinois citizens' right to bear arms also violate the Second and Fourteenth Amendments to the United States Constitution as demonstrated by the recent United States Supreme Court's decisions in *Heller* and *McDonald*.

## FACTS

18. Mrs. Shepard, like many Members of the ISRA and other law-abiding Illinois citizens, possesses valid Illinois Firearms Owner Identification ("FOID") cards. Like Members of the ISRA and many Illinois citizens, she is a law-abiding citizen and has no criminal record.

19. Mrs. Shepard has received training in the safe, lawful handling of handguns and has five (5) certifications in handgun safety and self-defense. As a result, Mrs. Shepard has received permits which allow her to carry a handgun in Florida and Pennsylvania.

20. Although legally and properly licensed in Florida and Pennsylvania to carry a handgun, Mrs. Shepard is prohibited from doing so due to Illinois statutes 720 ILCS 5/24-1(a)(4) and 720 ILCS 5/24-1.6(a)(1).

21. Although legally and properly licensed in Florida and Pennsylvania to carry a handgun, Mrs. Shepard is unable to do so lawfully in the State of Illinois due to Illinois statutes 720 ILCS 5/24-1(a)(10) and 720 ILCS 5/24-1.6(a)(2).

### A DEFENSELESS MRS. SHEPARD SUFFERS
### A BRUTAL BEATING AND IS LEFT FOR DEAD

22. As a result of the Illinois statutes described above, when Mrs. Shepard was working at her church on September 28, 2009, she was unarmed. While peaceably performing her duties as treasurer of the church, her life was changed forever when she became the victim of a heinous and unconscionable criminal assault and battery. Despite her being licensed in two states to do so, Mrs. Shepard was not carrying a handgun on her person, and therefore was

unable to defend herself, when she was viciously attacked and brutalized at the hands of a six-foot-three-inch 245 pound man with a violent past and a criminal record. Mrs. Shepard would have been carrying a handgun at the time of this heinous attack had the aforementioned Illinois statutes not prevented her from doing so.

23. Defenseless, Mrs. Shepard was savagely beaten, and left for dead. She sustained skull fractures, fractures to both cheeks, brain swelling, shattered teeth, a concussion, a loss of hearing, injuries to the vertebrae in her neck requiring surgical implants, torn rotator cuffs in her shoulders, an injured clavicle and extensive reconstructive surgery to her upper arm (hereinafter "the Incident"). As a result of this brutal beating, Mrs. Shepard has undergone numerous surgeries, extensive physical therapy, was unable to drive for over eighteen months, and has severe and lasting injuries to her face, skull and body.

24. Mrs. Shepard's injuries demonstrate that she was simply unable to defend or protect herself. Indeed, Mrs. Shepard was prevented from defending or protecting herself because of the aforementioned Illinois statutes. Sadly, Mrs. Shepard was also unable to defend or protect her 83-year-old co-worker, a maintenance worker at the church, who also sustained significant injuries to her head, face and body on that same day.

25. This same man who had viciously beaten Mrs. Shepard and her co-worker had, just the week before, allegedly brutally battered an elderly gentleman.

26. But for the above Illinois statutes, Mrs. Shepard, ISRA Members and other law-abiding Illinois citizens would forthwith carry a handgun for self-defense.

27. The Illinois prohibition against carrying a handgun harms Mrs. Shepard, ISRA Members and other law-abiding Illinois citizens because they are at risk of loss of property, physical injury and death if assaulted and unable to defend themselves. Although Mrs. Shepard

was attacked in her church on the particular occasion described above, that Incident is but an illustration of the harms that befall innocent, law-abiding citizens when they are stripped of their constitutional right to bear arms.  Mrs. Shepard could just as easily have been attacked and beaten in the parking lot outside the church, or while walking to the church on a public sidewalk, or while in her car on the way to her church (or to any other destination in Illinois).  If she were permitted to do so, Mrs. Shepard would carry a handgun for self-defense in Illinois, just as she does (and is licensed to do) in Pennsylvania and Florida.  If permitted to do so by Illinois law, Mrs. Shepard, ISRA Members and other law-abiding Illinois citizens would carry a loaded and accessible weapon in their motor vehicle for self-defense purposes. Alternatively, if Mrs. Shepard were to carry a handgun in an effort to protect herself from further violent attacks, she would risk arrest, felony prosecution, and conviction under the current laws in Illinois.  All law-abiding Illinois citizens, including Members of ISRA, are similarly adversely affected by Illinois' prohibition on the carrying of handguns.

## COUNT I

### (U.S. Const. Amends. II and XIV, 42 U.S.C. § 1983)

28.     Plaintiffs hereby reallege and incorporate by reference Paragraphs 1 through 27 as though fully set forth herein for their Paragraph 28 of Plaintiffs' Complaint.

29.     The consequences of the prohibitions imposed by Illinois law are evident from the brutal beating Mrs. Shepard sustained on September 28, 2009.

30.     Mrs. Shepard, Members of the ISRA and other law-abiding citizens of the State of Illinois lawfully own handguns.  But for the Illinois statutes set forth above, they would forthwith carry their handguns with them so that they could be used for self-protection and other lawful purposes.

31. Mrs. Shepard, Members of the ISRA and other law-abiding citizens of the State of Illinois wish to carry their handguns for lawful defense from any unlawful, sudden, deadly attack such as was experienced by Mrs. Shepard and countless other defenseless, law-abiding citizens in this State every day.  However, Mrs. Shepard and others like her face arrest, prosecution, and incarceration should they possess and carry a handgun in violation of the aforementioned Illinois statutes.  But for the aforementioned Illinois statutes, Mrs. Shepard, Members of the ISRA and other law-abiding citizens of the State of Illinois would carry handguns pursuant to the laws and Constitution of the United States of America.

32. As a result of the aforementioned Illinois statutes, and the enforcement thereof by Defendants and their agents and employees, Mrs. Shepard, Members of the ISRA and other law-abiding citizens of the State of Illinois are subjected to irreparable harm in that they are unable to carry handguns to protect themselves outside of their homes, subjecting them to endangerment and vicious attacks, the likes of which Mrs. Shepard and her co-worker fell victim to, at the hands of criminals and other predators.  The aforementioned Illinois statutes violate Plaintiffs' Constitutional rights as set forth herein.

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Illinois statutes 720 ILCS 5/24-1(a)(4), (a)(10) and 1.6 set forth above, and certain other of its sub-parts, are null and void because they are in violation of the United States Constitution and laws of the United States, specifically the Second and Fourteenth Amendments and 42 U.S.C. § 1983;

B. Enter a preliminary and permanent injunction enjoining the Defendants and their officers, agents and employees from enforcing the Illinois statutes 720 ILCS 5/24-1(a)(4), (a)(10) and 5/24-1.6 set forth above, and certain other of its sub-parts as set forth herein;

      C.      Enter an Order awarding Plaintiffs their costs of suit including attorneys fees and costs pursuant to 42 U.S.C. § 1988; and,

      D.      Enter an Order providing any other and further relief that the Court deems just and appropriate.

      Respectfully Submitted,

**MARY E. SHEPARD and THE ILLINOIS STATE RIFLE ASSOCIATION**,
Plaintiffs


BY:  s/Jeffery M. Cross
      One of Their Attorneys

William N. Howard
Jeffery M. Cross
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois   60606
(312) 360-6415