IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the <br> ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> LISA M. MADIGAN, solely in her official capacity <br> as ATTORNEY GENERAL OF ILLINOIS, <br> GOVERNOR PATRICK J. QUINN, solely in his <br> official capacity as Governor of the State <br> of Illinois <br><br> Defendants. | No. 3:11-cv-00405-WDS-PMF |

## PLAINTIFFS' MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION

NOW COME the Plaintiffs, MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, by and through their attorney, William N. Howard of Freeborn & Peters LLP, to move this Court for a preliminary and permanent injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants from enforcing Illinois statutes 720 ILCS 5/24-1(a)(4), (a)(10), and 5/24-1.6 against persons otherwise qualified to possess firearms in Illinois. In support of their motion, Plaintiffs state as follows:

1. The Second Amendment to the United States Constitution guarantees the right of law-abiding citizens to carry arms for self-defense and other lawful purposes. *See United States v. Heller*, 554 U.S. 570 (2008). This right is "fully applicable to the States" through the Fourteenth Amendment. *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026 (2010); *see also id.* at 3058 (Thomas, J., concurring in part and concurring in the judgment).

2. Despite this guarantee, the State of Illinois broadly prohibits carrying firearms in public. *See* 720 ILCS 5/24-1(a)(4), (a)(10), and 5/24-1.6. Apart from this ban, Ms. Shepard is otherwise qualified to posses firearms under Illinois law.

3. "[B]roadly prohibitory laws restricting the core Second Amendment right ... are categorically unconstitutional." *Ezell v. City of Chicago*, No. 10-3525, 2011 WL 2623511, at *13 (7th Cir. July 6, 2011).

4. Illinois' carriage ban "violates [Ms. Shepard's and similarly situated members of the Illinois State Rifle Association's] Second Amendment rights every day it remains on the books." *Id.* at *9. The harm inflicted by the ban is thus ongoing and irreparable. *See id.* at *10.

5. This action does not present any significant factual issues, and pursuant to Federal Rule of Civil Procedure 65(a)(2) the Court should thus advance trial on the merits with the hearing of this motion.

WHEREFORE, plaintiffs respectfully request that the Court enter a preliminary and permanent injunction enjoining defendants from enforcing Illinois statutes 720 ILCS 5/24-1(a)(4), (a)(10), and 5/24-1.6 to the extent they prohibit Ms. Shepard and other persons qualified to possess firearms in Illinois from carrying functional firearms in public.

        Respectfully Submitted,

        **MARY E. SHEPARD and THE ILLINOIS STATE RIFLE ASSOCIATION,**
        Plaintiffs


        By:   s/ William N. Howard
             One of their attorneys


William N. Howard
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois   60606
Tel: (312) 360-6415
Fax: (312) 360-6996
Email: whoward@freebornpeters.com

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Motion For Preliminary And/Or Permanent Injunction,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **8th** day of **July, 2011**.

By:   s/ William N. Howard

## SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 S. Second St.
Springfield, IL  62706
Tel:  (217) 782-5819
Fax:  (217) 524-5091
tcorrigan@atg.state.il.us
*Atty. for Lisa Madigan, Pat Quinn and Tyler Edmonds*

Joseph A. Bleyer
Bleyer & Bleyer
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
Tel: (618) 997-1331
jableyer@bleyerlaw.com
*Atty. for David Livesay*