# Exhibit A

**DECLARATION OF MARY E. SHEPARD**

I, Mary E. Shepard, declare as follows.

1. My name is Mrs. Mary E. Shepard and I reside in the town of Cobden in Union County. Illinois. I am 71 years old and five feet, two inches tall.

2 I am a citizen of the United States and a member of the National Rifle Association.

3. I possess a valid Illinois Firearms Owner Identification card and I have no criminal record.

4. I have received training in the safe handling and firing of handguns in five safety and self-defense courses and I hold a certification from each of those courses. I am licensed to carry a handgun in the State of Florida and in the Commonwealth of Pennsylvania. Those handgun-carry licenses are also recognized in many other states—but not in Illinois.

5. Carrying a firearm in public to protect myself would make me a criminal in my home State of Illinois. Forty-nine states recognize some form of firearms carriage for self-defense, but Illinois law makes carrying a loaded gun a felony.

6. That legal inability to protect myself with a firearm when in public in my home State changed my life forever at 3 p.m. on September 28, 2009

7. On that afternoon I was viciously attacked by a man who was six feet, three inches tall and weighed 245 pounds I was performing my duties as treasurer at the First Baptist Church when this man entered the church.

8. He beat me senseless and left me for dead. I sustained four skull fractures, fractures of both cheeks, shattered teeth, a concussion, and crushed vertebrae in my spine when he beat with his fists and kicked me once I was on the ground. I suffered two torn rotator cuffs and a mangled arm when he hurled me about by my arms.

9. I underwent multiple surgeries, including the reconstruction of my arm, repair of my clavicle, and the rebuilding of four discs in my spine and the placement of surgical screws. I have lost the hearing in my left ear. I was unable to drive for more than a year and a half, and I now suffering blinding, recurrent headaches and other enduring injuries.

10. On this same occasion, my assailant also savagely attacked an 84-year-old woman who was at the church performing custodial duties.

11. A YouTube video containing photographs of me after this assault is embedded here. <object style="height 390px; width: 640px"><param name="movie" value="http://www.youtube.com/v/B_2JwRo5K4o?version=3"><param name="allowFullScreen" value="true"><param name="allowScriptAccess" value="always"><embed src="http://www.youtube.com/v/B_2JwRo5K4o?version=3" type="application/x-

shockwave-flash" allowfullscreen="true" allowScriptAccess="always" width="640" height="390"></object>

12. If I had been in Pennsylvania or Florida, where I am licensed to carry a firearm for self-defense, or had I been in any of dozens of other states that reciprocally recognize one of my two firearms-carry permits, I would have been armed and could have protected myself. But if I had had my gun with me that day in Union County, the State of Illinois would have treated *me* as the criminal.

13. But for the Illinois ban on carrying a firearm for self-defense, I would have been armed that day and capable of defending myself against a hulking brute twice my size. But Illinois law forbade me from defending myself. Illinois law commanded that I be at the mercy of a thug who just walked into my church and nearly beat me to death.

14. I could just as easily have been assaulted on the sidewalk outside the church or car-jacked in my vehicle on my way to church – or any of the other ten thousand public places where other states permit a licensed, trained, law-abiding citizen to carry a gun for self-defense, but where Illinois law mandates that even elderly ladies who are five-foot-two must go about defenseless and unarmed.

15. I live in fear, in each and every waking moment, that I may be attacked in public again. If the sanctity of God's House in a peaceful town in the middle of the afternoon is not safe, then no place is. The Lord gave me the good sense to take precautions and to take responsibility for my own safety, and I have done just that by purchasing a firearm and taking instruction in five separate

firearms courses. But Illinois law forbids me to carry the only instrument of self-defense that would give me a fighting chance against criminal predators like the man who attacked me and the other elderly lady in our church.

16. If the Illinois law were struck down or repealed, I would carry my firearm for self-defense. Without that legal right, which I believe to be not only my constitutional right under the Second Amendment, but also my natural right as a human being, I live in mortal fear and I am irreparably harmed every time I set foot out of the front door of my home

I declare under penalty of perjury that the foregoing is true and correct.

Mary E. Shepard

Mary E. Shepard