IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD AND THE ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) ) No. 3:11-cv-00405-WDS-PMF ) |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, Illinois, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT, SHERIFF DAVID LIVESAY'S, MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

NOW Comes the Defendant Sheriff David Livesay, solely in his official capacity as Sheriff of Union County, by Joseph A. Bleyer of Bleyer and Bleyer, his attorneys, and for his Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), says:

1.  That Plaintiffs' Complaint filed herein seeks declaratory judgment, injunctive relief and monetary damages in the form of attorney fees, alleging that this Defendant's enforcement of certain Illinois Statutes causes irreparable harm in that the

Plaintiffs are unable to carry handguns to protect themselves outside of their homes. Plaintiffs' suit against Sheriff David Livesay is barred by the Eleventh Amendment .

    2.    That although Plaintiffs are seeking injunctive relief, the Doctrine of the Holding in *Ex Parte Young,* 209 U.S. 123, 1908, does not apply in that the Plaintiffs are seeking monetary damages in seeking Attorneys' fees.

    3.    That Plaintiffs have failed to state a cause of action against Defendant Sheriff David Livesay in that Plaintiffs' Complaint contained no allegation of any conduct for which this Defendant can be liable.

    4.    The Seventh Circuit has held that the Eleventh Amendment of the United States Constitution bars Federal Courts from exercising jurisdiction over any action seeking money damages against a state brought by its own citizen. *Scott v. O'Grady*, 975 F.2d 366.  The Seventh Circuit has decided that where a county or municipal officer, such as a sheriff, are acting as agents of the state, liability does not extend to the county or municipality, but is attributed to the state. *Scott.*   In Paragraph 32 of Plaintiffs' Complaint, Plaintiffs allege, "as a result of the aforementioned Illinois Statutes and the enforcement thereof by the Defendants and their agents and employees".  This allegation contained in Plaintiffs' Complaint is an admission by the Plaintiffs that Defendant Sheriff David Livesay was acting as an agent of the State.  In that this Defendant was acting as a State agent, Plaintiffs' claim against this Defendant is barred by the Eleventh Amendment and Plaintiffs' Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).

5. In *Scott v. O'Grady*, the Court enumerated acts in which the County Sheriff, although an agent of a County, acts as an arm of the State of Illinois. The Court gives as examples such acts as executing Writs of Assistance or other State Court Orders. When fulfilling a statutory duty, the Sheriff must be deemed a State Official for purposes of the Eleventh Amendment immunity. *Scott*. The Court in *Scott*, citing ***Echols v. Parker,*** 909 F.2d 795, (5th Cir. 1990) is of the opinion that County Officials enforcing an unconstitutional state statute were acting as agents for the state. *Scott* at 371. The essence of Plaintiff's Complaint is that this Defendant was enforcing what the Plaintiffs allege is an unconstitutional State Statute. It is clear that the Plaintiffs have alleged that Defendant Sheriff David Livesay was acting as a State Agent and thus the claim against him is barred by the Eleventh Amendment and Plaintiffs' Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).

6. This Defendant is aware of the Young Doctrine (***Ex parte Young****,* 209 U.S. 123, 1908). Under the holding in ***Young,*** Courts have carved a narrow exception to suits barred by the Eleventh Amendment. Under the ***Ex parte Young*** doctrine, a private party may sue a State Officer in his or her official capacity to enjoin prospective actions that would violate Federal Law. An exception to ***Ex parte Young*** is if the Plaintiff seeks monetary damages, the doctrine does not apply. ***Dean Foods Co. v Brancel***, 187 F.3d 609 (7th Cir. 1999). In determining whether the doctrine of ***Ex Parte Young*** avoids an Eleventh Amendment bar to sue, the Court need only conduct a straightforward inquiry whether the Complaint alleges an ongoing violation of Federal Law and seeks relief

properly characterized as prospective.  Plaintiffs' Complaint cites no violation of Federal Law, only that the Plaintiffs suffered irreparable harm as a result of this Defendant enforcing an Illinois Statute.  In addition, the Plaintiffs are seeking monetary damages in the form of Attorneys' fees which take this matter outside of the narrow exception of ***Ex Parte Young***.  As such, Plaintiffs' Complaint should be dismissed for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).

7. In the alternative, Plaintiffs' Complaint alleges the only conduct on the part of Defendant Sheriff David Livesay was to enforce a valid Illinois State Statute.  This allegation on its face is insufficient to bring a claim against Defendant Sheriff David Livesay and as such, Plaintiffs have failed to state a claim upon which relief can be granted and Plaintiffs' Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

WHEREFORE, Defendant Sheriff David Livesay, solely in his official capacity as Sheriff of Union County, demands that Plaintiffs' Complaint be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

                                                BLEYER and BLEYER

                                                S/Joseph A. Bleyer
                                                Attorney Registration No. 6193192
                                                Attorneys for Defendant, Sheriff David Livesay

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:    (618)997-1331
Facsimile:    (618)997-6559
e-mail:       jableyer@bleyerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011, I electronically filed an Motion to Dismiss Pursuant to Federal Rules of Civil Procedure on behalf of Sheriff David Livesay, solely in his official capacity as Sheriff of Union County, with the Clerk of the Court using CM/ECF System which will send notifications of such filing to the following:

    William N. Howard
    Freeborn & Peters LLP
    311 S. Wacker Drive, Suite 3000
    Chicago, IL 60606

    Terrance Corrigan
    Assistant Attorney General
    Lisa Madigan, Attorney General
    500 South Second
    Springfield, IL 62706-0001

I hereby certify that on July 21, 2011, I mailed by United States Postal Service, the documents to the following nonregistered participants:

    None

                                          S/JOSEPH A. BLEYER

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:  (618)997-1331
Facsimile:  (618)997-6559
e-mail:  jableyer@bleyerlaw.com