IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, ) ) ) | |
| Plaintiffs, ) ) | No. 3:11-cv-00405-WDS-PMF |
| v. ) ) ) | |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge William D. Stiehl Magistrate Judge Philip M. Frazier |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO SHERIFF DAVID LIVESAY'S MOTION TO DISMISS**

William N. Howard
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois   60606
Tel: (312) 360-6415
Fax: (312) 360-6996
Email: whoward@freebornpeters.com

*Attorney for Plaintiffs,*
*Mary E. Shepard and Illinois State Rifle Association*

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................i

BACKGROUND ................................................................................................................1

ARGUMENT......................................................................................................................2

CONCLUSION...................................................................................................................4

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ex parte Young*,
  209 U.S. 123 (1908) ................................................................................................ 2, 3

*Missouri v. Jenkins*,
  491 U.S. 274 (1989) ...................................................................................................... 3

*People v. Nellis*,
  249 Ill. 12 (1911) .......................................................................................................... 1

*Scott v. O'Grady*,
  975 F.2d 366 (7th Cir. 1992) .................................................................................... 1, 2

*Verizon Md., Inc. v. Public Serv. Comm'n of Md.*,
  535 U.S. 635 (2002) ...................................................................................................... 2

**STATUTES**

55 ILCS 5/3-6021 ............................................................................................................... 1

720 ILCS 5/24-1.6(a)(1)-(3)(B) ......................................................................................... 1

720 ILCS 5/24-1(a)(4)&(10) .............................................................................................. 1

42 U.S.C. § 1983 ............................................................................................................ 1, 3

42 U.S.C. § 1988 ............................................................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1

ILL. CONST. art. VII, § 4 ................................................................................................... 1

U.S. CONST. amend. II ..................................................................................................... 1

U.S. CONST. amend. XI ................................................................................................ 2, 3

U.S. CONST. amend. XIV ................................................................................................. 1

Plaintiffs, Mary E. Shepard and the Illinois State Rifle Association, by and through their undersigned attorney, hereby respond to the motion to dismiss filed by Defendant Sheriff David Livesay, stating:

## BACKGROUND

Illinois law makes it a crime for law-abiding citizens to carry loaded, operable firearms in public for their own protection. *See* 720 ILCS 5/24-1(a)(4)&(10), 720 ILCS 5/24-1.6(a)(1)-(3)(B). This ban violates the right to keep and bear arms codified in the Second Amendment and made applicable to the State of Illinois through the Fourteenth Amendment. In order to vindicate their Second Amendment rights, Plaintiffs have brought this action pursuant to 42 U.S.C. § 1983 against public officials in Illinois who are responsible for enforcing the ban. Plaintiffs seek a declaration that Illinois's public carriage ban is unconstitutional and an injunction prohibiting Defendants from enforcing it. Doc. No. 2 ("Complaint") at 9.

Plaintiff Mary Shepard is a resident of Cobden, Illinois, Complaint ¶ 2, located in Union County, and she desires to carry a firearm for self-defense, *id.* ¶ 27. As Sheriff, Defendant David Livesay is Union County's principal executive officer and chief law enforcement officer. *See* ILL. CONST. art. VII, § 4; *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992); *People v. Nellis*, 249 Ill. 12, 23 (1911). He is duty-bound to "prevent crime and maintain the safety and order of the citizens of [Union] county; and may arrest offenders on view, and cause them to be brought before the proper court for trial or examination." 55 ILCS 5/3-6021.

On July 22, 2011, Sheriff Livesay filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

1

## ARGUMENT

Sheriff Livesay's first ground for dismissal is that Plaintiffs' claim against him is barred by the Eleventh Amendment because he acts as a State official when enforcing Illinois's carriage ban. But even granting its premise, this argument is unavailing.

