IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) |
| Plaintiffs, | ) No. 3:11-cv-00405-WDS-PMF ) |
| v. | ) ) |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) Honorable Judge William D. Stiehl ) Magistrate Judge Philip M. Frazier ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DEFER RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Now come the Plaintiffs, who respond to Defendants' Motion to Defer Ruling on Plaintiffs' Motion for Summary Judgment (Doc. No. 47) as follows:

1. Plaintiffs oppose Defendants' motion. The question presented by Plaintiffs' pending motion for summary judgment is a pure issue of law that requires no discovery: whether Illinois's prohibition on carrying a firearm in public infringes the Second Amendment "right to possess and *carry weapons in case of confrontation.*" *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008) (emphasis added).

2. This question of interpretation of the Second Amendment is the same question of law that is presented by Defendants' own Motion to Dismiss. *See* Memorandum of Law in

Support of Defendants' Motion to Dismiss (Doc. No. 27) at 7-8.  Therefore, there is no reason why the Court should not rule on both pending motions at the same time.

3. In their Motion to Dismiss, Defendants themselves treat this legal issue as one that can be decided on the law and pleadings.  Doc. No. 27 at 7-8.

4. And in their Motion to Defer Ruling on Summary Judgment, Defendants expressly state that the Court may decide this Second Amendment question "*without* the use of *extrinsic evidence*."  Doc. No. 47 at ¶ 3 (emphasis added).

5. In *District of Columbia v. Heller*, 554 U.S. 570, 635-36 (2008), and *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026 (2010), the Supreme Court confronted what amounted to total bans on keeping handguns in the home.  Here the challenged Illinois statute likewise imposes not a mere regulation of the right to carry a handgun in public, but a categorical ban.  The Seventh Circuit has recognized that "*Heller* and *McDonald* suggest that broadly prohibitory laws restricting the core Second Amendment right . . . are *categorically* unconstitutional."  *Ezell v. City of Chicago*, 2011 WL 2623511 (7th Cir. July 6, 2011) at *13 (emphasis added).

6. Defendants protest that they need to retain experts and compile statistics on Illinois's particular experience with its gun-carry ban so that this Court can properly weigh the public-safety interests involved.  Doc. No. 47 at ¶¶ 5, 7.  But the Supreme Court has rejected such a "freestanding 'interest-balancing' approach.  The very enumeration of the right takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is *really worth* insisting upon."  *Heller*, 554 U.S. at 634 (original emphasis).  *See also McDonald*, 130 S. Ct. at 3047-48 (same); *Ezell*, 2011 WL 2623511 at *13 (same) (citing *Heller* and *McDonald*).

7. Even if Plaintiffs are incorrect and the Illinois statute is not to be analyzed as a categorical ban under *Heller* and *McDonald*, but instead under some form of scrutiny that balances competing interests, Defendants have made no showing that they need experts or extra time to compile a factual record to defend the Illinois statute on its face.

8. There is an enormous body of research on the regulation of firearms and Defendants do not even try to explain why it is not sufficient for the purposes of this case. Indeed, the National Rifle Association has already submitted an *amicus* brief in support of the motion for summary judgment that discusses the literature on gun safety and gun control; Defendants have access to the same materials and can surely do the same.

Respectfully Submitted,

**MARY E. SHEPARD and THE ILLINOIS STATE RIFLE ASSOCIATION**,
Plaintiffs


By:   s/ William N. Howard
      One of their attorneys

William N. Howard
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois   60606
Tel: (312) 360-6415
Fax: (312) 360-6996
Email: whoward@freebornpeters.com

Dated:   September 16, 2011

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Response to Defendants' Motions to Defer Ruling on Plaintiffs' Motion for Summary Judgment,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **16th** day of **September, 2011**.

BY:____s/William N. Howard_____

## SERVICE LIST

| | |
|---|---|
| Terence J. Corrigan<br>Assistant Attorney General<br>500 S. Second St.<br>Springfield, IL  62706<br>Tel:  (217) 782-5819<br>Fax:  (217) 524-5091<br>tcorrigan@atg.state.il.us<br>**Atty. For Lisa Madigan, Pat Quinn and Tyler Edmonds** | Joseph A. Bleyer<br>Bleyer and Bleyer<br>601 W. Jackson St.<br>P.O. Box 487<br>Marion, IL   62959-0487<br>jableyer@bleyerlaw.com<br>Tel:  (618) 997-1331<br>Fax:  (618) 997-6559<br>**Atty. For David Livesay** |
| David A. Simpson<br>Karen . McNaught<br>Illinois Attorney General's Office<br>100 West Randolph Street<br>12th Floor<br>Chicago, IL 60601-3175<br>312-814-3419<br>Email: dasimpson@atg.state.il.us<br>          kmcnaught@atg.state.il.us<br>**Atty. For Lisa Madigan, Pat Quinn and Tyler Edmonds** | Jonathan Lee Diesenhaus<br>Hogan Lovells LLP<br>555 13th Street, NW<br>Washington, DC 20004<br>202-637-5416<br>Fax: 202-637-5910<br>Email: jonathan.diesenhaus@hoganlovells.com<br>**Attys for Brady Center to Prevent Gun Violence** |
| Charles J Cooper<br>Cooper & Kirk PLLC<br>1523 New Hampshire Avenue NW<br>Washington, DC 20036<br>202-220-9660<br>Fax: 202-220-9661<br>Email: ccooper@cooperkirk.com<br>**Attys. for National Rifle Association of America, Inc.** | |