IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, )<br>)<br>Defendants. ) | No. 3:11-cv-00405-WDS-PMF<br><br>Honorable Judge William D. Stiehl<br>Magistrate Judge Philip M. Frazier |

## RESPONSE TO DEFENDANTS' MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY

Now come the Plaintiffs, who respond to Defendants' Motion to Cite Supplemental Authority (Doc. No. 50) as follows:

1. Defendants err in assuming that *Kachalsky v. Cacace*, No. 10-CV-5413 (S.D.N.Y. Sept. 2, 2011), supports the result they seek in this case.

2. *Kachalsky* distinguishes itself. That decision recognized that 19th century jurisprudence held that laws regulating the public carriage of firearms would be unconstitutional if they "function[ed] as complete bans to carrying weapons." *Kachalsky*, Slip Op. at 41-42. The New York law at issue there was not a complete ban; the Illinois law challenged here is. And although both are unconstitutional, bans are analyzed separately under binding Seventh Circuit precedent.

1

3. Thus *Kachalsky* does not even purport to disagree with the Seventh Circuit doctrine that governs this case: "*Heller* and *McDonald* suggest that *broadly prohibitory laws restricting the core Second Amendment right ... are categorically unconstitutional.*" *Ezell v. City of Chicago*, No. 10-3525, 2011 WL 2623511, *13 (7th Cir. July 6, 2011) (emphasis added).

4. Although *Kachalsky* in some passages opines that the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), was "quite narrow," Slip Op. at 35, it elsewhere concedes that the Court *held* that " 'the Second Amendment conferred an individual right to keep *and bear* arms.' " Slip Op. at 33 (quoting *Heller*, 554 U.S. at 595) (emphasis added). Bearing means carrying, which is distinct from keeping a firearm at home.

5. That phrasing was not accidental or errant. As the Court explained, "the natural meaning of 'bear arms' " is to "*be[] armed and ready* for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584 (emphasis added; internal quotation marks omitted).

6. Elsewhere in *Heller*, the Court characterized the Second Amendment as guaranteeing the "right to possess and *carry weapons in case of confrontation*." 554 U.S. at 592 (emphasis added).

7. *Kachalsky* noted that the Supreme Court cautioned that its decision should not " 'be taken to cast doubt on longstanding prohibitions on ... laws forbidding the carrying of firearms in sensitive places such as schools and government buildings.' " Slip Op. at 34 (quoting *Heller*, 554 U.S. at 626). But there would be no reason for the Court

2

to carve out this narrow limitation if the Second Amendment allowed states to ban the carrying of firearms in *all* public spaces, not just particularly sensitive ones.

8. Insofar as *Kachalsky* disregards those parts of *Heller* where the Court's analysis explains principles that apply to laws other than the ban on home handguns that was at issue there, *Kachalsky* errs. The task of cabining the Supreme Court's decisions belongs to the Supreme Court, not the lower courts. Seventh Circuit law mandates both adherence to the "rationale" enunciated by a Supreme Court opinion, *United States v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998), and respect for "considered Supreme Court dicta," *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 120 n.8 (7th Cir. 1989).

Respectfully Submitted,

**MARY E. SHEPARD** and
**THE ILLINOIS STATE RIFLE ASSOCIATION**,
Plaintiffs


By: _____s/ William N. Howard_____
One of their attorneys


William N. Howard
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois   60606
Tel: (312) 360-6415
Fax: (312) 360-6996
Email: whoward@freebornpeters.com

Dated:   September 26, 2011

3

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Response to Defendants' Motions to Submit Supplemental Authority,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **26th** day of **September, 2011**.

BY:＿＿＿s/William N. Howard＿＿＿

## SERVICE LIST

| | |
|---|---|
| Terence J. Corrigan<br>Assistant Attorney General<br>500 S. Second St.<br>Springfield, IL  62706<br>Tel:  (217) 782-5819<br>Fax:  (217) 524-5091<br>tcorrigan@atg.state.il.us<br>***Atty. For Lisa Madigan, Pat Quinn and Tyler Edmonds*** | Joseph A. Bleyer<br>Bleyer and Bleyer<br>601 W. Jackson St.<br>P.O. Box 487<br>Marion, IL  62959-0487<br>jableyer@bleyerlaw.com<br>Tel:  (618) 997-1331<br>Fax:  (618) 997-6559<br>***Atty. For David Livesay*** |
| David A. Simpson<br>Karen L. McNaught<br>Illinois Attorney General's Office<br>100 West Randolph Street<br>12th Floor<br>Chicago, IL 60601-3175<br>312-814-3419<br>Email: dasimpson@atg.state.il.us<br>　　　　 kmcnaught@atg.state.il.us<br>***Atty. For Lisa Madigan, Pat Quinn and Tyler Edmonds*** | Jonathan Lee Diesenhaus<br>Hogan Lovells LLP<br>555 13th Street, NW<br>Washington, DC 20004<br>202-637-5416<br>Fax: 202-637-5910<br>Email: jonathan.diesenhaus@hoganlovells.com<br>***Attys for Brady Center to Prevent Gun Violence*** |
| Charles J Cooper<br>Cooper & Kirk PLLC<br>1523 New Hampshire Avenue NW<br>Washington, DC 20036<br>202-220-9660<br>Fax: 202-220-9661<br>Email: ccooper@cooperkirk.com<br>***Attys. for National Rifle Association of America, Inc.*** | |