IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the<br>ILLINOIS STATE RIFLE ASSOCIATION,<br><br>    Plaintiffs,<br><br>v.<br><br>LISA M. MADIGAN, as Attorney General<br>of Illinois, GOVERNOR PATRICK J. QUINN,<br>as Governor of the State of Illinois, TYLER R.<br>EDMONDS, as State's Attorney for Union<br>County, Illinois and SHERIFF DAVID LIVESAY,<br>as Sheriff of Union County,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 3:11-cv-00405-WDS-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO EXPEDITE BRIEFING ON PLAINTIFFS'
MOTION FOR DECLARATION OF UNCONSTITUTIONALITY
AND PRELIMINARY AND/OR PERMANENT INJUNCTION**

NOW COME Plaintiffs, Mary E. Shepard and the Illinois State Rifle Association, by and through their attorney, William N. Howard of Locke Lord LLP, as and for their Motion to Expedite Briefing on Plaintiffs' Motion for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction ("Motion for Injunction"), state as follows:

**PROCEDURAL BACKGROUND**

On May 13, 2011, Plaintiffs filed their Complaint asking this Court to declare unconstitutional Illinois statutes 720 ILCS 5/24-1(a)(4) & (10) (2010) and 720 ILCS 5/24-1.6 (2010) (collectively "UUW statutes") (Docket 2). On December 11, 2012, the Seventh Circuit reversed this Court's dismissal of Plaintiffs' Complaint and remanded this case to this Court "for the entry of declarations of unconstitutionality and permanent injunctions." *Moore v. Madigan*, 702 F.3d 933, 942. As part of its decision, the Seventh Circuit stayed its mandate for 180 days to

afford the Illinois legislature time to pass new legislation. Because the Illinois legislature had not promulgated a new law, Defendants secured an extension of that stay until July 9, 2013. Finally, on July 9, 2013, almost 26 months after Plaintiffs filed this action, the Illinois legislature passed the Firearm Concealed Carry Act; H.B. 183, 98th G.A. (Ill.) ("Act").

### DEFENDANTS' MOTION TO DISMISS

Apparently recognizing that time is of the essence in this proceeding, *less than thirty (30) minutes* after the Illinois legislature passed the Act, Defendants filed their Motion to Dismiss as Moot ("Motion to Dismiss"). Plaintiffs agree that this is a pressing matter. To that end, simultaneous with the filing of this Motion for Injunction, Plaintiffs have filed their Response to Defendants' Motion to Dismiss ("Response") (within less than twenty-four (24) hours of Defendants' filing).

### PLAINTIFFS' CONSTITUTIONAL RIGHTS REQUIRE IMMEDIATE PROTECTION

As more fully discussed in Plaintiffs' Response and in their Motion for Injunction, there are pressing matters which require the Court's attention, not the least of which are the immediate protection of Plaintiffs' Constitutional rights guaranteed by the Second Amendment.

### PLAINTIFFS' MOTION MUST BE ADDRESSED IMMEDIATELY

Contrary to Defendants' position set forth in its Motion to Dismiss, this matter is not "moot." During the more than two years that this case has been pending, and for as long as the Illinois statutes that are the subject of Plaintiffs' Complaint have been in place, the Constitutional rights of law-abiding Illinois citizens like Plaintiffs have been infringed. As set forth below and in more detail in Plaintiffs' Motion, given the temporal framework of the Act, the Constitutional rights of law-abiding citizens will continue to be infringed for at least another nine months.

Section 10(d) of the Act provides that the Department of State Police ("Department") (as defined in Section 5 of the Act) shall have *180 days* from July 9 to make applications for a license available. Pursuant to Section 10(e), the Department has an *additional 90 days* to issue or deny an applicant a license to carry. In short, built-into the Act is *another 270 day – nine month – delay* to the implementation of the Act and the ability of Plaintiffs and other law-abiding Illinois citizens' to exercise their Constitutional rights.

This is unacceptable. Plaintiffs have been deprived of their Constitutional rights now for seven months *after* Illinois' statutes were declared unconstitutional by the Seventh Circuit. If this Court fails to take any action, Plaintiffs' Constitutional rights shall continue to be infringed for – at least – another nine months.

Given these exigencies, it is imperative that Plaintiffs' Motion for Injunction be briefed and adjudicated *immediately*. Given that Plaintiffs' Constitutional rights continue to be infringed, Defendants should be required to file their Response to Plaintiffs' Motion for Injunction immediately. To that end, Plaintiffs respectfully that Defendants be ordered to file their Response to Plaintiffs' Motion for Injunction within one day, and that this Honorable Court enter an Order on Plaintiffs' Motion for Injunction on or before July 16, 2013.

        Respectfully submitted,

        **MARY E. SHEPARD** and the
        **ILLINOIS STATE RIFLE ASSOCIATION**,
        Plaintiffs,

        BY:   /s/ William N. Howard
                  One of Their Attorneys

William N. Howard
**LOCKE LORD LLP**
111 S. Wacker Dr.
Chicago, Illinois   60606
Tel:   312-443-0333
Fax:  312-896-6433
*email: whoward@lockelord.com*

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Motion to Expedite Briefing on Plaintiffs' Motion for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **10th** day of **July, 2013**.

By: ___s/ William N. Howard___

## SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 S. Second St.
Springfield, IL 62706
Tel: (217) 782-5819
Fax: (217) 524-5091
tcorrigan@atg.state.il.us

Jonathan Lee Diesenhaus
Hogan Lovells LLP
555 13th Street, NW
Washington, DC 20004
Tel: 202-637-5416
Fax: 202-637-5910
jonathan.diesenhaus@hoganlovells.com

Karen L. McNaught
Illinois Attorney General's Office - Springfield
500 South Second Street
Springfield, IL 62706
217-782-1841
Fax: (217) 524-5091
kmcnaught@atg.state.il.us

Charles J Cooper
Cooper & Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202-220-9660
Fax: 202-220-9661
ccooper@cooperkirk.com

Joseph A. Bleyer
Bleyer & Bleyer
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
Tel: (618) 997-1331
jableyer@bleyerlaw.com

David A. Simpson
Illinois Attorney General's Office - Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-3419
dasimpson@atg.state.il.us

Karl Triebel
Illinois Attorney General's Office - Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-2391
Fax: 312-814-2253
ktriebel@atg.state.il.us