IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION,<br><br>　　　Plaintiffs,<br><br>　　　-vs-<br><br>LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County,<br><br>　　　Defendants. | No. 11-405-WDS-PMF |

**RESPONSE TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING**

Now come defendants, Lisa Madigan, Attorney General of the State of Illinois; Patrick J. Quinn, Governor of the State of Illinois; and Tyler R. Edmonds, State's Attorney of Union County, Illinois, by their attorney, Lisa Madigan, Attorney General of the State of Illinois, and, hereby respond to plaintiffs' motion to expedite briefing, stating:

　　　1.　　　Plaintiffs brought this action claiming that three subsections of Illinois law prohibiting the carrying of ready-to-use firearms in public violated plaintiffs' Second Amendment rights because it served as a complete ban on the ability of citizens to carry guns in public.

　　　2.　　　After this Court dismissed plaintiffs' complaint, the United States Court of Appeals for the Seventh Circuit reversed, finding that the complete ban was unconstitutional.

1

3. The Court of Appeals, however, stayed its ruling "to allow the Illinois legislature to craft a new gun law that would impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).

4. The Illinois General Assembly responded by crafting a new, 168-page bill and overriding the Governor's veto of portions of the bill. P. A. 98-63. The new law creates a process whereby citizens may receive a license authorizing them to carry concealed, ready-to-use firearms in public.

5. One day after P.A. 98-63 became law, plaintiffs filed a motion asking this Court to preliminarily and permanently enjoin enforcement of that Act as to plaintiffs, who include all persons who pay dues to the Illinois State Rifle Association.

6. Plaintiffs ask that the Court allow defendants only one day to file a brief addressing the motion for injunction and that the Court set a deadline for itself of July 16, 2013 to rule on that motion.

7. The constitutional and public safety issues raised by plaintiffs' request for relief require more than the cursory briefing and review by the Court contemplated by plaintiffs' motion.

8. Plaintiffs have demonstrated no emergency that would justify deviation from the normal briefing schedule set by Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Illinois.

9. If plaintiffs wish to challenge the constitutionality of P.A. 98-63—including the 180-day period it affords the Illinois State Police to put the licensing regime into place, or the 90-day maximum period the law affords State Police to issue a permit—plaintiffs must file a new complaint. *See Nat'l Rifle Ass'n v. Chicago*, 393 Fed. Appx. 390 (7th Cir. 2010)

(The plaintiffs' contentions "that the new ordinances enacted to supercede the ones challenged in these suits have constitutional flaws must be pursued "in new suits," because "[t]he subject matter of this litigation, . . . no longer exists.").

10. Plaintiffs proceed from the assumption that the issues raised in their motion were addressed by the Seventh Circuit in *Moore*. But the Seventh Circuit discussed, without disapproval, the permit requirements in other States. 702 F.3d 937-941. And the Court suggested, specifically, that a requirement that applicants demonstrate competence with a handgun would be appropriate, noting that "[a] person who carries a gun in public but is not well trained in the use of firearms is a menace to himself and others." *Id.*

11. When the Seventh Circuit stayed its mandate to give the General Assembly 180 days to craft legislation, the Court could not have envisioned that a permitting process, complete with administrative rules, trained personnel, and a system of background checks, would spring into existence instantly upon the bill becoming law. If plaintiffs wish to challenge this 180-day period as independently unconstitutional, they must do so in a new complaint. Even if plaintiffs had filed a new complaint, any question on the constitutionality of P.A. 98-63 would need to be fully briefed by the parties and a hearing held on plaintiffs' motion for a preliminary injunction to provide defendants with an opportunity to offer evidence to support the current Act.

12. Defendants require the 14 days provided by rule to properly address these issues.

13. In addition, Karl Triebel, one of the attorneys assigned to ths matter, is out of the office until July 16, 2013, and the undersigned is out of the office the week of July, 14, 2013. David Simpson is no longer with the Office of the Attorney General.

WHEREFORE, defendants pray that this honorable Court deny plaintiffs' motion to expedite.

                        Respectfully submitted,

                        LISA MADIGAN, ATTORNEY GENERAL OF THE STATE OF ILLINOIS; PATRICK J. QUINN, GOVERNOR OF THE STATE OF ILLINOIS; and TYLER R. EDMONDS, STATE'S ATTORNEY OF UNION COUNTY, ILLINOIS,

                            Defendants,

Terence J. Corrigan, #6191237      LISA MADIGAN, Attorney General
Assistant Attorney General           State of Illinois,
Attorney for Defendants
500 South Second Street              Attorney for Defendants.
Springfield, IL  62706
Telephone:  (217) 782-5819         By: /s/Terence J. Corrigan
Facsimile:  (217) 524-5091             Terence J. Corrigan
tcorrigan@atg.state.il.us               Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2013, I electronically filed Defendants' Response to Plaintiffs' Motion to Expedite Briefing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

whoward@freebornpeters.com

jableyer@bleyerlaw.com

and I hereby certify that on July 11, 2013, I mailed by United States Postal Service, the document to the following nonregistered participant:

None

Respectfully submitted,

By: /s/Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
tcorrigan@atg.state.il.us