IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 3:11-cv-00405-WDS-PMF |
| v. | ) ) ) | Honorable Judge William D. Stiehl |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Philip M. Frazier |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF
PURSUANT TO COURT'S ORDER OF JULY 12, 2013 (DOC. 81)**

Pursuant to this Court's Order of July 12, 2013 (Doc. 81), Plaintiffs file this additional brief addressing the issues of whether the court retains subject matter jurisdiction in light of Illinois's enactment of the Firearms Concealed Carry Act ("the Act" or the "FCCA"), Public Act 098-0063 (Ill.), *available at* http://ilga.gov/legislation/publicacts/98/PDF/098-0063.pdf, and whether any challenges to the FCCA must be raised in a separate lawsuit.

1

## ARGUMENT

### THIS CASE HAS NOT BEEN MOOTED BY ENACTMENT OF THE FCCA AND THIS COURT RETAINS JURISDICTION TO ENTER THE INJUNCTIVE RELIEF MANDATED BY THE COURT OF APPEALS.

It is undisputed that "[d]efendants face a heavy burden to establish mootness" in cases where they claim that a case has been mooted by their *cessation of the unconstitutional activity*. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72 (1983) (per curiam). *See also Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir. 1993) (citing *Iron Arrow Honor Soc'y*, 464 U.S. at 72); *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (This case is Defendants' own authority, *see* Doc. 73 at 4.).

Defendants cannot demonstrate mootness because they *have not ceased their unconstitutional activity*. Illinois law continues to bar Ms. Shepard and members of the Illinois State Rifle Association from carrying firearms in public for self-defense. Although the FCCA amends Illinois law to provide that the statutes criminalizing the public carrying of firearms shall not apply to an individual who has been issued a license under the Act, *see* § 155 of the Act, *the FCCA by its own terms does not take effect for up to another nine months*. Specifically, the FCCA provides that the State Police shall have another 180 days after enactment to make license forms available to the public, § 10(d), and once these forms are finally made available and are filled out by Ms. Shepard and other citizens, the State Police will then have yet another 90 days to process those applications before issuing permits. § 10(e). Thus, having been told by the Seventh Circuit that no further stays of the mandate will be granted, the State of Illinois has arrogated to itself the power to issue its own stay for 270 days beyond the date authorized

by the Seventh Circuit. *See* Order of the United States Court of Appeals for the Seventh Circuit, No. 12-1788, Doc. 76 at 2 (June 4, 2013) ("No further extensions to stay the court's mandate will be granted."). And there is no guarantee that the State will meet this deadline. *See, e.g.*, Mike Danahey, *Gun Owner ID Card Wait More Than Two Months*, CHI. SUN-TIMES, Mar. 27, 2013, 2013 WLNR 7498109 (reporting delays well beyond the 30-day statutory time limit in processing Firearm Owner Identification cards).

This case is therefore the opposite of *Kremens v. Bartley*, 431 U.S. 119 (1977), on which the Defendants rely. Doc. 73 at 3-4. There the Supreme Court concluded that the plaintiffs' claims had been mooted because the newly enacted legislation "eradicated" the harm to the plaintiffs insofar as the new statute "applied *immediately* to all persons" and "*immediately*" conferred upon the plaintiffs "total freedom" to exercise the rights they sought to vindicate in their lawsuit. *Kremens*, 431 U.S. at 129 (emphases added). Here, the FCCA does not relieve Plaintiffs' constitutional injury "immediately." To the contrary, the FCCA *perpetuates* Plaintiffs' constitutional injury for another nine months. In the interim, Illinois law forbids Plaintiffs from exercising their Second Amendment rights.

This case is also unlike *National Rifle Association v. City of Chicago*, 393 F. App'x 390 (7th Cir. 2010), upon which Defendants rely for the proposition that "plaintiffs must file a new complaint" to obtain the relief already mandated by the Seventh Circuit. *See* Doc. 77 at 2. There, after the Supreme Court rejected the argument that the Second Amendment did not apply to them, the City of Chicago and the Village of Oak Park "repealed the ordinances that had been the subject of [the] litigation" such that the "subject matter of [the] litigation . . . no longer exist[ed]." *Nat'l Rifle Ass'n*, 393 F.

