IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-00405-WDS-PMF |
| v. | ) ) ) | Honorable Judge William D. Stiehl |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Philip M. Frazier |
| Defendants. | ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs, MARY E. SHEPARD and the ILLINOIS STATE

RIFLE ASSOCIATION, appeal to the United States Court of Appeals for the Seventh Circuit

from this Court's Order entered in this action on July 26, 2013. (A true and correct copy of the

Order entered July 26, 2013 is attached hereto as Exhibit "A" and made a part hereof.)

Dated: July 29, 2013

Respectfully Submitted,

**MARY E. SHEPARD and THE ILLINOIS**

**STATE RIFLE ASSOCIATION**,

Plaintiffs

By: ___/s/ William N. Howard_____

One of their attorneys

1

William N. Howard
**LOCKE LORD LLP**
111 S. Wacker Dr.
Chicago, Illinois 60606
Tel: 312-443-0333
Fax: 312-896-6433
*email:* whoward@lockelord.com

Charles J. Cooper
David H. Thompson
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: 202-220-9600
Fax: 202-220-9601
*email:* ccooper@cooperkirk.com

### CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of Plaintiffs' **Notice of Appeal,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **29th** day of **July, 2013**.

By: ___/s/ William N. Howard_____

### SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 S. Second St.
Springfield, IL  62706
Tel:  (217) 782-5819
Fax:  (217) 524-5091
tcorrigan@atg.state.il.us

Jonathan Lee Diesenhaus
Hogan Lovells LLP
555 13th Street, NW
Washington, DC 20004
Tel:  202-637-5416
Fax:  202-637-5910
jonathan.diesenhaus@hoganlovells.com

Karen L. McNaught
Illinois Attorney General's Office -
Springfield
500 South Second Street
Springfield, IL 62706
217-782-1841
Fax: (217) 524-5091
kmcnaught@atg.state.il.us

Joseph A. Bleyer
Bleyer & Bleyer
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
Tel: (618) 997-1331
jableyer@bleyerlaw.com

David A. Simpson
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-3419
dasimpson@atg.state.il.us

Karl Triebel
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-2391
Fax: 312-814-2253
ktriebel@atg.state.il.us

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY E. SHEPARD and the ILLINOIS )
STATE RIFLE ASSOCIATION, )
                                           )
                  Plaintiffs, )
                                           )
        v. )                     **NO. 11-CV-405-WDS**
                                           )
LISA M. MADIGAN, solely in her official )
capacity as ATTORNEY GENERAL OF )
ILLINOIS, GOVERNOR PATRICK L. )
QUINN, solely in his official capacity as )
Governor of the State of Illinois, TYLER )
R. EDMONDS, solely in his official )
capacity as the State's Attorney of Union )
County, Illinois, and SHERIFF DAVID )
LIVESAY, solely in his official capacity as )
Sheriff of Union County, )
                                           )
                  Defendants. )

## MEMORANDUM & OPINION

**STIEHL, District Judge:**

This matter is before the Court after the issuance of a mandate of the United States Court of Appeals for the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (Mandate issued July 9, 2013) (Doc. 72).   In response to the filing of the mandate (which had been stayed by the Court of Appeals for 210 days) the parties have filed several motions which are now fully briefed and before the Court for ruling:

    1.  Defendants Madigan, Quinn and Edmonds ("State defendants") filed a motion to dismiss for lack of jurisdiction (Doc. 73), to which plaintiffs have filed a response (Doc. 74).   Defendant Livesay filed a nearly identical motion (Doc. 78) to which

plaintiffs have filed a response (Doc. 79). Defendant Livesay has filed a memorandum in support of his motion to dismiss (Doc. 88).   The State defendants have filed a supplement to the motion to dismiss (Doc. 86).

2. Plaintiffs have filed a motion for declaration of unconstitutionality and for a preliminary and/or permanent injunction (Doc. 75).   State defendants filed a response to this motion as part of their supplement to the motion to dismiss (Doc. 86)

3. Plaintiffs filed a motion to expedite briefing on the motion to declare the new Illinois statute unconstitutional (Doc. 76) to which the defendants filed a response (Doc. 77).

## I.      BACKGROUND

The posture of this case is unique. The Seventh Circuit determined in *Moore v. Madigan,* (the lead case from the Central District of Illinois which was heard with this case) that the then-controlling Illinois laws, 720 ILCS 5/24-2; 720 ILCS 5/24-1(a)(4), (10) and 720 ILCS 5/24-1.6 (prohibiting carrying a loaded, immediately accessible, uncased gun), were unconstitutional.   The court issued its opinion in December of 2012, but stayed issuance of the mandate for a period of 180 days to allow the Illinois legislature time to pass legislation allowing for the concealed carrying of firearms within the state.

The Seventh Circuit determined in *Moore* that the "Supreme Court's interpretation of the Second Amendment therefore compels us to reverse the decisions in the two cases before us and remand them to their respective districts for the entry of declarations of unconstitutionality and permanent injunctions."   *Id*. The mandate was stayed "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with public safety, and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Id.*   That 180 day

2

period was extended for an additional 30 days, and on the thirtieth day of the additional period, July 9, 2013, when no law had yet been passed, the Seventh Circuit issued its mandate.

Later, on the day that the mandate was issued (July 9, 2013), the State of Illinois passed comprehensive amendments to the prior laws establishing the "Firearm Concealed Carry Act," ("Act") -- Public Act 098-0063, available at: http://www.ilga.gov/legislation/publicacts.

### A.    The Seventh Circuit Opinion in *Moore*

As part of its opinion in *Moore*, the Seventh Circuit applied the Supreme Court decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010).   The Supreme Court has recognized that the need for "defense of self, family and property is most acute" in the home, 130 S. Ct. at 3036.   The Seventh Circuit further determined "that doesn't mean it is not acute outside the home" 702 F.3d at 935, because "[c]onfrontations are not limited to the home."   *Id.* at 936.

The Court of Appeals noted that 49 states in the United States have some form of concealed carry law.   The court determined "that a proper balance between the interest in self-defense and the dangers created by carrying guns in public is to limit the right to carry a gun to responsible persons rather than to ban public carriage altogether, as Illinois with its meager exceptions comes close to doing."   *Id.* at 940. The court further found that the "constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial. . .[because] only legislative facts are relevant to the constitutionality of the Illinois gun law." *Id.* at 942.   The court held that the State of Illinois had failed to meet its required showing that there was more "than merely a rational basis" for the then-controlling law.   (The state had asserted that "its uniquely sweeping ban is justified by an increase in public safety." *Id.*)

3

### B.  The Illinois Firearm Concealed Carry Act of 2013.

A brief overview of the new Act is appropriate. The Act provides that the Department of State Police ("State Police") shall issue a license to any applicant who meets certain qualifications, giving him or her the right to carry a loaded or unloaded concealed firearm, fully concealed or partially concealed, on or about his or her person and on his or her person within a vehicle.   The Act establishes a "Concealed Carry Licensing Review Board" which is to consist of seven commissioners, appointed by the Governor, upon the advice and consent of the Illinois Senate.

The State Police shall have 180 days after the effective date of the Act to make applications for a license available (Section 10(d)). Concealed carry licenses are to be issued to an applicant who is 21 years of age, has a valid Firearm Owner's Identification Card (FOI), and has no restrictions on his or her record. In addition, the applicant must have completed 16 hours of firearms training, eight of which may be from another state's training, if approved by the State Police (Section 75). The Act gives the State Police no longer than 60 days after the effective date of the Act to have firearm training courses available (Section 75), and, 60 days after the effective date of the Act to approve certified firearms training instructors (Section 80). The Act further provides for a 90 day period, after the receipt of all materials and information required by the Act, including the requisite fee, within which the applicant shall be issued a permit for the concealed carry of a firearm.

