IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-00405-WDS-PMF |
| v. | ) ) ) | Honorable Judge William D. Stiehl |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Philip M. Frazier |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND TAXABLE COSTS**

Pursuant to Federal Rule of Civil Procedure 54 and this Court's orders of July 26 and August 7, 2013 (Docs. 89 & 99), Plaintiffs hereby submit this motion for an award of attorneys' fees, expenses, and taxable costs.  In support of their motion, Plaintiffs state as follows:

1.      Plaintiffs challenged Illinois law barring law-abiding citizens from carrying firearms in public.  The Seventh Circuit held that Illinois's "flat ban on carrying ready-to-use guns outside the home" violates the Second Amendment.  *Moore v. Madigan*, 702 F.3d 933, 940 (7th Cir. 2012).

2.      Under 42 U.S.C. § 1988, prevailing parties in a suit, like this one, brought pursuant to 42 U.S.C. § 1983 are eligible for an award of attorneys' fees as part of the costs.  42

1

U.S.C. § 1988(b).  Plaintiffs prevailed in this litigation on the basis of the Seventh Circuit's

ruling, and they are thus eligible for an award of attorneys' fees under § 1988.

      3.     Prevailing plaintiffs "are entitled to their attorneys' fees 'as a matter of course.' "

*King v. Illinois State Bd. of Elections*, 410 F.3d 404, 415 (7th Cir. 2005).  Fees are to be denied

to prevailing plaintiffs only if "special circumstances would render such an award unjust,"

*Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation marks omitted), and no such special

circumstances are present here.

      4.     Plaintiffs' fee award should be a "fully compensatory" one.  *Hensley*, 461 U.S. at

435.  A fully compensatory award "[n]ormally . . . will encompass all hours reasonably expended

on the litigation."  *Id*.  In addition to fees reflecting hours spent securing relief on the merits, a

fully compensatory award also includes "expenses of litigation that are distinct from . . . the costs

of the lawyer's time reflected in hourly billing rates," *Downes v. Volkswagen of Am., Inc.*, 41

F.3d 1132, 1144 (7th Cir. 1994), and hours spent litigating a claim for attorneys' fees, *Bond v.

Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980).

      5.     Plaintiffs at this time are requesting fees of $627,859.00 and expenses of

$12,441.65.  Should Plaintiffs prevail on this motion, they request the Court's leave to submit

supplemental materials reflecting additional costs incurred securing the fee award.

      6.     As prevailing parties, Plaintiffs are also entitled to $791.00 in taxable costs under

Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, as reflected in their Bill of Costs.

      7.     Plaintiffs' motion is supported by an accompanying brief and declarations of

David H. Thompson, William N. Howard, and Stephen P. Halbrook.

      For these reasons, the Court should grant Plaintiffs' motion and award Plaintiffs

attorneys' fees of $627,859.00, expenses of $12,441.65, and taxable costs of $791.00.  In

addition, the Court should grant Plaintiffs leave to submit supplemental materials reflecting

additional costs incurred securing the fee award.

Dated:  December 27, 2013                       Respectfully submitted,

William N. Howard                               s/ Charles J. Cooper
LOCKE LORD LLP                                  Charles J. Cooper*
111 S. Wacker Dr.                               David H. Thompson*
Chicago, Illinois 60606                         COOPER & KIRK, PLLC
Tel: (312) 443-0333                             1523 New Hampshire Avenue, N.W.
Fax: (312) 896-6433                             Washington, D.C. 20036
whoward@lockelord.com                           Tel: (202) 220-9600
                                                Fax: (202) 220-9601
                                                ccooper@cooperkirk.com
                                                *Admitted *pro hac vice*.

                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Motion for Attorneys' Fees, Expenses, and Taxable Costs** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **27th** day of **December, 2013**.

By:    s/ Charles J. Cooper

## SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 South Second Street
Springfield, IL 62706
Tel: (217) 782-5819
Fax: (217) 524-5091
tcorrigan@atg.state.il.us

Joseph A. Bleyer
BLEYER & BLEYER
601 West Jackson
P.O. Box 487
Marion, IL 62959
Tel: (618) 997-1331
jableyer@bleyerlaw.com

Jonathan Lee Diesenhaus
HOGAN LOVELLS LLP
555 13th Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5416
Fax: (202) 637-5910
jonathan.diesenhaus@hoganlovells.com

David A. Simpson
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601
Tel: (312) 814-3419
dasimpson@atg.state.il.us

Karen L. McNaught
Illinois Attorney General's Office -
Springfield
500 South Second Street
Springfield, IL 62706
Tel: (217) 782-1841
Fax: (217) 524-5091
kmcnaught@atg.state.il.us

Karl Triebel
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601
Tel: (312) 814-2391
Fax: (312) 814-2253
ktriebel@atg.state.il.us