As Sheriff Livesay acknowledges, *Ex parte Young* long ago established that the Eleventh Amendment does not operate to bar a suit against "a State Officer in his or her official capacity to enjoin prospective actions that would violate Federal Law." Doc. No. 24 ("Livesay Mot.") at 3. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Scott*, 975 F.2d at 369. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotation marks and brackets omitted). Conducting this straightforward inquiry demonstrates that the Eleventh Amendment does not bar Plaintiffs' claim against Sheriff Livesay: Plaintiffs allege that Illinois's carriage ban violates the United States Constitution and that Sheriff Livesay is in part responsible for enforcing it, *see* Complaint ¶¶ 7, 32, and Plaintiffs seek an injunction prohibiting Sheriff Livesay from exercising this responsibility, *id.* at 9.

Sheriff Livesay assigns significance to Plaintiffs' prayer for attorney's fees. *See* Complaint at 10 (seeking "an Order awarding Plaintiffs their costs of suit including attorneys fees and costs pursuant to 42 U.S.C. § 1988"); Livesay Mot. 4 ("the Plaintiffs are seeking monetary damages in the form of Attorneys' fees which take this matter outside the narrow exception of *Ex parte Young*"). But the Supreme Court has squarely held that "the Eleventh Amendment [does] not apply to an award of attorney's fees ancillary to a grant of prospective relief."

*Missouri v. Jenkins*, 491 U.S. 274, 280 (1989). Plaintiffs' request for attorney's fees thus has no bearing on the Eleventh Amendment inquiry.

Sheriff Livesay also argues that the Eleventh Amendment protects him because Plaintiffs merely claim to have "suffered irreparable harm as a result of this Defendant enforcing an Illinois Statute." Livesay Mot. 4. But it is precisely by enforcing the unconstitutional Illinois statutes at issue here that Sheriff Livesay violates federal law and comes within the doctrine of *Ex parte Young*. "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional," the "important and material fact" is that the "state officer, by virtue of his office, has some connection with the enforcement of the act." *Ex parte Young*, 209 U.S. at 157. As the chief law enforcement officer of Union County, Sheriff Livesay plainly has "some connection" to Illinois's carriage ban. The Eleventh Amendment thus does not bar Plaintiffs' claim against him.

Sheriff Livesay's second ground for dismissal is that Plaintiffs have failed to state a claim against him because they have merely accused him of enforcing "a valid Illinois State Statute." Livesay Mot. 4. But this "valid Illinois State Statute" is unconstitutional. And by alleging that Sheriff Livesay is responsible for enforcing Illinois's unconstitutional carriage ban against residents of Union County such as Ms. Shepard – a responsibility Sheriff Livesay does not deny – Plaintiffs have plainly stated a viable Section 1983 claim against him. *See* Complaint ¶¶ 2, 7, 10-12, 21; 42 U.S.C. § 1983 ("Every person who, under color of any statute … of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.").

## CONCLUSION

For these reasons, Sheriff Livesay's motion to dismiss should be denied.

Respectfully Submitted,

**MARY E. SHEPARD and THE ILLINOIS STATE RIFLE ASSOCIATION**,
Plaintiffs


By:   s/ William N. Howard
         One of their attorneys


William N. Howard
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois  60606
Tel: (312) 360-6415
Fax: (312) 360-6996
Email: whoward@freebornpeters.com

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Response to Sheriff Livesay's Motion to Dismiss,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **23rd** day of **August, 2011**.

By: ___s/ William N. Howard___

## SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 S. Second St.
Springfield, IL  62706
Tel:  (217) 782-5819
Fax:  (217) 524-5091
tcorrigan@atg.state.il.us
*Atty. for Lisa Madigan, Pat Quinn and Tyler Edmonds*

Joseph A. Bleyer
Bleyer & Bleyer
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
Tel: (618) 997-1331
jableyer@bleyerlaw.com
*Atty. for David Livesay*

Jonathan Lee Diesenhaus
Hogan Lovells LLP
555 13th St., NW
Washington, DC 20004
Tel:  (202) 637-5416
Fax:  (202) 637-5910
jonathan.diesenhaus@hoganlovells.com
*Atty. for Amicus Brady Center to Prevent Gun Violence*