3

App'x 390. Thus, the Seventh Circuit held that the plaintiffs' contentions that "the *new* ordinances enacted to supersede the ones challenged . . . [had] constitutional flaws" would have to be "pursue[d] . . . in new suits." *Id.* (emphasis added). Here, by contrast, Illinois has not repealed the laws that form the subject of this litigation, but has rather enacted an exception to them that will not be operative for another nine months. And Plaintiffs are not challenging aspects of the new permitting process, but rather the complete ban on carrying firearms that continues to exist until that permitting process is up and running. Thus, far from "no longer existing," the subject matter of this litigation is alive and well, and the State of Illinois continues to impose irreparable harm on its citizens by flatly prohibiting them from exercising their Second Amendment right to carry a firearm in public.

Defendants protest that, when it stayed its mandate for seven months, the Court of Appeals "could not have envisioned that a permitting process, complete with administrative rules, trained personnel, and a system of background checks, would spring into existence instantly upon the bill becoming law." Doc. 77 at 3. Of course the Seventh Circuit did not envision that a permitting process "would spring into existence" immediately—*that is precisely why it gave the State seven months to comply with the Constitution.*

The Seventh Circuit made clear that its mandate would take effect and that the appropriate injunction would issue as soon as its 210-day stay expired. *See Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012); Order of the United States Court of Appeals for the Seventh Circuit, Case: 12-1788, Doc. 76 at 2 (June 4, 2013). The Court of Appeals quite properly left to Illinois the decision of how many of those 210 days the

4

State would choose to devote to crafting legislation defining the permit process, and how many days it would devote to administratively implementing that process. That Illinois chose to procrastinate for seven months, enacting the bill on the very last day of the extended stay, is no excuse for not complying with the Seventh Circuit's mandate on the day the stay expired. To be sure, this case may become moot when the State's permitting process is fully operational with licenses being issued on a timely basis, but that has not happened yet and therefore Plaintiffs' claims are not yet moot. *See Selcke*, 2 F.3d at 792 ("[A] case does not become moot merely because it is highly likely to become moot shortly.").

It is beyond cavil that the mandate was stayed for a total of just 210 days and not the extra 270 days that the State has now awarded itself. The mandate that the Seventh Circuit stayed is this: "The Supreme Court's interpretation of the Second Amendment therefore compels us to reverse the decisions in the two cases before us and *remand them to their respective district courts for the entry of declarations of unconstitutionality and permanent injunctions.*" *Moore*, 702 F.3d at 942 (emphasis added). Those declaratory judgments and permanent injunctions are precisely the relief that Plaintiffs are entitled to *right now*, because it is undisputed that the Court of Appeals' mandate has issued. Thus, although any potential substantive challenge to the constitutionality of the new FCCA would properly be raised in a new lawsuit, this Court has jurisdiction to enter *the relief already mandated by the Seventh Circuit in this suit to alleviate the irreparable harm that the laws struck down by the Seventh Circuit continue to inflict.*

There is no justification whatsoever for the additional nine-month stay that Illinois seeks to foist upon this Court and upon Ms. Shepard and members of the Illinois

5

State Rifle Association.  Illinois already has in place a licensing process for those who wish to own a firearm; this authorizes the State to thoroughly investigate the applicant, including her "citizenship, criminal history and mental health treatment or history." *See* Illinois State Police, *Application for Firearm Owner's Identification Card*, *available at* http://www.isp.state.il.us/docs/6-181.pdf.  This investigative process (which Plaintiff Ms. Shepard completed long ago) results in the issuance to approved individuals of a Firearm Owner Identification Card ("FOID card").  It is uncontested that Ms. Shepard already has a valid Illinois FOID card and that she has no criminal record.  *See* Declaration of Mary Shepard, Doc. 39.1, at ¶ 3.  It is likewise uncontested that Ms. Shepard has completed no fewer than five firearms safety and self-defense courses, *id.* ¶ 4, and that she is already licensed to carry a handgun in both Pennsylvania and Florida.  *Id.* ¶¶ 6-7.