### II.     ANALYSIS

Defendants seek to have the Court determine that this case has been rendered moot by the passage of the Firearm Concealed Carry Act, and dismiss the cause of action for lack of jurisdiction.   Plaintiffs have countered with a motion to have the Court declare the new Act

unconstitutional and to issue a preliminary or permanent injunction finding that the new Act continues to infringe on plaintiffs' rights. Plaintiffs assert that the length of time given to the State Police to make concealed carry licenses available to the public continues to harm their constitutional rights, and is in contravention of the mandate of the Seventh Circuit.   Plaintiffs focus on the provisions of the new Act which give the State Police 180 days to put the application and license issuance process into effect, and then approximately 90 additional days to process and screen the first round of applicants and begin issuing permits.

### A.  Does The New Act Moot The Claims in this Action?

Defendants assert that the new legislation in Illinois which replaces and corrects the challenged prior ban on concealed carry, renders this case moot.   The Illinois statutory scheme under which this lawsuit was commenced forbade "a person, with exceptions mainly for police and other security personnel, hunters and members of target shooting clubs, . . . to carry a gun ready to use (loaded, immediately accessible-that is, easy to reach—and uncased).[1]" *Moore*, 702 F.3d at 934. Further, it was previously unlawful to "[even carry] an unloaded gun in public, if it's uncased and immediately accessible . . . other than to police and other excepted persons, unless carried openly outside a vehicle in an unincorporated area and ammunition for the gun is not immediately accessible.[2]" *Id.* The original posture of this case has been upset by the passage of the Illinois Firearm Conceal Carry Act (July 9, 2013).

The Supreme Court held in *Kremens v. Bartley*, 431 U.S. 119, 128-29 (1977), that there must be "a live case or controversy" before the Court for adjudication, and when resolving matters, a court is to "apply the law as it is now, not as it stood below." *Id.* at 129 (*citing*, *Fusari v.*

---

[1] 720 ILCS 5/24-2.
[2] 720 ILCS 5/24-1(a)((4)(iii), (10(iii),-1.6(a)(3)(B).

*Steinberg*, 419 U.S. 379 (1975)).   In *Kremens*, the Court determined that the "enactment of the new statute clearly moots the claims." *Id.*

Whether a case is moot is a "question of law." *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). Further, "[u]nder Article III of the Constitution, as interpreted by the courts, cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Id.* at 929. Therefore, the issue of "mootness arises when, as here, a challenged [law] is repealed during the pendency of litigation, and a plaintiff seeks only prospective relief." *Id.* (citation omitted).

### B.  Nature of the Claims Raised in the Original Complaint.

In the original litigation, plaintiffs sought: declaratory judgment pursuant to 28 U.S.C. § 2201 that the Illinois statutes, 720 ILCS 5/24-1(a)(4), (a)(10) and 1.6, and certain other subparts, were "null and void" in violation of the Constitution and laws of the United States, specifically the Second and Fourteenth Amendments, and 42 U.S.C. §1983; for the entry of a preliminary and permanent injunction "enjoining the Defendants and their officers, agents and employees from enforcing the Illinois statutes. . ."; and award of costs and attorneys' fees and other relief as the Court deemed appropriate.   No damages claims were made by the plaintiffs here, only claims for prospective relief. *See, Federation of Adv. Indus. Rep.*, 326 F.3d at 929.   As the *Federation* court noted, the Supreme Court precedent established the "general rule that repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief." *Id.* (*citing, Lewis v. Cont'l Bank Corp.,* 494 U.S. 472 (1990); *Mass. v. Oakes,* 491 U.S. 576, 582–83 (1989); *Princeton Univ. v. Schmid,* 455 U.S. 100, 103 (1982); *Kremens v. Bartley,* 431 U.S. 119, 128–29 (1977); *Diffenderfer v. Cent. Baptist*

6

*Church, Inc.,* 404 U.S. 412, 415 (1972)).

This is the very case presented to the Court.   There can be little argument that Illinois' prior ban on concealed carry has been "significantly" amended with the new Act, and that plaintiffs, and citizens of the State of Illinois, are no longer subject to a per se ban on the concealed carry of a weapon. *Id.* Although the licensing scheme is not yet completed, the law does permit the plaintiffs to apply for, and assuming that they meet the statutory requirements for issuance of a license, receive a permit to carry a concealed firearm.

### C.  Plaintiffs' Claims of Continuing Unconstitutional Limitations.

Plaintiffs assert, however, that the State has not ceased its unconstitutional activity because the law continues to bar plaintiffs from carrying firearms in public for self-defense. The essence of plaintiffs' argument is that the new Act does not comport with the mandate of the Seventh Circuit because the Act has a 180-day plus period of time during which the State Police can get its procedures and mechanics into place for the issuance of concealed carry permits.

Therefore, plaintiffs would have this Court find that the case is *not* moot because the Act, by its very terms, does not take place immediately. Plaintiffs assert that they are not challenging the permitting process, but the length of time to put that permitting process into place, and the fact that the delay in permitting acts as a complete ban on carrying firearms until the permitting process actually takes effect. Therefore, they claim, the subject matter of this litigation is viable, and the Court should issue the injunction as directed in the mandate.

This is not a situation where the new Act is substantially similar to the prior law, and therefore is unconstitutional.   The *Federation* court noted that only when "there is evidence that

the repeal was not genuine has the [Supreme] Court[3] refused to hold the case moot [when new law replaces a challenged law]." 326 F.3d at 930. The *Federation* decision rejected the claim that the City of Chicago had, by amending the new ordinance a couple of times, "engaged in a disingenuous game of 'constitutional cat and mouse'" finding that the City had made "good-faith attempts to initially maintain an effective ordinance that complies with the Constitution, and then its desire to avoid substantial litigation costs by removing a potentially unconstitutional law from the books." *Id*. at 931.

In *United States Department of Treasury, Bureau of Alcohol, Tobacco and Firearms v. Galioto*, 477 U.S. 556, 559 (1986) the Supreme Court determined that plaintiff's challenge was mooted when a subsequent change in the law lifted a per se ban on which his claim was based. *Id*. at 560. Similarly, the Seventh Circuit stated in *Miller v. Benson*, 68 F.3d 163 (7th Cir. 1995), when plaintiffs raised a "free-exercise challenge to a statutory limitation" that was subsequently removed by a state of Wisconsin legislative act, "the state legislature gave plaintiffs what they sought" and the case was therefore moot. 68 F.3d at 165.

Here, with the passage of the Firearm Concealed Carry Act, the State of Illinois has given plaintiffs what they sought in the lawsuit filed in this Court. Illinois now has ended the per se ban on the right to carry a concealed firearm. Plaintiffs' constitutional challenge was based on that ban, asserting that their Second Amendment rights were being violated by the ban. The relief they received from the Seventh Circuit was exactly what they sought, a declaration of the

---

[3] The Supreme Court recognized in Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656 (1993), that when a new statute is substantially similar to the old statute and operates in "the same fundamental way," the statutory change has not "sufficiently altered [the circumstances] so as to present a substantially different controversy," and the case is not moot. Id. at 662 n.3. Here, the new laws, which amend the prior statutes are wholly different from their prior form, and therefore present a "substantially different controversy." *Id*.

unconstitutionality of that law.   And, as a result of that ruling by the Court of Appeals, the State of Illinois has now passed legislation which provides for the right, once the permitting process is completed, for plaintiffs to receive a permit from the State to carry a concealed firearm.

Plaintiffs' current constitutional challenge is aimed directly at the statutorily established processes, specifically; the length of time the Act gives the State Police to get a permitting process into place.   But that is a new claim, about an entirely new law, which must be raised in a new lawsuit. See, *National Rifle Association v. City of Chicago*, 393 Fed. App'x. 390 (7th Cir. 2010) (where the court stated, "Plaintiffs contend that the new ordinances enacted to supersede the ones challenged in these suits have constitutional flaws. Plaintiffs are entitled to pursue those contentions in new suits. The subject matter of this litigation, however, no longer exists." *Id.*).

Although the statutory scheme of the new Act gives the State Police "up to 180" days to get the application process into effect, and the screening process may take up to an additional 90 days, these are one-time events.   Moreover, the fact that this time period for establishing the permitting process is specified in the statute does not mean that it *actually will* take that amount of time for the State Police to complete the process.   To the extent that plaintiffs now challenge the time frame established in the new Act for the State Police to put in place the procedures to issue concealed carry permits, that challenge is a matter which *must* be considered in a new lawsuit wherein the parties may present relevant evidence as to whether the length of time given to the State Police is constitutionally reasonable.