The delay proposed by the State constitutes an unacceptable perpetuation of the Defendants' infringement of the Second Amendment rights of Ms. Shepard and the other law-abiding citizens of the State of Illinois.  No wild-west anarchy would ensue if this Court were to issue the relief specified in the mandate of the Court of Appeals.  Only those who have already been thoroughly screened by the State of Illinois and who already possess valid FOID cards would be eligible to carry firearms in public.  And under the injunction we have requested, the extensive restrictions in the Act as to where firearms may be carried in public would not be disturbed.  *See* the Act, § 65.

In *Ezell v. City of Chicago*, the Seventh Circuit remanded with orders to enter a preliminary injunction against Chicago's gun-permit law insofar as it banned firing ranges while nevertheless requiring firing-range training to get a license to own a gun.  *See* 651 F.3d 684, 689-90, 711 (7th Cir. 2011).  The Seventh Circuit dismissed the

defendant's forecast of chaos: "As for the City's concern about a 'regulatory vacuum' between the issuance of the preliminary injunction and the promulgation of firing-range zoning and safety regulations, we note that it faced a similar dilemma after the Supreme Court decided *McDonald*. The sky did not fall. The City Council moved with dispatch and enacted the Ordinance just four days later." *See id.* at 711.

Indeed, in holding that violations of Second Amendment rights are presumed to inflict irreparable injury, the Seventh Circuit reasoned that the Second Amendment, like the First, "protects . . . intangible and unquantifiable interests," infringements of which "cannot be compensated by damages." *Id.* at 699. "It's hard to imagine anyone suggesting that" the State of Illinois could unilaterally extend by 270 days a "prohibit[ion] [of] the exercise of a free-speech or religious-liberty right" that the Seventh Circuit had already declared unconstitutional and given the State 210 days to rectify. *Id.* at 697. "That sort of argument should be no less unimaginable in the Second Amendment context," *id.*, but it is precisely the argument that the Defendants advance here.

Plaintiffs therefore respectfully reiterate their request that this Court fulfill its duty to adhere to the Seventh Circuit's mandate and forthwith (i) declare the challenged laws barring the public carrying of firearms by law-abiding citizens unconstitutional, and (ii) enter a preliminary and/or permanent injunction barring said laws' enforcement against Ms. Shepard and members of the Illinois State Rifle Association for carrying firearms in a manner consistent with the limitations imposed by §65 of the FCCA. While Plaintiffs originally requested relief that the Court grant this relief by July 16, in light of the Court's order for supplemental briefing Plaintiffs now request that a declaration and

7

injunction be entered no later than July 25, 2013. By that date, Plaintiffs are entitled to injunctive relief from this Court or, at the very least, to have their request denied so that appellate review can be sought.

    Respectfully Submitted,

    **MARY E. SHEPARD and**
    **THE ILLINOIS STATE RIFLE**
    **ASSOCIATION,**
    Plaintiffs


    By:   s/ William N. Howard
          One of their attorneys

William N. Howard
**LOCKE LORD LLP**
111 S. Wacker Dr.
Chicago, Illinois   60606
Tel:  312-443-0333
Fax: 312-896-6433
*email:* whoward@lockelord.com

Charles J. Cooper
David H. Thompson
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel:  202-220-9600
Fax: 202-220-9601
*email:* ccooper@cooperkirk.com

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Supplemental Brief Pursuant to Court's Order of July 12, 2013 (Doc. 81)** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **18th** day of **July, 2013**.

By:  s/ William N. Howard

## SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 S. Second St.
Springfield, IL  62706
Tel:  (217) 782-5819
Fax:  (217) 524-5091
tcorrigan@atg.state.il.us

Jonathan Lee Diesenhaus
Hogan Lovells LLP
555 13th Street, NW
Washington, DC 20004
Tel:  202-637-5416
Fax:  202-637-5910
jonathan.diesenhaus@hoganlovells.com

Karen L. McNaught
Illinois Attorney General's Office - Springfield
500 South Second Street
Springfield, IL 62706
217-782-1841
Fax: (217) 524-5091
kmcnaught@atg.state.il.us

Joseph A. Bleyer
Bleyer & Bleyer
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
Tel: (618) 997-1331
jableyer@bleyerlaw.com

David A. Simpson
Illinois Attorney General's Office - Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-3419
dasimpson@atg.state.il.us

Karl Triebel
Illinois Attorney General's Office - Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-2391
Fax: 312-814-2253
ktriebel@atg.state.il.us