The Seventh Circuit clearly directed the State of Illinois to "craft a new gun law that will impose reasonable limitations, *consistent with the public safety and the Second Amendment*. . . on the carrying of guns in public." *Moore*, 702 F.3d at 942 (emphasis added), and gave the State

9

legislature 180 days (with a 30 day extension) to complete that task.   Most notably, the Court of Appeals *did not* direct the State of Illinois to *both* pass new gun legislation *and* have the permitting or licensing processes operational before the expiration period of the stay of the mandate.   The Court of Appeals recognized that the new law should have "reasonable limitations, consistent with public safety," but the court left the determination of what those measures should be to the State. Whether the public safety measures set out in the new Act are reasonable is a new claim, not subject to review in this cause of action.   The Court, therefore, declines to impose the more restrictive reading of *Moore* advanced by plaintiffs.

## III.   CONCLUSION

Accordingly, the Court **FINDS** that the Illinois Firearm Conceal Carry Act of 2013, Public Act 098-0063, supersedes 720 ILCS 5/24-1(a)(4), (10) and 720 ILCS 5/24-1.6, and that the plaintiffs' complaint has been rendered moot by the passage of Act.   Therefore, the Court **GRANTS** defendants' motions to dismiss for lack of subject matter jurisdiction (Docs. 73 and 78). The Court **DISMISSES** plaintiffs' motion for Declaration of Unconstitutionality (Doc. 75).   In light of the Court's prior Order establishing a short period of time in which to file additional briefs (Doc. 81) and this Order, the Court **DENIES** as moot the motion to expedite briefing (Doc. 76).

The Court **FURTHER FINDS** that the mandate's directive for a declaration of unconstitutionality and issuance of a permanent injunction to prohibit the State of Illinois from enforcing the now superseded statutes has been rendered **MOOT.**

The Court **THEREFORE DISMISSES** the plaintiffs' complaint for lack of subject matter jurisdiction and **DIRECTS** the Clerk of the Court to administratively close this case.

The parties shall brief the issue of the award of costs and fees within fourteen (14) days of

the date of this Order.   Responses shall be due within ten (10) days thereafter.


**IT IS SO ORDERED.**

**DATE:   26 July, 2013**

                                        **/s/   WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**

## *SEVENTH CIRCUIT APPEAL INFORMATION SHEET*

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use separate sheet if needed.*

*District:*  Southern District of Illinois           *Docket No.*    *11-cv-405-WDS/PMF*
*Division:*  East St. Louis

**Plaintiff (Petitioner)        Short Caption        Defendant (Respondent)**
(                  Mary Shepard v. Lisa M. Madigan                  )
...........................................................................................................................

*Current Counsel for Plaintiff (Petitioner):*         *Current Counsel for Defendant(Respondent):*
*(Use separate sheet for additional counsel)*

| | |
|---|---|
| **William N Howard**<br>Locke Lord LLP<br>111 South Wacker Drive<br>45th Floor<br>Chicago, IL 60606-4410<br>312-443-0333<br>Fax: 312-896-6433<br>Email: whoward@lockelord.com<br><br>See attached for additional list of counsel | **Terence Corrigan**<br>Illinois Attorney General's Office - Springfield<br>Generally Admitted<br>500 South Second Street<br>Springfield, IL 62706<br>217-782-5819<br>Email: tcorrigan@atg.state.il.us<br><br>See attached for additional list of counsel |

...........................................................................................................................

*Judge:*    William D. Stiehl              *Nature of Suit Code:*    890
                                              *Date Filed in District*
*Court*     Daveanna Johnson              *Court:*                    5/13/2011
*Reporter:*  750 Missouri Avenue           *Date of Judgment:*        July 26, 2013
              East St. Louis, IL 62201      *Date of Notice of Appeal:* July 29, 2013

_____

*Counsel:*  __ *Appointed*   *x* *Retained*   __ *ProSe*
*Fee-Status* __ *Paid*       *x* *Due*        __ *IFP*      __ *IFP-Pending*   __ *U.S.*   __ *Waived*

*Has Docketing Statement been filed with the District Court's Clerk's Office:*   __   *Yes*   *x*  *No*
*If 28 U.S.C. §2254 or 28 U.S.C. § 2255, was certificate of appealability:*   __ *Granted* __ *Denied* __ *Pending*
*If certificate of appealability was granted or denied, what is the date of the order:*   Click here to enter a date.

*If Defendant is in Federal custody, please provide United States Marshal number (USM#):*

<span style="color:gray">Click here to enter text.</span>

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

**Plaintiff**

**Mary Shepard**                                        represented by    **William N Howard**
                                                                          Locke Lord LLP
                                                                          111 South Wacker Drive
                                                                          45th Floor
                                                                          Chicago, IL 60606-4410
                                                                          312-443-0333
                                                                          Fax: 312-896-6433
                                                                          Email: whoward@lockelord.com
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Charles J Cooper**
                                                                          Cooper & Kirk PLLC
                                                                          1523 New Hampshire Avenue NW
                                                                          Washington, DC 20036
                                                                          202-220-9660
                                                                          Fax: 202-220-9661
                                                                          Email: ccooper@cooperkirk.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **David H. Thompson**
                                                                          Cooper & Kirk PLLC
                                                                          1523 New Hampshire Avenue NW
                                                                          Washington, DC 20036
                                                                          202-220-9600
                                                                          Fax: 202-220-9601
                                                                          Email: dthompson@cooperkirk.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Jeffery M. Cross**
                                                                          Freeborn & Peters
                                                                          Generally Admitted
                                                                          311 South Wacker Drive
                                                                          Suite 3000
                                                                          Chicago, IL 60606
                                                                          312-360-6000
                                                                          Email: jcross@freebornpeters.com
                                                                          *TERMINATED: 06/08/2011*

**Plaintiff**

**Illinois State Rifle Association**                   represented by    **William N Howard**
                                                                          (See above for address)
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

**Charles J Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffery M. Cross**
(See above for address)
*TERMINATED: 06/08/2011*

V.

**Defendant**

**Lisa M Madigan**
*solely in her official capacity as
Attorney General of Illinois*

represented by **Terence Corrigan**
Illinois Attorney General's Office -
Springfield
Generally Admitted
500 South Second Street
Springfield, IL 62706
217-782-5819
Email: tcorrigan@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A. Simpson**
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-3419
Email: dasimpson@atg.state.il.us
*ATTORNEY TO BE NOTICED*

**Karen L. McNaught**
Illinois Attorney General's Office -
Springfield
Generally Admitted
500 South Second Street
Springfield, IL 62706
217-782-1841
Fax: (217) 524-5091
Email: kmcnaught@atg.state.il.us

*ATTORNEY TO BE NOTICED*

**Karl Triebel**
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-2391
Fax: 312-814-2253
Email: ktriebel@atg.state.il.us
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Governor Patrick J Quinn** | represented by | **Terence Corrigan** |
| *solely in his official capacity as* | | (See above for address) |
| *Governor of the State of Illinois* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**David A. Simpson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen L. McNaught**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karl Triebel**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Tyler R Edmonds** | represented by | **Terence Corrigan** |
| *solely in his official capacity as the* | | (See above for address) |
| *State's Attorney of Union County,* | | *LEAD ATTORNEY* |
| *Illinois* | | *ATTORNEY TO BE NOTICED* |

**David A. Simpson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen L. McNaught**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karl Triebel**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sheriff David Livesay**                    represented by   **Joseph A. Bleyer**
*solely in his official capacity as*                          Bleyer & Bleyer
*Sheriff of Union County*                                     Generally Admitted
                                                              601 West Jackson
                                                              P.O. Box 487
                                                              Marion, IL 62959-0487
                                                              618-997-1331
                                                              Email: jableyer@bleyerlaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **K. Rockne Bleyer**
                                                              Bleyer & Bleyer
                                                              Generally Admitted
                                                              601 West Jackson
                                                              P.O. Box 487
                                                              Marion, IL 62959-0487
                                                              618-997-1331
                                                              Email: kbleyer@bleyerlaw.com
                                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**Brady Center to Prevent Gun**              represented by   **Jonathan Lee Diesenhaus**
**Violence**                                                  Hogan Lovells LLP
                                                              555 13th Street, NW
                                                              Washington, DC 20004
                                                              202-637-5416
                                                              Fax: 202-637-5910
                                                              Email:
                                                              jonathan.diesenhaus@hoganlovells.com
                                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**National Rifle Association of**            represented by   **Charles J Cooper**
**America, Inc.**                                             (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 11-CV-405-WDS |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK L. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM & OPINION

**STIEHL, District Judge:**

This matter is before the Court after the issuance of a mandate of the United States Court of Appeals for the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (Mandate issued July 9, 2013) (Doc. 72). In response to the filing of the mandate (which had been stayed by the Court of Appeals for 210 days) the parties have filed several motions which are now fully briefed and before the Court for ruling:

1. Defendants Madigan, Quinn and Edmonds ("State defendants") filed a motion to dismiss for lack of jurisdiction (Doc. 73), to which plaintiffs have filed a response (Doc. 74). Defendant Livesay filed a nearly identical motion (Doc. 78) to which

plaintiffs have filed a response (Doc. 79). Defendant Livesay has filed a memorandum in support of his motion to dismiss (Doc. 88). The State defendants have filed a supplement to the motion to dismiss (Doc. 86).

2. Plaintiffs have filed a motion for declaration of unconstitutionality and for a preliminary and/or permanent injunction (Doc. 75). State defendants filed a response to this motion as part of their supplement to the motion to dismiss (Doc. 86)

3. Plaintiffs filed a motion to expedite briefing on the motion to declare the new Illinois statute unconstitutional (Doc. 76) to which the defendants filed a response (Doc. 77).

## I.    BACKGROUND

The posture of this case is unique. The Seventh Circuit determined in *Moore v. Madigan,* (the lead case from the Central District of Illinois which was heard with this case) that the then-controlling Illinois laws, 720 ILCS 5/24-2; 720 ILCS 5/24-1(a)(4), (10) and 720 ILCS 5/24-1.6 (prohibiting carrying a loaded, immediately accessible, uncased gun), were unconstitutional. The court issued its opinion in December of 2012, but stayed issuance of the mandate for a period of 180 days to allow the Illinois legislature time to pass legislation allowing for the concealed carrying of firearms within the state.

The Seventh Circuit determined in *Moore* that the "Supreme Court's interpretation of the Second Amendment therefore compels us to reverse the decisions in the two cases before us and remand them to their respective districts for the entry of declarations of unconstitutionality and permanent injunctions." *Id*. The mandate was stayed "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with public safety, and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Id.* That 180 day

period was extended for an additional 30 days, and on the thirtieth day of the additional period, July 9, 2013, when no law had yet been passed, the Seventh Circuit issued its mandate.

Later, on the day that the mandate was issued (July 9, 2013), the State of Illinois passed comprehensive amendments to the prior laws establishing the "Firearm Concealed Carry Act," ("Act") -- Public Act 098-0063, available at: http://www.ilga.gov/legislation/publicacts.

### A.    The Seventh Circuit Opinion in *Moore*

As part of its opinion in *Moore*, the Seventh Circuit applied the Supreme Court decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010).   The Supreme Court has recognized that the need for "defense of self, family and property is most acute" in the home, 130 S. Ct. at 3036.   The Seventh Circuit further determined "that doesn't mean it is not acute outside the home" 702 F.3d at 935, because "[c]onfrontations are not limited to the home."   *Id.* at 936.

The Court of Appeals noted that 49 states in the United States have some form of concealed carry law.   The court determined "that a proper balance between the interest in self-defense and the dangers created by carrying guns in public is to limit the right to carry a gun to responsible persons rather than to ban public carriage altogether, as Illinois with its meager exceptions comes close to doing."   *Id.* at 940. The court further found that the "constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial. . .[because] only legislative facts are relevant to the constitutionality of the Illinois gun law." *Id.* at 942.   The court held that the State of Illinois had failed to meet its required showing that there was more "than merely a rational basis" for the then-controlling law.   (The state had asserted that "its uniquely sweeping ban is justified by an increase in public safety." *Id.*)

### B.  The Illinois Firearm Concealed Carry Act of 2013.

A brief overview of the new Act is appropriate. The Act provides that the Department of State Police ("State Police") shall issue a license to any applicant who meets certain qualifications, giving him or her the right to carry a loaded or unloaded concealed firearm, fully concealed or partially concealed, on or about his or her person and on his or her person within a vehicle.   The Act establishes a "Concealed Carry Licensing Review Board" which is to consist of seven commissioners, appointed by the Governor, upon the advice and consent of the Illinois Senate.

The State Police shall have 180 days after the effective date of the Act to make applications for a license available (Section 10(d)). Concealed carry licenses are to be issued to an applicant who is 21 years of age, has a valid Firearm Owner's Identification Card (FOI), and has no restrictions on his or her record. In addition, the applicant must have completed 16 hours of firearms training, eight of which may be from another state's training, if approved by the State Police (Section 75). The Act gives the State Police no longer than 60 days after the effective date of the Act to have firearm training courses available (Section 75), and, 60 days after the effective date of the Act to approve certified firearms training instructors (Section 80). The Act further provides for a 90 day period, after the receipt of all materials and information required by the Act, including the requisite fee, within which the applicant shall be issued a permit for the concealed carry of a firearm.

### II.     ANALYSIS

Defendants seek to have the Court determine that this case has been rendered moot by the passage of the Firearm Concealed Carry Act, and dismiss the cause of action for lack of jurisdiction.   Plaintiffs have countered with a motion to have the Court declare the new Act

4

unconstitutional and to issue a preliminary or permanent injunction finding that the new Act continues to infringe on plaintiffs' rights. Plaintiffs assert that the length of time given to the State Police to make concealed carry licenses available to the public continues to harm their constitutional rights, and is in contravention of the mandate of the Seventh Circuit.   Plaintiffs focus on the provisions of the new Act which give the State Police 180 days to put the application and license issuance process into effect, and then approximately 90 additional days to process and screen the first round of applicants and begin issuing permits.

### A.  Does The New Act Moot The Claims in this Action?

Defendants assert that the new legislation in Illinois which replaces and corrects the challenged prior ban on concealed carry, renders this case moot.   The Illinois statutory scheme under which this lawsuit was commenced forbade "a person, with exceptions mainly for police and other security personnel, hunters and members of target shooting clubs, . . . to carry a gun ready to use (loaded, immediately accessible-that is, easy to reach—and uncased).[1]" *Moore*, 702 F.3d at 934. Further, it was previously unlawful to "[even carry] an unloaded gun in public, if it's uncased and immediately accessible . . . other than to police and other excepted persons, unless carried openly outside a vehicle in an unincorporated area and ammunition for the gun is not immediately accessible.[2]" *Id.* The original posture of this case has been upset by the passage of the Illinois Firearm Conceal Carry Act (July 9, 2013).

The Supreme Court held in *Kremens v. Bartley*, 431 U.S. 119, 128-29 (1977), that there must be "a live case or controversy" before the Court for adjudication, and when resolving matters, a court is to "apply the law as it is now, not as it stood below." *Id.* at 129 (*citing*, *Fusari v.*

---

[1]  720 ILCS 5/24-2.
[2]  720 ILCS 5/24-1(a)((4)(iii), (10(iii),-1.6(a)(3)(B).

5

*Steinberg*, 419 U.S. 379 (1975)). In *Kremens*, the Court determined that the "enactment of the new statute clearly moots the claims." *Id.*

Whether a case is moot is a "question of law." *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). Further, "[u]nder Article III of the Constitution, as interpreted by the courts, cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Id.* at 929. Therefore, the issue of "mootness arises when, as here, a challenged [law] is repealed during the pendency of litigation, and a plaintiff seeks only prospective relief." *Id.* (citation omitted).

### B. Nature of the Claims Raised in the Original Complaint.

In the original litigation, plaintiffs sought: declaratory judgment pursuant to 28 U.S.C. § 2201 that the Illinois statutes, 720 ILCS 5/24-1(a)(4), (a)(10) and 1.6, and certain other subparts, were "null and void" in violation of the Constitution and laws of the United States, specifically the Second and Fourteenth Amendments, and 42 U.S.C. §1983; for the entry of a preliminary and permanent injunction "enjoining the Defendants and their officers, agents and employees from enforcing the Illinois statutes. . ."; and award of costs and attorneys' fees and other relief as the Court deemed appropriate. No damages claims were made by the plaintiffs here, only claims for prospective relief. *See, Federation of Adv. Indus. Rep.*, 326 F.3d at 929. As the *Federation* court noted, the Supreme Court precedent established the "general rule that repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief." *Id.* (*citing, Lewis v. Cont'l Bank Corp.,* 494 U.S. 472 (1990); *Mass. v. Oakes,* 491 U.S. 576, 582–83 (1989); *Princeton Univ. v. Schmid,* 455 U.S. 100, 103 (1982); *Kremens v. Bartley,* 431 U.S. 119, 128–29 (1977); *Diffenderfer v. Cent. Baptist*

6

*Church, Inc.,* 404 U.S. 412, 415 (1972)).

This is the very case presented to the Court.   There can be little argument that Illinois' prior ban on concealed carry has been "significantly" amended with the new Act, and that plaintiffs, and citizens of the State of Illinois, are no longer subject to a per se ban on the concealed carry of a weapon. *Id.* Although the licensing scheme is not yet completed, the law does permit the plaintiffs to apply for, and assuming that they meet the statutory requirements for issuance of a license, receive a permit to carry a concealed firearm.

### C.  Plaintiffs' Claims of Continuing Unconstitutional Limitations.

Plaintiffs assert, however, that the State has not ceased its unconstitutional activity because the law continues to bar plaintiffs from carrying firearms in public for self-defense. The essence of plaintiffs' argument is that the new Act does not comport with the mandate of the Seventh Circuit because the Act has a 180-day plus period of time during which the State Police can get its procedures and mechanics into place for the issuance of concealed carry permits.

Therefore, plaintiffs would have this Court find that the case is *not* moot because the Act, by its very terms, does not take place immediately. Plaintiffs assert that they are not challenging the permitting process, but the length of time to put that permitting process into place, and the fact that the delay in permitting acts as a complete ban on carrying firearms until the permitting process actually takes effect. Therefore, they claim, the subject matter of this litigation is viable, and the Court should issue the injunction as directed in the mandate.

This is not a situation where the new Act is substantially similar to the prior law, and therefore is unconstitutional.   The *Federation* court noted that only when "there is evidence that

7

the repeal was not genuine has the [Supreme] Court[3] refused to hold the case moot [when new law replaces a challenged law]." 326 F.3d at 930. The *Federation* decision rejected the claim that the City of Chicago had, by amending the new ordinance a couple of times, "engaged in a disingenuous game of 'constitutional cat and mouse'" finding that the City had made "good-faith attempts to initially maintain an effective ordinance that complies with the Constitution, and then its desire to avoid substantial litigation costs by removing a potentially unconstitutional law from the books." *Id*. at 931.

In *United States Department of Treasury, Bureau of Alcohol, Tobacco and Firearms v. Galioto*, 477 U.S. 556, 559 (1986) the Supreme Court determined that plaintiff's challenge was mooted when a subsequent change in the law lifted a per se ban on which his claim was based. *Id*. at 560. Similarly, the Seventh Circuit stated in *Miller v. Benson*, 68 F.3d 163 (7th Cir. 1995), when plaintiffs raised a "free-exercise challenge to a statutory limitation" that was subsequently removed by a state of Wisconsin legislative act, "the state legislature gave plaintiffs what they sought" and the case was therefore moot.   68 F.3d at 165.

Here, with the passage of the Firearm Concealed Carry Act, the State of Illinois has given plaintiffs what they sought in the lawsuit filed in this Court. Illinois now has ended the per se ban on the right to carry a concealed firearm.   Plaintiffs' constitutional challenge was based on that ban, asserting that their Second Amendment rights were being violated by the ban.   The relief they received from the Seventh Circuit was exactly what they sought, a declaration of the

---

[3] The Supreme Court recognized in Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656 (1993), that when a new statute is substantially similar to the old statute and operates in "the same fundamental way," the statutory change has not "sufficiently altered [the circumstances] so as to present a substantially different controversy," and the case is not moot. Id. at 662 n.3.   Here, the new laws, which amend the prior statutes are wholly different from their prior form, and therefore present a "substantially different controversy." *Id*.

8

unconstitutionality of that law.   And, as a result of that ruling by the Court of Appeals, the State of Illinois has now passed legislation which provides for the right, once the permitting process is completed, for plaintiffs to receive a permit from the State to carry a concealed firearm.

Plaintiffs' current constitutional challenge is aimed directly at the statutorily established processes, specifically; the length of time the Act gives the State Police to get a permitting process into place.   But that is a new claim, about an entirely new law, which must be raised in a new lawsuit. See, *National Rifle Association v. City of Chicago*, 393 Fed. App'x. 390 (7th Cir. 2010) (where the court stated, "Plaintiffs contend that the new ordinances enacted to supersede the ones challenged in these suits have constitutional flaws. Plaintiffs are entitled to pursue those contentions in new suits. The subject matter of this litigation, however, no longer exists." *Id.*).

Although the statutory scheme of the new Act gives the State Police "up to 180" days to get the application process into effect, and the screening process may take up to an additional 90 days, these are one-time events.   Moreover, the fact that this time period for establishing the permitting process is specified in the statute does not mean that it *actually will* take that amount of time for the State Police to complete the process.   To the extent that plaintiffs now challenge the time frame established in the new Act for the State Police to put in place the procedures to issue concealed carry permits, that challenge is a matter which *must* be considered in a new lawsuit wherein the parties may present relevant evidence as to whether the length of time given to the State Police is constitutionally reasonable.

The Seventh Circuit clearly directed the State of Illinois to "craft a new gun law that will impose reasonable limitations, *consistent with the public safety and the Second Amendment*. . . on the carrying of guns in public." *Moore*, 702 F.3d at 942 (emphasis added), and gave the State

9

legislature 180 days (with a 30 day extension) to complete that task. Most notably, the Court of Appeals *did not* direct the State of Illinois to *both* pass new gun legislation *and* have the permitting or licensing processes operational before the expiration period of the stay of the mandate. The Court of Appeals recognized that the new law should have "reasonable limitations, consistent with public safety," but the court left the determination of what those measures should be to the State. Whether the public safety measures set out in the new Act are reasonable is a new claim, not subject to review in this cause of action. The Court, therefore, declines to impose the more restrictive reading of *Moore* advanced by plaintiffs.

### III.   CONCLUSION

Accordingly, the Court **FINDS** that the Illinois Firearm Conceal Carry Act of 2013, Public Act 098-0063, supersedes 720 ILCS 5/24-1(a)(4), (10) and 720 ILCS 5/24-1.6, and that the plaintiffs' complaint has been rendered moot by the passage of Act. Therefore, the Court **GRANTS** defendants' motions to dismiss for lack of subject matter jurisdiction (Docs. 73 and 78). The Court **DISMISSES** plaintiffs' motion for Declaration of Unconstitutionality (Doc. 75). In light of the Court's prior Order establishing a short period of time in which to file additional briefs (Doc. 81) and this Order, the Court **DENIES** as moot the motion to expedite briefing (Doc. 76).

The Court **FURTHER FINDS** that the mandate's directive for a declaration of unconstitutionality and issuance of a permanent injunction to prohibit the State of Illinois from enforcing the now superseded statutes has been rendered **MOOT.**

The Court **THEREFORE DISMISSES** the plaintiffs' complaint for lack of subject matter jurisdiction and **DIRECTS** the Clerk of the Court to administratively close this case.

The parties shall brief the issue of the award of costs and fees within fourteen (14) days of

10

the date of this Order.   Responses shall be due within ten (10) days thereafter.


**IT IS SO ORDERED.**

**DATE:**  **26 July, 2013**

                                                **/s/   WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**

CLOSED,PMF

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:11–cv–00405–WDS–PMF
### *Internal Use Only*

Shepard et al v. Madigan et al

Assigned to: Judge William D. Stiehl

Referred to: Magistrate Judge Philip M. Frazier

Case in other court:  USCA–7, 12–01788

Cause: 28:2201 Declaratory Judgement

Date Filed: 05/13/2011

Date Terminated: 07/26/2013

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

**Plaintiff**

**Mary Shepard**                              represented by   **William N Howard**
Locke Lord LLP
111 South Wacker Drive
45th Floor
Chicago, IL 60606–4410
312–443–0333
Fax: 312–896–6433
Email: whoward@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles J Cooper**
Cooper &Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202–220–9660
Fax: 202–220–9661
Email: ccooper@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
Cooper &Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202–220–9600
Fax: 202–220–9601
Email: dthompson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Jeffery M. Cross**
Freeborn &Peters
Generally Admitted
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312–360–6000

Email: jcross@freebornpeters.com
*TERMINATED: 06/08/2011*

**Plaintiff**

**Illinois State Rifle Association**                  represented by   **William N Howard**
                                                                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Charles J Cooper**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **David H. Thompson**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Jeffery M. Cross**
                                                                       (See above for address)
                                                                       *TERMINATED: 06/08/2011*

V.

**Defendant**

**Lisa M Madigan**                                   represented by   **Terence Corrigan**
*solely in her official capacity as Attorney*                         Illinois Attorney General's Office –
*General of Illinois*                                                  Springfield
                                                                       Generally Admitted
                                                                       500 South Second Street
                                                                       Springfield, IL 62706
                                                                       217–782–5819
                                                                       Email: tcorrigan@atg.state.il.us
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **David A. Simpson**
                                                                       Illinois Attorney General's Office –
                                                                       Chicago 2
                                                                       100 West Randolph Street
                                                                       12th Floor
                                                                       Chicago, IL 60601–3175
                                                                       312–814–3419
                                                                       Email: dasimpson@atg.state.il.us
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Karen L. McNaught**
                                                                       Illinois Attorney General's Office –
                                                                       Springfield
                                                                       Generally Admitted
                                                                       500 South Second Street
                                                                       Springfield, IL 62706

217–782–1841
Fax: (217) 524–5091
Email: kmcnaught@atg.state.il.us
*ATTORNEY TO BE NOTICED*

**Karl Triebel**
Illinois Attorney General's Office –
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601–3175
312–814–2391
Fax: 312–814–2253
Email: ktriebel@atg.state.il.us
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Governor Patrick J Quinn**<br>*solely in his official capacity as*<br>*Governor of the State of Illinois* | represented by | **Terence Corrigan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **David A. Simpson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Karen L. McNaught**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Karl Triebel**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

<u>**Defendant**</u>

| | | |
|---|---|---|
| **Tyler R Edmonds**<br>*solely in his official capacity as the*<br>*State's Attorney of Union County, Illinois* | represented by | **Terence Corrigan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **David A. Simpson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Karen L. McNaught**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Karl Triebel**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Sheriff David Livesay** | represented by | **Joseph A. Bleyer** |
| *solely in his official capacity as Sheriff of Union County* | | Bleyer &Bleyer |
| | | Generally Admitted |
| | | 601 West Jackson |
| | | P.O. Box 487 |
| | | Marion, IL 62959–0487 |
| | | 618–997–1331 |
| | | Email: jableyer@bleyerlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**K. Rockne Bleyer**
Bleyer &Bleyer
Generally Admitted
601 West Jackson
P.O. Box 487
Marion, IL 62959–0487
618–997–1331
Email: kbleyer@bleyerlaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Brady Center to Prevent Gun Violence** | represented by | **Jonathan Lee Diesenhaus** |
| | | Hogan Lovells LLP |
| | | 555 13th Street, NW |
| | | Washington, DC 20004 |
| | | 202–637–5416 |
| | | Fax: 202–637–5910 |
| | | Email: jonathan.diesenhaus@hoganlovells.com |
| | | *ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **National Rifle Association of America, Inc.** | represented by | **Charles J Cooper** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/13/2011 | 1 | | Case Opened. Documents may now be electronically filed. Case number 11–405–WDS/PMF must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Magistrate Judge)(bkl) (Entered: 05/13/2011) |
| 05/13/2011 | 2 | | COMPLAINT against Tyler R Edmonds, David Livesay, Lisa M Madigan, Patrick J Quinn ( Filing fee $ 350 receipt number 0754–1410003.), filed by Mary Shepard, Illinois State Rifle Association. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Cross, Jeffery) (Entered: 05/13/2011) |

| 05/13/2011 | 3 | | Summons Issued as to Tyler R Edmonds, David Livesay, Lisa M Madigan, Patrick J Quinn. (bkl) (Entered: 05/13/2011) |
|---|---|---|---|
| 05/16/2011 | 4 | | MOTION to Appear Pro Hac Vice by AttorneyWilliam N Howard $100 fee paid,receipt number 0754–1410821 by on behalf of Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 05/16/2011) |
| 05/17/2011 | 5 | | ORDER (NJR/dka) granting 4 MOTION to Appear Pro Hac Vice by Attorney William N Howard filed by Mary Shepard, Illinois State Rifle Association.(dka, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/17/2011) |
| 05/24/2011 | 6 | | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. Lisa M Madigan served on 5/19/2011, answer due 6/9/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/24/2011 | 7 | | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. Patrick J Quinn served on 5/19/2011, answer due 6/9/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/24/2011 | 8 | | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. Tyler R Edmonds served on 5/18/2011, answer due 6/8/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/24/2011 | 9 | | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. David Livesay served on 5/18/2011, answer due 6/8/2011. (Howard, William) (Entered: 05/24/2011) |
| 06/06/2011 | 10 | | MOTION for Extension of Time to File Answer re 2 Complaint, by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 06/06/2011) |
| 06/07/2011 | 11 | | MOTION to Withdraw *of Jeffery M. Cross* by Illinois State Rifle Association, Mary Shepard. (Cross, Jeffery) (Entered: 06/07/2011) |
| 06/07/2011 | 12 | | ORDER granting 10 Motion for Extension of Time to Answer. The movants have adequately demonstrated good cause for an extension of time to file an answer to the complaint. See Fed. R. Civ. P. 6(b)(1). Defendants Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn answer due 7/8/2011. Signed by Magistrate Judge Philip M. Frazier on 6/7/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/07/2011) |
| 06/07/2011 | | | Tyler R Edmonds answer due 7/8/2011; Lisa M Madigan answer due 7/8/2011; Patrick J Quinn answer due 7/8/2011. (ajt, ) (Entered: 06/07/2011) |
| 06/08/2011 | 13 | | ORDER granting 11 Motion to Withdraw as follows: attorney Jeffery M. Cross permitted to withdraw as counsel for plaintiff. Signed by Magistrate Judge Philip M. Frazier on 6/8/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/08/2011) |
| 06/15/2011 | 14 | | NOTICE of Appearance by Karen L. McNaught on behalf of Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn (McNaught, Karen) (Entered: 06/15/2011) |

| 06/20/2011 | 15 | | NOTICE of Appearance by Joseph A. Bleyer on behalf of David Livesay (Bleyer, Joseph) (Entered: 06/20/2011) |
|---|---|---|---|
| 06/20/2011 | 16 | | MOTION for Extension of Time to File Answer by David Livesay. (Bleyer, Joseph) (Entered: 06/20/2011) |
| 06/21/2011 | 17 | | ORDER granting 16 Motion for Extension of Time to Answer. The movant has demonstrated good cause for a thirty (30) day extension of time to file an answer. Defendant David Livesay answer due 7/8/11. Signed by Magistrate Judge Philip M. Frazier on 6/21/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/21/2011) |
| 06/21/2011 | | | David Livesay answer due 7/8/2011. (ajt, ) (Entered: 06/21/2011) |
| 07/08/2011 | 18 | | Second MOTION for Extension of Time to File Answer by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/08/2011) |
| 07/08/2011 | 19 | | Second MOTION for Extension of Time to File Answer by David Livesay. (Bleyer, Joseph) (Entered: 07/08/2011) |
| 07/08/2011 | 20 | | MOTION for Preliminary Injunction *and/or Permanent Injunction* by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/08/2011) |
| 07/08/2011 | 21 | | MEMORANDUM in Support re 20 MOTION for Preliminary Injunction *and/or Permanent Injunction* filed by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Exhibit Exhibit A)(Howard, William) (Entered: 07/08/2011) |
| 07/08/2011 | 22 | | MOTION for Hearing re 20 MOTION for Preliminary Injunction *and/or Permanent Injunction* by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/08/2011) |
| 07/11/2011 | 23 | | ORDER granting 18 Motion for Extension of Time to Answer ; granting 19 Motion for Extension of Time to Answer. The movants have adequately demonstrated good cause for an extension of time to answer the complaint. Defendants Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn, David Livesay answer due 7/22/2011. No further extensions of time will be granted absent extraordinary circumstances. Signed by Magistrate Judge Philip M. Frazier on 7/11/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/11/2011) |
| 07/11/2011 | | | Tyler R Edmonds answer due 7/22/2011; David Livesay answer due 7/22/2011; Lisa M Madigan answer due 7/22/2011; Patrick J Quinn answer due 7/22/2011. (ajt, ) (Entered: 07/11/2011) |
| 07/22/2011 | 24 | | MOTION to Dismiss *pursuant to FRCP 12(b)(1) AND 12(b)(6)* by David Livesay. Responses due by 8/25/2011 (Bleyer, Joseph) (Entered: 07/22/2011) |
| 07/22/2011 | 25 | | MOTION for Extension of Time *to respond to (Doc 20)* by David Livesay. (Bleyer, Joseph) (Entered: 07/22/2011) |
| 07/22/2011 | 26 | | MOTION to Dismiss by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Responses due by 8/25/2011 (Corrigan, Terence) (Entered: 07/22/2011) |

| 07/22/2011 | 27 | | MEMORANDUM in Support re 26 MOTION to Dismiss filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/22/2011) |
|---|---|---|---|
| 07/22/2011 | 28 | | RESPONSE to 20 Motion for Preliminary Injunction filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/22/2011) |
| 07/22/2011 | 29 | | OBJECTION to 20 Motion for Preliminary Injunction by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/22/2011) |
| 07/22/2011 | 30 | | RESPONSE in Opposition re 20 MOTION for Preliminary Injunction *and/or Permanent Injunction* filed by David Livesay. (Bleyer, Joseph) (Entered: 07/22/2011) |
| 07/25/2011 | 31 | | MOTION to Appear Pro Hac Vice by AttorneyJonathan Lee Diesenhaus $100 fee paid,receipt number 0754–1465551 by on behalf of Brady Center to Prevent Gun Violence. (Diesenhaus, Jonathan) (Entered: 07/25/2011) |
| 07/25/2011 | 32 | | NOTICE of Appearance by Jonathan Lee Diesenhaus on behalf of Brady Center to Prevent Gun Violence (Diesenhaus, Jonathan) (Entered: 07/25/2011) |
| 07/25/2011 | 33 | | MOTION for Leave to File *Amicus Brief* by Brady Center to Prevent Gun Violence. (Attachments: # 1 Exhibit Amicus Brief)(Diesenhaus, Jonathan) (Entered: 07/25/2011) |
| 07/26/2011 | 34 | | ORDER (NJR/dka) granting 31 MOTION to Appear Pro Hac Vice by Attorney Jonathan Lee Diesenhaus on behalf of Brady Center to Prevent Gun Violence. (dka, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/26/2011) |
| 07/27/2011 | 35 | | NOTICE of Appearance by David A. Simpson on behalf of Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn (Simpson, David) (Entered: 07/27/2011) |
| 07/29/2011 | 36 | | ORDER granting 33 Motion for Leave to File Amicus Curiae Brief by Brady Center To Prevent Gun Violence (brief is support of defendants). Brady Center is HEREBY directed to file its Amicus Curiae Brief as a separate document, instanter. Signed by Judge William D. Stiehl on 7/29/2011. (jaf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/29/2011) |
| 08/02/2011 | 37 | | MEMORANDUM in Support re 26 MOTION to Dismiss filed by Brady Center to Prevent Gun Violence. (Diesenhaus, Jonathan) (Entered: 08/02/2011) |
| 08/08/2011 | 38 | | MOTION for Summary Judgment by Illinois State Rifle Association, Mary Shepard. Responses due by 9/12/2011 (Howard, William) (Entered: 08/08/2011) |
| 08/08/2011 | 39 | | MEMORANDUM in Support re 38 MOTION for Summary Judgment filed by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Affidavit Mary Shepard, # 2 Affidavit Donald Moran)(Howard, William) (Entered: 08/08/2011) |

| 08/15/2011 | 40 | | RESPONSE to Motion re 26 MOTION to Dismiss filed by Illinois State Rifle Association. (Howard, William) (Entered: 08/15/2011) |
|---|---|---|---|
| 08/23/2011 | 41 | | RESPONSE to Motion re 24 MOTION to Dismiss *pursuant to FRCP 12(b)(1) AND 12(b)(6)* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 08/23/2011) |
| 08/29/2011 | 42 | | MOTION to Appear Pro Hac Vice by AttorneyCharls J Cooper $100 fee paid,receipt number 0754–1491695 by on behalf of National Rifle Association of America, Inc.. (Cooper, Charles) (Entered: 08/29/2011) |
| 08/29/2011 | 43 | | NOTICE of Appearance by Charles J Cooper on behalf of National Rifle Association of America, Inc. (Cooper, Charles) (Entered: 08/29/2011) |
| 08/29/2011 | 44 | | MOTION for Leave to File *Amicus Brief in Support of Plaintiffs' Motion for Summary Judgment* by National Rifle Association of America, Inc.. (Attachments: # 1 Exhibit A – Amicus Brief)(Cooper, Charles) (Entered: 08/29/2011) |
| 08/29/2011 | 45 | | ORDER (NJR/dka) granting 42 MOTION to Appear Pro Hac Vice by Attorney Charles J Cooper for National Rifle Association of America, Inc. (dka, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/29/2011) |
| 08/29/2011 | 46 | | REPLY to Response to Motion re 26 MOTION to Dismiss filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Simpson, David) (Entered: 08/29/2011) |
| 09/02/2011 | 47 | | MOTION to Defer Ruling re 38 MOTION for Summary Judgment by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 09/02/2011) |
| 09/02/2011 | 48 | | EXHIBIT by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Exhibit to 47 Motion for Miscellaneous Relief. (Corrigan, Terence) (Entered: 09/02/2011) |
| 09/02/2011 | 49 | | MOTION Defer Ruling on Summary Judgment by David Livesay. (Bleyer, Joseph) (Entered: 09/02/2011) |
| 09/12/2011 | 50 | | MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response *to Motion for Preliminary Injunction* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Attachments: # 1 Kachalsky Opinion)(Corrigan, Terence) (Entered: 09/12/2011) |
| 09/16/2011 | 51 | | RESPONSE to Motion re 47 MOTION to Defer Ruling re 38 MOTION for Summary Judgment filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 09/16/2011) |
| 09/26/2011 | 52 | | RESPONSE to Motion re 50 MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response *to Motion for Preliminary Injunction* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 09/26/2011) |
| 11/16/2011 | 53 | | ORDER DENYING 22 Motion for Hearing on Motion for Preliminary Injunction as moot; DENYING 25 Motion for Extension of Time filed by defendant Livesay as moot, defendant's brief having been filed; GRANTING |

| | | | |
|---|---|---|---|
| | | | 44 Motion for Leave to File Amicus Brief by National Rifle Association, and brief shall be filed instanter; GRANTING 50 Motion for leave to file supplemental authority. Signed by Judge William D. Stiehl on 11/16/2011. (jaf) (Entered: 11/16/2011) |
| 11/17/2011 | 54 | | RESPONSE to Motion re 44 MOTION for Leave to File *Amicus Brief in Support of Plaintiffs' Motion for Summary Judgment* filed by National Rifle Association of America, Inc.. (Thompson, David) (Entered: 11/17/2011) |
| 02/06/2012 | 55 | | MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Attachments: # 1 Supplemental Authority)(Simpson, David) (Entered: 02/06/2012) |
| 02/08/2012 | 56 | | RESPONSE to Motion re 55 MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 02/08/2012) |
| 03/30/2012 | 57 | | ORDER DISMISSING CASE, the Court GRANTS defendants motions 24 and 26 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and plaintiffs complaint is DISMISSED. The Court GRANTS defendants motion to cite supplemental authority 55 . All remaining motions 20 38 47 49 are DENIED as moot. Signed by Judge William D. Stiehl on 3/30/2012. (jaf) (Entered: 03/30/2012) |
| 04/02/2012 | 58 | | NOTICE OF APPEAL as to 57 Order Dismissing Case, Terminate Motions,, by Illinois State Rifle Association, Mary Shepard. Filing fee $ 455, receipt number 0754−1661552. (Attachments: # 1 Exhibit A)(Howard, William) (Entered: 04/02/2012) |
| 04/03/2012 | 59 | | Transmission of Short Record to US Court of Appeals re 58 Notice of Appeal Appeal Record due to be prepared by 4/16/2012. (trb) (Entered: 04/03/2012) |
| 04/03/2012 | 60 | | Circuit Rule 10 Letter (trb) (Entered: 04/03/2012) |
| 04/03/2012 | 61 | | USCA Case Number 12−1788 for 58 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association. (slj) (Entered: 04/03/2012) |
| 04/09/2012 | | | Record on Appeal Prepared re 58 Notice of Appeal and placed in records of appeal under 10 mb in its own folder 12−1788. (trb) (Entered: 04/09/2012) |
| 04/10/2012 | 62 | | DESIGNATION of Record on Appeal by Illinois State Rifle Association, Mary Shepard re 58 Notice of Appeal (Howard, William) (Entered: 04/10/2012) |
| 04/10/2012 | 63 | | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Howard, William) (Entered: 04/10/2012) |
| 04/13/2012 | 64 | | ORDER of USCA as to 58 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (drb) (Entered: 04/13/2012) |
| 05/09/2012 | 65 | | Request from USCA to transmit Record on Appeal re 58 Notice of Appeal (cekf) (Entered: 05/09/2012) |
| 05/10/2012 | 66 | | Certified and Transmitted Record on Appeal to US Court of Appeals re 58 Notice of Appeal (tkm ) (Entered: 05/10/2012) |

| 05/14/2012 | 67 | | Acknowledgment of receipt of Record on Appeal by USCA 7 re 58 Notice of Appeal. Contents of Records: 2 vol. of pleadings.(jlrr ) (Entered: 05/14/2012) |
|---|---|---|---|
| 02/22/2013 | 68 | | ORDER of USCA as to 58 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (cekf) (Entered: 02/22/2013) |
| 03/14/2013 | 69 | | NOTICE of Change of Address by William N Howard (Howard, William) (Entered: 03/14/2013) |
| 06/04/2013 | 70 | | ORDER of USCA as to 58 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (jlrr ) (Entered: 06/04/2013) |
| 07/09/2013 | 71 | | NOTICE of Appearance by Karl Triebel on behalf of Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn (Triebel, Karl) (Entered: 07/09/2013) |
| 07/09/2013 | 72 | | MANDATE of USCA as to 58 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (Attachments: # 1 Opinion, # 2 Final Judgment, # 3 Rehearing Order, # 4 Bill of Costs (1), # 5 Bill of Costs (2))(drb) (Entered: 07/09/2013) |
| 07/09/2013 | 73 | | MOTION to Dismiss for Lack of Jurisdiction *(moot)* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Responses due by 8/12/2013 (Triebel, Karl) (Entered: 07/09/2013) |
| 07/10/2013 | 74 | | RESPONSE to Motion re 73 MOTION to Dismiss for Lack of Jurisdiction *(moot)* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/10/2013) |
| 07/10/2013 | 75 | | MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/10/2013) |
| 07/10/2013 | 76 | | MOTION to Expedite Briefing on Plaintiffs' re 75 MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/10/2013) |
| 07/11/2013 | 77 | | RESPONSE to Motion re 76 MOTION to Expedite Briefing on Plaintiffs' re 75 MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/11/2013) |
| 07/12/2013 | 78 | | MOTION to Dismiss *as Moot pursuant to FRCP 12(b)(1)* by David Livesay. Responses due by 8/15/2013 (Bleyer, Joseph) (Entered: 07/12/2013) |
| 07/12/2013 | 79 | | RESPONSE to 78 Motion to Dismiss *filed by Defendant, Sheriff David Livesay,* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/12/2013) |
| 07/12/2013 | 80 | | NOTICE of Appearance by K. Rockne Bleyer on behalf of David Livesay (Bleyer, K.) (Entered: 07/12/2013) |
| 07/12/2013 | 81 | | ORDER GRANTING leave to file additional briefs ( Action due by 7/18/2013.). Signed by Judge William D. Stiehl on 7/12/2013. (jaf) (Entered: 07/12/2013) |
| 07/16/2013 | 82 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Charles J Cooper on behalf of Illinois State Rifle Association, Mary Shepard (Cooper, Charles) (Entered: 07/16/2013) |
| 07/16/2013 | 83 | | MOTION to Appear Pro Hac Vice by AttorneyDavid H. Thompson $100 fee paid,receipt number 0754–2019985 by on behalf of Illinois State Rifle Association, Mary Shepard. (Thompson, David) (Entered: 07/16/2013) |
| 07/16/2013 | 84 | | ORDER (NJR/dka) granting 83 MOTION to Appear Pro Hac Vice by Attorney David H. Thompson on behalf of Mary Shepard, Illinois State Rifle Association.(dka, ) (Entered: 07/16/2013) |
| 07/16/2013 | 85 | | NOTICE of Appearance by David H. Thompson on behalf of Illinois State Rifle Association, Mary Shepard (Thompson, David) (Entered: 07/16/2013) |
| 07/18/2013 | 86 | | MEMORANDUM in Support re 73 MOTION to Dismiss for Lack of Jurisdiction *(moot)* filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Triebel, Karl) (Entered: 07/18/2013) |
| 07/18/2013 | 87 | | SUPPLEMENT by Illinois State Rifle Association, Mary Shepard. Supplement to 79 Response *to Defendants' Motion to Dismiss*. (Howard, William) (Entered: 07/18/2013) |
| 07/20/2013 | 88 | | MEMORANDUM in Support re 78 MOTION to Dismiss *as Moot pursuant to FRCP 12(b)(1)* filed by David Livesay. (Bleyer, Joseph) (Entered: 07/20/2013) |
| 07/26/2013 | 89 | 12 | ORDER DISMISSING CASE for lack of subject matter jurisdiction. MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction 75 filed by Mary Shepard, Illinois State Rifle Association is DISMISSED; MOTION to Expedite Briefing 76 filed by Mary Shepard, Illinois State Rifle Association is DENIED as moot; MOTION to Dismiss 78 filed by David Livesay, AND MOTION to Dismiss for Lack of Jurisdiction 73 filed by Tyler R Edmonds, Patrick J Quinn, Lisa M Madigan are GRANTED. ACTION DUE by 8/9/2013––parties to brief issue of award of costs and fees. Signed by Judge William D. Stiehl on 7/26/2013. (jaf ) (Entered: 07/26/2013) |
| 07/29/2013 | 90 | 23 | NOTICE by Illinois State Rifle Association, Mary Shepard *NOTICE OF APPEAL* (Attachments: # 1 Exhibit A)(Howard, William) (Entered: 07/29/2013) |