IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-00405-WDS-PMF |
| v. | ) ) ) | |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge William D. Stiehl Magistrate Judge Philip M. Frazier |
| Defendants. | ) ) ) | |

## DECLARATION OF DAVID H. THOMPSON

I, David H. Thompson, hereby declare as follows:

1.      I submit this declaration in support of Plaintiffs' motion for award of reasonable attorneys' fees, costs, and expenses as the prevailing party in this litigation.  I am the Managing Partner of Cooper & Kirk, PLLC ("Cooper & Kirk" or "the Firm"), and the Firm represented the Plaintiffs in connection with this case.

2.      I joined the Firm at its founding in 1996.  I have extensive trial and appellate experience in a wide range of matters.  I am a member of the bars of the United States Supreme Court; the United States Courts of Appeals for the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, and Federal Circuits; Courts of the State of New York and the District of Columbia;

1

the United States District Court for the District of Columbia; and the United States Court of Federal Claims.  I am a *cum laude* graduate of the Harvard Law School and a *magna cum laude* graduate of Harvard College.

3.      In my experience as Managing Partner of Cooper & Kirk, I have become familiar with the economics of law practice, billing rates, billing practices, and the settling and collection of legal fees in cases akin to the instant case in factual and legal complexity, in risk and expense levels, and in the degree of professional demands placed upon myself, my partners, my associates, and my staff.  I have derived this knowledge from a variety of sources, including my personal experience negotiating fee arrangements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis.  Moreover, I have significant experience related to billing practices for constitutional litigation in cases before all levels of the federal judicial system, including the United States Supreme Court.  In the past, I have been retained as an expert by a major law firm to opine on the reasonableness of the firm's fees in a dispute with a former client.  This past semester, I served as a visiting professor at the University of Georgia Law School and taught a class entitled Lawyering in Public.  One of the topics addressed in this class was the economics of litigating a constitutional case.

4.      I am familiar with the Firm's policies, practices, and procedures governing the recording and maintenance of time and expense reports.  I am also familiar with Cooper & Kirk's standard hourly rates customarily charged for professional services delivered to clients who (a) hire the Firm for a particular case or matter on a pure hourly basis and generally pay their bills within 30 to 60 days; (b) assume responsibility for paying for all expenses; and (c) agree to pay the Firm's hourly rates without regard to the outcome of the case.

5.      In staffing this case, I endeavored to keep the number of personnel assigned to the case to the minimum necessary to represent Plaintiffs in an efficient manner.  Given the complexity and importance of the constitutional issues presented in this case, the quantity of time devoted by Cooper & Kirk professionals to this case and detailed here is reasonable, necessary, and fully deserving of compensation.

6.      Attached as Exhibit A is a true and correct copy of the summary of attorneys' fees and expenses for Cooper & Kirk through November 2013.  These entries are derived from the actual charges billed by the firm for its work on this case and paid by the National Rifle Association of America, Inc. ("NRA") on behalf of the Plaintiffs.  The entries were derived from entries in the Firm's Timeslips database which is maintained in the ordinary course of the Firm's business.  The database entries are recorded at or about the time of the events recorded.  Because November 2013 is the most recent month for which we have sent a bill in this case, that is also the most recent month reflected in Exhibit A.  We plan, with the Court's permission, to submit additional time and expenses reasonably incurred after November 2013 in a supplemental filing.

7.      I have reviewed all of the time entries and expenditures for this case and in the exercise of billing judgment reduced or eliminated scores of hours.  For example, I have sought to eliminate all hours spent on preparing the NRA's amicus brief in this Court and all hours spent defending against the State's motion to dismiss this case on mootness grounds.  I have also sought to eliminate any hours that I believe were potentially unproductive or that were otherwise not the proper subject of a fee request.

8.      Although Cooper & Kirk did not appear for Plaintiffs until the initial appeal in this matter, attorneys from the Firm represented and performed work for Plaintiffs during all stages of this litigation, as demonstrated by the billing records in Exhibit A.  Cooper & Kirk's

services before this Court included reviewing and revising pleadings, drafting briefs and motions, and generally assisting with crafting Plaintiffs' legal arguments and strategy.  On appeal, Cooper & Kirk attorneys worked on drafting Plaintiffs' briefs, preparing for argument, and defending Plaintiffs' victory against Defendants' attempt to secure en banc review.  And, of course, Mr. Cooper successfully argued the case before the Seventh Circuit.

9.      The hourly rates sought by Cooper & Kirk reflect the rate actually paid to the Firm in this case.  Thus, the hourly rates sought here reflect the rates actually paid to the Firm in typical arm's-length, market-rate transactions.  Indeed, in light of the non-profit status of the NRA (which paid for the rates incurred by Plaintiffs in this case), the hourly rates we charged and that we seek here reflect a discount on rates the Firm has charged to other clients in litigation of similar complexity and magnitude.

10.      From the inception of the Firm's involvement in this case, I have had personal familiarity with the work performed by attorneys assigned to this case.  The following Cooper & Kirk attorneys have worked on this case:

a.      Charles J. Cooper

Charles J. Cooper is a founding member and the chairman of Cooper & Kirk.  He has made multiple appearances before the United States Supreme Court and was named by The National Law Journal as one of the 10 best civil litigators in Washington.  As discussed below, Mr. Cooper and the Firm have significant experience litigating Second Amendment cases.

In 1985 President Reagan appointed Mr. Cooper to the position of Assistant Attorney General for the Office of Legal Counsel.  Mr. Cooper reentered private practice in 1988, as a partner in the Washington, D.C. office of McGuire Woods.  From 1990 until the founding of

Cooper & Kirk in 1996, he was a partner at Shaw, Pittman, Potts & Trowbridge where he headed the firm's Constitutional and Government Litigation Group.

Mr. Cooper's practice is national in scope and is concentrated in areas of constitutional and civil rights litigation.

Mr. Cooper is especially experienced in challenges to legislation on constitutional grounds. He litigated the 1998 case *Clinton v. City of New York* to its conclusion in the Supreme Court, where the Line-Item Veto Act was struck down as unconstitutional. 524 U.S. 417 (1998).

Mr. Cooper oversaw litigation in the landmark case of *McConnell v. Federal Election Commission*, a predecessor to the recent *Citizens United v. F.E.C.* case, where diverse groups including the California Democratic Party and the NRA challenged the constitutionality of the McCain-Feingold Act. 540 U.S. 93 (2003).

And as detailed below, Mr. Cooper has extensive experience litigating Second Amendment cases. He has also testified before Congress on Second Amendment matters.

Mr. Cooper has argued in all but one of the federal courts of appeals.

A full *curriculum vitae* for Charles J. Cooper is attached as Exhibit B.

b.      David H. Thompson

I have considerable experience in constitutional matters, having litigated numerous cases involving the Second Amendment, freedom of speech, civil rights, voting rights, takings of property, and separation of powers issues. I have represented numerous clients before a majority of the federal courts of appeals, numerous district courts, and the Supreme Court.

I have also served as an adjunct faculty member at Georgetown University Law Center and as a visiting professor at the University of Georgia Law School's campus in the District of

Columbia.  The class I taught most recently is Lawyering in Public, a course focusing on how to litigate high profile cases.  I have also spoken frequently on trial tactics.

I advise the NRA on a range of cases involving the Second Amendment, and I have represented the NRA and other clients in numerous Second Amendment cases in state and federal courts across the country.

My full *curriculum vitae* is attached as Exhibit C.

c.      Howard C. Nielson, Jr.

Mr. Nielson is a Partner with the Firm, and he has extensive litigation, government, and academic experience in the field of constitutional law.  He has also litigated numerous cases in a variety of other areas, including government contracts, antitrust, and administrative law. In addition to his practice at Cooper and Kirk, Mr. Nielson is a Distinguished Lecturer at the J. Reuben Clark Law School at Brigham Young University, where he teaches classes on constitutional law, national security, and foreign affairs law. In 2008, Mr. Nielson was appointed to serve as a member of the Utah Supreme Court's Ethics and Discipline Committee.

Before joining Cooper & Kirk, Mr. Nielson served from 2001 to 2005 at the U.S. Department of Justice. From 2001 to 2003 he was Counsel to the Attorney General, in which capacity he advised the Attorney General on a variety of legal matters and supervised high profile litigation relating to national security and other departmental priorities. In 2003 he was appointed Deputy Assistant Attorney General for the Office of Legal Counsel, which provides legal opinions and informal advice to the White House, the Attorney General, and Executive Branch Departments and Agencies on issues covering the full spectrum of international, constitutional, statutory, and regulatory law. Mr. Nielson served in this capacity for two years, during which time

his work involved a broad range of issues relating to national security and other areas of constitutional, statutory, and international law.

Prior to his work at the Justice Department, Mr. Nielson practiced law from 1999 to 2001 as an associate in the Issues and Appeals Practice Group at Jones, Day, Reavis & Pogue (now Jones Day) in Washington, D.C. He worked on a variety of litigation and other matters, especially in the areas of constitutional and employment law. Before that time he served as a law clerk to Judge J. Michael Luttig of the United States Court of Appeals for the Fourth Circuit, and to Justice Anthony M. Kennedy.

Mr. Nielson graduated with high honors from the University of Chicago Law School in 1997, and he graduated *summa cum laude* from Brigham Young University in 1992.  Mr. Nielson's current hourly rate is $585 per hour.

d.    Nicole Jo Moss

Ms. Moss graduated first in her class with a Bachelors Degree in International Relations from Hawaii Pacific University in December of 1996 where she was a member of the Alpha Chi and Phi Sigma Alpha honor societies. She taught political science at HPU as an adjunct professor prior to attending law school.

Ms. Moss received her law degree cum laude from Harvard University Law School where she was articles editor for the Harvard Journal of Law and Public Policy. She also served as president for the Harvard Law School Federalist Society for Law and Public Policy and as a board-member of the Student Public Interest Network.

After graduating law school, Ms. Moss joined the election law and litigation practice groups of the D.C. office of Covington & Burling where she worked on the constitutional challenge to the Bi-partisan Campaign Reform Act. In 2003, Ms. Moss joined her marine-husband in

North Carolina where she practiced law with a small firm with a dedicated trial and complex

class action practice. She has had multiple jury and bench trials and has worked on numerous

complex, multi-state class actions.

Ms. Moss joined the firm in 2004.  Her current hourly rate is $495 per hour.

e.     Peter A. Patterson

Mr. Patterson joined Cooper & Kirk as an associate in 2009 after serving as Associate

Counsel to the President in the White House Counsel's office, and he was recently promoted to

partner.  Since joining the Firm he has litigated numerous cases implicating constitutional issues,

including cases involving the Second Amendment, freedom of speech, takings of property, equal

protection, and due process.  For the past two years he has also taught an appellate litigation clin-

ic at the University of Cincinnati College of Law.

Before joining the White House, Mr. Patterson was a law clerk for Judge Jeffrey S. Sut-

ton of the United States Court of Appeals for the Sixth Circuit.  Mr. Patterson graduated in the

top ten percent of his class at Stanford Law School 2006, and he graduated with University

Honors from Carnegie Mellon University in 2000.

Mr. Patterson is admitted to practice before the United States Supreme Court; the United

States Courts of Appeals for the Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, and Federal Cir-

cuits; courts of the State of Ohio and the District of Columbia; the United States District Courts

for the Southern District of Ohio and the District of Columbia; and the United States Court of

Federal Claims.  Mr. Patterson's current hourly rate is $425 per hour.

f.     Adam Gustafson

Adam Gustafson was an associate at Cooper & Kirk from 2011 to 2013; he recently left

the Firm to join Boyden Gray & Associates, PLLC.  Before joining Cooper & Kirk, Mr. Gus-

tafson served as a law clerk for Judge Janice Rogers Brown of the D.C. Circuit and Judge Rich-ard R. Clifton of the Ninth Circuit.  Mr. Gustafson is a graduate of Yale Law School and the University of Virginia.  The firm charged $355 per hour for Mr. Gustafson's work in this litiga-tion.

11.     Additional Cooper & Kirk staff, including legal assistants, law clerks, and sum-mer associates, have spent time on this litigation, and their reasonable hours and billing rates are also reflected in Exhibit A.  Again, the rates reflected in Exhibit A are the rates Cooper & Kirk charged in this litigation.  Other expenses reasonably incurred by Cooper & Kirk and charged to the NRA on behalf of Plaintiffs are also reflected in Exhibit A.

12.     Cooper & Kirk was well qualified to represent Plaintiffs in this litigation given its experience litigating Second Amendment matters.  We have considerable expertise in Second Amendment litigation.  Mr. Cooper argued a case in the Fifth Circuit, *United States v. Emerson*, which held that the Second Amendment guarantees individuals the right to keep and bear arms.  270 F.3d 203 (5th Cir. 2001).  *Emerson* involved a challenge to the constitutionality of federal law prohibiting, in some circumstances, the possession of firearms.  Although that challenge did not succeed, *Emerson* became a touchstone for future landmark constitutional jurisprudence of the Second Amendment.

In the United States Supreme Court's seminal case of *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Firm submitted an amicus brief on behalf of former senior Department of Justice officials urging the Court to hold that the Second Amendment guarantees an individual right to keep and bear arms.  And while not counsel of record, the Firm assisted in representing the NRA in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010).  The NRA was a party before the Supreme Court in *McDonald*, the case incorporating *Heller*'s Second Amendment holding

against the states.  Following *Heller* and *McDonald*, the firm has been active in representing both parties and amici in cases involving the Second Amendment.  Even limited to cases that are currently pending, the list of such cases includes:  *NRA v. McCraw*, No. 13-390 (U.S.) (petition for writ of certiorari pending) (counsel of record for petitioners in challenge to Texas ban on law-abiding, 18-20-year-old adults carrying firearms in public); *NRA v. BATFE*, No. 13-137 (U.S.) (petition for writ of certiorari pending) (counsel for petitioners in challenge to federal law restricting handgun sales to law-abiding, 18-20-year-old adults); *Illinois Association of Firearms Retailers v. City of Chicago*, No. 1:10-cv-4184 (N.D. Ill.) (represent plaintiffs in challenge to provisions of Chicago's post-*Heller/McDonald* gun ordinance); *Wollschlaeger v. Governor, State of Florida*, No. 12-14009 (11th Circuit) (represent amicus in defense of State law addressing physician inquiries regarding patients' firearm ownership); *Shew v. Malloy*, No. 3:13-cv-739 (D. Ct.) (represent amicus in challenge to law restricting so-called "assault weapons" and "large capacity" magazines); *New York State Rifle & Pistol Association, Inc. v. Cuomo*, No. 1:13-cv-291 (W.D.N.Y.) (same); *Doe v. Wilmington Housing Authority*, No. 403, 2013 (Del.) (represent amicus in certification procedure in challenge to restriction on carrying firearms in public housing facilities).

13.    Mr. Cooper has been involved in the Firm's representation in each of the matters listed in the prior paragraph, and Mr. Patterson and I have been involved in most of them.

14.    The Firm's Second Amendment representations support Plaintiffs' entitlement to our fees in this case in several respects.

15.    First, as explained in the brief accompanying Plaintiffs' motion, an attorney's reasonable hourly rate for purposes of an attorneys' fee award is "to be calculated according to the prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

And the "relevant community" may refer to a "community of practitioners," rather than any particular local market, when "the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 490 (7th Cir. 2009).  The Firm's frequent and nationwide participation in Second Amendment matters shows both that there is a nationwide market for legal services in this area and that the Firm is part of that market.

16.     Second, in *NRA v. Oak Park*, 871 F. Supp.2d 781 (N.D. Ill. 2012)—the case which was consolidated with *McDonald* on appeal and in which the Firm represented the NRA, as described above—the court found that Cooper & Kirk's hours were reasonable.  *See id.* at 791.  And to the extent the relevant time periods overlap, the hourly rates the firm charged and the NRA recovered in that case are the same as the rates the firm charged in this case.  *Compare* Declaration of David H. Thompson Exhibit A at 7, *NRA v. Oak Park*, No. 1:08-cv-3697 (N.D. Ill.), ECF No. 107-1, at 8 (rate of $565/hr. for Mr. Thompson's time in 2011), *with* Exhibit A at 1 (same).  (Mr. Thompson's declaration in *NRA v. Oak Park* case and Exhibit A to that declaration are attached hereto as Exhibit D.)

17.     Third, rates of attorneys in cases in which Cooper & Kirk has participated provide additional support for the reasonableness of our fees.

a.     In *NRA v. Oak Park*, for example, in addition to Cooper & Kirk the NRA was represented by lawyers from King & Spaulding and Bancroft PLLC led by Paul Clement.  According to evidence submitted by Mr. Clement in that case, his hourly rate in early 2012 was $1020 per hour.  *See* Declaration of Paul Clement Exhibit 4, *NRA v. Oak Park*, No. 1:08-cv-3697 (N.D. Ill.), ECF No. 111-1, at 30.  Other partners at Bancroft and King & Spalding charged hourly rates of $950, $710, and $640, and associates charged $500 and $460 per hour.  *See* Declaration of

Paul Clement at 7-10, *NRA v. Oak Park*, No. 1:08-cv-3697, ECF No. 111, at 7-10; Declaration of Paul Clement Exhibits 3 & 4, ECF No. 111-1, at 28, 30.  (Mr. Clement's *NRA* Declaration, and Exhibits 3 and 4 thereto, are attached hereto as Exhibit E.)  The court rejected the defendants' challenge to Mr. Clement's rates.  *See NRA*, 871 F. Supp.2d at 788.

       b.      Attorneys from Goodwin Procter LLP also represented the NRA in *Oak Park*. Evidence submitted in that case shows that in 2010 Goodwin Procter charged rates ranging from $615 per hour to $880 per hour for partners and $430 per hour to $535 per hour for non-partners. *See* Affidavit of Kevin P. Martin Exhibit C, *NRA v. Oak Park*, No. 1:08-cv-03697 (N.D. Ill.), ECF No. 110-1 at 18 (attached hereto as Exhibit F).  The court rejected the defendants' challenge to the rates of the partner charging $880 per hour.  *See NRA*, 871 F. Supp.2d at 788.

       c.      The hourly rates of the firms that filed amicus briefs in the *McDonald* case in the Supreme Court also demonstrate the reasonableness of Cooper & Kirk's fees.  Some of these briefs were submitted by attorneys at some of Chicago's (and the nation's) most prestigious and premium-priced law firms.  These included O'Melveny & Meyers LLP, Winton & Strawn LLP, Nixon Peabody LLP, Boies, Schiller & Flexner LLP, Munger, Tolles & Olsen LLP, Sidley Austin LLP, Dewey & Lebouef LLP, and Wilmer Cutler Pickering Hale & Dorr LLP.  Several examples demonstrate that these firms' hourly rates are entirely consistent with—indeed generally exceed—the hourly rates we have charged.

       The National Law Journal regularly surveys and reports the fees of lawyers at national law firms.  These surveys, which are made available for purchase, have been cited in fee declarations in other cases, including in *Heller*.  Exhibits G through I are from filings in that case.  For example, Chicago firm Winston & Strawn bills $513 for top associates.  Exhibit G.  For partners at these firms, hourly rates are higher.  The average rate of partners at Winston & Strawn is $638

dollars.  Exhibit H.  Rates for senior partners at these firms are significantly higher: some senior partners at Sidley Austin bill $950 per hour.  Exhibit I.  At Winston & Strawn, partners bill as much as $995 an hour.  Exhibit H.  And it should be noted that Exhibits G and H reflect the National Law Journal's 2009 survey.  As our submission in the *Oak Park* case shows, Mr. Cooper's rate was $815 per hour in 2009, and mine was $515 per hour.  *See* Exhibit E, Declaration of David H. Thompson Exhibit A at 6.

18.     As explained above, Exhibit A sets forth both the reasonable time spent by Cooper & Kirk attorneys in this case and the amount Cooper & Kirk charged for that time.  Exhibit A also presents a summary of the total amount of fees and expenses being sought at this time for Cooper & Kirk's work in this case:  $439,549.43.  *See* Exhibit A at 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of December, 2013, in _McLean, Virginia_

_____
David H. Thompson

# EXHIBIT A

## <u>INDEX TO EXHIBIT A</u>

Summary of Fees and Expenses ....................................................................................1

Detailed Fee Records .................................................................................................3

Detailed Expense Records .........................................................................................18

## SUMMARY OF FEES AND EXPENSES

### 2011

| Attorney/Staff Member | Rate | Hours | Total |
|---|---:|---:|---:|
| John C. Brown | $155.00 | 1.7 | $263.50 |
| Charles J. Cooper | $865.00 | 4.1 | $3,546.50 |
| Marissa Miller | $205.00 | 6.2 | $1,271.00 |
| Howard C. Nielson, Jr. | $525.00 | 4.0 | $2,100.00 |
| Peter A. Patterson | $395.00 | 96.8 | $38,236.00 |
| Howard Slugh | $120.00 | 10.0 | $1,200.00 |
| Megan L. Smith | $95.00 | 5.6 | $532.00 |
| David H. Thompson | $565.00 | 43.9 | $24,803.50 |
| | | | **$71,952.50** |

### 2012

| Attorney/Staff Member | Rate | Hours | Total |
|---|---:|---:|---:|
| Hailey A. Bair | $95.00 | 12.2 | $1,159.00 |
| John C. Brown | $160.00 | 19.1 | $3,056.00 |
| Charles J. Cooper | $895.00 | 131.1 | $117,334.50 |
| Adam Gustafson | $355.00 | 38.0 | $13,490.00 |
| Lizzie A. Lipovsky | $95.00 | 12.7 | $1,206.50 |
| Nicole Jo Moss | $480.00 | 13.4 | $6,432.00 |
| Howard C. Nielson, Jr. | $545.00 | 37.4 | $20,383.00 |
| Peter A. Patterson | $395.00 | 172.3 | $68,058.50 |
| Howard Slugh | $120.00 | 47.5 | $5,700.00 |
| David H. Thompson | $585.00 | 61.8 | $36,153.00 |
| | | | **$272,972.50** |

1

**2013**

| Attorney/Staff Member | Rate | Hours | Total |
|---|---|---|---|
| Hailey A. Bair | $105.00 | 7.0 | $735.00 |
| John C. Brown | $165.00 | 2.6 | $429.00 |
| Charles J. Cooper | $925.00 | 15.4 | $14,245.00 |
| Aaron C. Cummings | $150.00 | 12.0 | $1,800.00 |
| Charles S. Dameron | $225.00 | 21.2 | $4,770.00 |
| Lizzie A. Lipovsky | $105.00 | 4.3 | $451.50 |
| Marissa Miller | $225.00 | 65.3 | $14,692.50 |
| Nicole Jo Moss | $495.00 | 9.5 | $4,702.50 |
| Kevin Neylan | $225.00 | 35.2 | $7,920.00 |
| Howard C. Nielson, Jr. | $585.00 | 2.1 | $1,228.50 |
| Peter A. Patterson | $425.00 | 66.8 | $28,390.00 |
| Howard Slugh | $150.00 | 5.5 | $825.00 |
| David H. Thompson | $625.00 | 18.0 | $11,250.00 |
|  |  |  | $91,439.00 |

**TOTAL FEES:**       $436,364.00

**TOTAL EXPENSES:**     $3,185.43

**TOTAL:**         $439,549.43

2

**DETAILED FEE RECORDS**

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 05/06/11 | DHT | Draft and review correspondence re complaint. | 0.40 |
| 05/09/11 | DHT | Analyze draft complaint. | 0.40 |
| | DHT | Review emails re draft complaint. | 0.90 |
| | DHT | Review pertinent case law. | 0.40 |
| | HN | IL State.  Analyze issues relating to potential state court challenge to IL carriage statute. | 0.50 |
| 05/10/11 | CJC | Conference with D. Thompson re strategy. | 0.50 |
| | DHT | Review and revise draft complaint. | 1.20 |
| | DHT | Conference with C. Cooper re strategy. | 0.50 |
| 05/11/11 | DHT | Analyze draft complaint. | 0.70 |
| | DHT | Analyze venue and jurisdiction in each of the federal district courts of Illinois. | 0.90 |
| | DHT | Telephone conferences re filing in federal as opposed to state court. | 1.20 |
| | HN | IL State.  Analyze issues relating to potential state court challenge and discuss with co-counsel. | 0.30 |
| 05/12/11 | DHT | Analyze decisions of judges in southern district of Illinois. | 2.90 |
| | DHT | Analyze appropriate defendants for complaint. | 1.10 |
| 05/13/11 | DHT | Research relevant precedents in Southern District of Illinois. | 2.20 |
| | DHT | Revise draft complaint. | 0.90 |
| 05/25/11 | PP | Review Shepard memo. | 0.50 |
| 07/07/11 | CJC | Review SAF's preliminary injunction motion | 0.70 |
| | CJC | Prepare preliminary injunction motion in Shepard. | 0.90 |
| | DHT | Prepare preliminary injunction papers. | 5.90 |
| | HN | Research and analyze historical materials for PI motion. | 2.40 |
| | PP | Draft PI motion. | 0.60 |
| 07/08/11 | CJC | Conferences with D. Thompson re PI motion; prepare preliminary injunction motion in Shepard. | 1.80 |
| | DHT | Conference with P. Patterson re PI motion. | 0.60 |
| | DHT | Conferences with C. Cooper re PI motion; prepare preliminary injunction motion in Shepard. | 0.40 |
| | DHT | Prepare preliminary injunction papers. | 8.40 |
| | HN | Review draft PI motion and supporting declarations. | 0.80 |
| | PP | Draft PI motion; conference with D. Thompson re same. | 10.50 |
| 07/14/11 | MM | Research re originalism and date of inquiry for incorporation cases; draft memo on same for P. Patterson. | 6.20 |
| 07/18/11 | CJC | Conference with P. Patterson re 2d Amendment incorporation. | 0.20 |
| | PP | Research re 2d Amendment incorporation; conference | 0.40 |

3

| | | with C. Cooper re same. | |
|---|---|---|---|
| 07/21/11 | PP | Research re preliminary injunction. | 1.00 |
| 07/22/11 | DHT | Analyze feasibility of moving for summary judgment. | 0.70 |
| | PP | Review State Defendants' motion to dismiss, pi opposition. | 0.90 |
| | PP | Review Sheriff Livesay motion to dismiss. | 0.60 |
| 07/25/11 | PP | Research re summary judgment brief. | 0.20 |
| | PP | Draft response to motion to dismiss. | 4.90 |
| 07/26/11 | PP | Review Brady amicus brief. | 0.60 |
| 07/27/11 | DHT | Analyze strategic options for expediting final resolution of case. | 0.40 |
| | PP | Review State PI opposition. | 0.40 |
| | PP | Draft message re summary judgment brief/opposition to motion to dismiss. | 0.20 |
| 07/28/11 | HS | Compare motions and briefs filed by Illinois in Moore and Shepard. | 3.00 |
| | JCB | Proof, edit and cite check brief. | 0.90 |
| 07/29/11 | HS | Research re English historical sources. | 7.00 |
| | PP | Review State preliminary injunction response. | 0.60 |
| 08/01/11 | DHT | Draft motion for summary judgment. | 0.60 |
| | PP | Draft motion for summary judgment; opposition to motion to dismiss; research re same | 3.70 |
| 08/02/11 | DHT | Conference call re briefing strategy. | 0.20 |
| | DHT | Draft summary judgment brief. | 0.60 |
| | PP | Draft summary judgment brief. | 5.50 |
| | PP | Review Brady Center brief. | 0.10 |
| 08/03/11 | DHT | Prepare summary judgment brief. | 0.40 |
| | PP | Draft summary judgment brief. | 9.50 |
| 08/04/11 | DHT | Draft motion for summary judgment. | 2.30 |
| 08/05/11 | DHT | Analyze Shepard declaration. | 0.30 |
| | DHT | Further work on summary judgment brief. | 0.70 |
| | PP | Draft opposition to motion to dismiss. | 6.90 |
| 08/08/11 | DHT | Finalize summary judgment brief. | 0.90 |
| | PP | Draft summary judgment brief. | 3.20 |
| | PP | Draft opposition to State motion to dismiss | 5.10 |
| 08/09/11 | DHT | Prepare summary judgment brief. | 0.60 |
| | PP | Review summary judgment filings. | 0.20 |
| | PP | Research re opposition to State motion to dismiss; draft same. | 11.00 |
| 08/10/11 | DHT | Draft summary judgment brief. | 2.20 |
| | PP | Draft opposition to State motion to dismiss. | 9.10 |
| 08/11/11 | DHT | Draft opposition to the motion to dismiss. | 1.40 |
| | DHT | Conference with P. Patterson re opposition to State motion to dismiss. | 0.40 |
| | JCB | Proof, edit and cite check court filing. | 0.80 |

| | MLS | Cite check response to motion to dismiss. | 4.00 |
|---|---|---|---|
| | PP | Draft opposition to Livesay motion to dismiss. | 0.10 |
| | PP | Draft opposition to State motion to dismiss. | 10.50 |
| | PP | Conference with D. Thompson re opposition to State motion to dismiss. | 0.40 |
| 08/12/11 | DHT | Edit summary judgment brief. | 1.20 |
| | MLS | Edit tables for Motion to Dismiss. | 0.50 |
| | PP | Draft opposition to Livesay motion to dismiss. | 5.50 |
| | PP | Draft opposition to State motion to dismiss. | 0.70 |
| 08/15/11 | MLS | Cite check response to motion to dismiss. | 0.80 |
| | PP | Draft opposition to Livesay motion to dismiss. | 0.30 |
| | PP | Draft opposition to State motion to dismiss. | 2.10 |
| 08/18/11 | PP | Draft opposition to Livesay motion to dismiss. | 0.20 |
| 08/19/11 | DHT | Review opposition to Livesay's motion to dismiss. | 0.30 |
| | PP | Draft Livesay motion to dismiss. | 0.20 |
| 08/22/11 | PP | Draft opposition to Livesay motion to dismiss | 0.10 |
| 08/23/11 | DHT | Review motion to dismiss Livesay. | 0.10 |
| 08/29/11 | PP | Review State reply to motion to dismiss. | 0.10 |
| 09/02/11 | DHT | Analyze motion to suspend briefing. | 0.30 |
| 09/03/11 | PP | Respond to State motion to defer judgment. | 0.10 |
| 09/12/11 | PP | Review State motion to file supplemental authority. | 0.20 |
| | PP | Draft message re response to 56(d) motion. | 0.10 |
| 09/13/11 | PP | Respond to State 56(d) motion | 0.30 |
| 09/16/11 | DHT | Prepare brief in opposition to Rule 56d motion. | 0.80 |
| 09/19/11 | MLS | Cite check and format response supp. authority. | 0.30 |
| 09/22/11 | DHT | Revise motion re supplemental authority. | 0.50 |
| 09/26/11 | PP | Review opposition to motion to defer sj ruling; review response to supplemental filing. | 0.20 |
| 02/04/12 | PP | Read Moore decision. | 0.30 |
| 02/05/12 | DHT | Analyze decision in Moore. | 0.60 |
| 02/06/12 | PP | Review Illinois' motion to cite supplemental authority. | 0.10 |
| 02/07/12 | DHT | Prepare response to motion to supplement. | 0.50 |
| | PP | Review correspondence from Shepard counsel regarding procedural posture. | 0.10 |
| 02/09/12 | PP | Review response to supplemental citation. | 0.10 |
| 02/10/12 | HN | Review City's motion for extension | 0.10 |
| 03/05/12 | DHT | Analyze recent Maryland decision relating to right to carry under the Second Amendment. | 0.30 |
| 03/23/12 | HN | Analyze issues for summary judgment briefing; discuss with co-counsel. | 1.30 |
| 03/29/12 | DHT | Analyze district court decision; conferences and correspondence re same. | 1.20 |
| 03/30/12 | CJC | Review district court decision; messages to co-counsel re same. | 1.50 |
| | PP | Review order dismissing Shepard case; research re | 0.40 |

| | | potential appeal. | |
|---|---|---|---|
| 03/31/12 | CJC | Further review of case; conferences with D. Thompson, B. Koukoutchos re appeal strategy and content of opening brief; review rules re expediting appeal. | 2.00 |
| | DHT | Conferences with C. Cooper, B. Koukoutchos re appeal strategy and content of opening brief. | 0.20 |
| | PP | Research re 7th circuit appeal. | 1.00 |
| 04/01/12 | PP | Research re 7th Circuit appeal. | 0.10 |
| 04/02/12 | DHT | Draft Seventh Circuit brief. | 1.10 |
| | PP | Review notice of appeal. | 0.40 |
| | PP | Prepare 7th Circuit admission forms. | 0.50 |
| 04/03/12 | DHT | Review documents needed to perfect appeal. | 0.60 |
| | PP | Research and discuss issues related to Shepard appeal. | 0.80 |
| | PP | Submit application for admission to 7th Circuit. | 0.20 |
| 04/06/12 | CJC | Conference with appeal team re appeal strategy. | 1.50 |
| | CJC | Review decision in Moore. | 0.40 |
| | DHT | Conference with appeal team re appeal strategy. | 1.50 |
| | DHT | Draft Seventh Circuit brief. | 3.60 |
| | PP | Draft Seventh Circuit brief. | 6.20 |
| 04/07/12 | PP | Draft 7th Circuit brief. | 2.40 |
| 04/08/12 | CJC | Review and revise draft brief to CA7; conferences with D. Thompson, P. Patterson re same. | 6.50 |
| | DHT | Conferences with C. Cooper, P. Patterson re revised CA7 brief. | 0.50 |
| 04/09/12 | CJC | Review and revise draft brief to CA7; conferences with D. Thompson, P. Patterson re same. | 8.50 |
| | DHT | Draft Seventh Circuit brief. | 4.00 |
| | DHT | Conferences with C. Cooper, P. Patterson re draft brief to CA7. | 0.80 |
| | HS | Research re violent crime stats, shall issue laws. | 2.00 |
| | JCB | Proof, edit and cite check CA7 opening brief. | 6.20 |
| | PP | Draft 7th Circuit brief. | 9.70 |
| | PP | Conference with C. Cooper & D. Thompson re 7th Circuit brief. | 0.80 |
| | PP | Review draft procedural filings. | 1.50 |
| 04/10/12 | DHT | Review and revise Seventh Circuit brief. | 6.10 |
| | HAB | Format short appendix for Shepard Brief filing for J. Brown. | 0.20 |
| | HS | Research re motion to expedite. | 1.70 |
| | JCB | Proof, edit and cite check opening brief, opposition to motion and related court filings. | 8.80 |
| | PP | Review draft response to motion to hold in abeyance. | 0.30 |
| | PP | Conference with litigation team re motion to hold in abeyance. | 0.20 |
| | PP | Draft 7th Circuit brief. | 12.20 |

| 04/11/12 | JCB | Proof, edit and cite check opening brief, opposition to motion and related court filings; filing of same. | 4.10 |
|---|---|---|---|
| | PP | Research re paper copies of brief. | 0.10 |
| 04/16/12 | PP | Research re 7th Circuit argument. | 0.10 |
| 04/23/12 | PP | Research re consolidation. | 0.50 |
| 04/24/12 | DHT | Draft correspondence re opposition to motion for consolidation. | 0.20 |
| | DHT | Review motion filed by Illinois. | 0.20 |
| 05/01/12 | PP | Review filing re argument availability. | 0.20 |
| 05/02/12 | HN | Read and analyze Shepard briefing and provide comments to co-counsel re same. | 1.50 |
| 05/09/12 | DHT | Review Illinois brief. | 1.10 |
| | PP | Prepare 7th Circuit argument form. | 0.40 |
| | PP | Prepare for oral argument. | 0.20 |
| 05/10/12 | DHT | Analyze Illinois brief. | 0.70 |
| | DHT | Conference with P. Patterson re 7th Circuit reply. | 0.60 |
| | PP | Read state's 7th Circuit brief. | 1.10 |
| | PP | Research re Seventh Circuit reply. | 0.10 |
| | PP | Prepare Seventh Circuit argument form. | 0.40 |
| | PP | Conference with D. Thompson re 7th Circuit reply. | 0.60 |
| 05/14/12 | AG | Research statute of Northampton and English case reports. | 3.10 |
| | CJC | Analyze IL brief in opposition. | 1.20 |
| | CJC | Conference call re reply brief with P. Patterson, D. Thompson, and H. Nielson. | 1.20 |
| | DHT | Analyze Illinois brief and sources cited therein. | 3.40 |
| | DHT | Conference call re reply brief with P. Patterson, C. Cooper, and H. Nielson. | 1.20 |
| | HN | Conference call re reply brief with P. Patterson, D. Thompson, and C. Cooper. | 1.20 |
| | HN | Read and analyze Illinois response brief. | 2.30 |
| | PP | Conference with C. Cooper, D. Thompson, and H. Nielson re 7th Circuit reply. | 1.20 |
| | PP | Draft 7th Circuit reply. | 8.60 |
| 05/15/12 | AG | Research historical sources cited by Illinois. | 13.30 |
| | DHT | Analyze historical sources and contrary sources relating to history of public carriage in England and the United States. | 2.70 |
| | HN | Research and analyze historical arguments for reply brief. | 5.90 |
| | PP | Draft 7th Circuit reply. | 10.30 |
| 05/16/12 | DHT | Review amicus briefs. | 0.60 |
| | DHT | Draft reply brief. | 0.40 |
| | HN | Research and analyze historical arguments for reply brief. | 5.70 |

7

| | | | |
|---|---|---|---|
| | LAL | Research for memo on affray, carriage, carry, gun, firelock, pistol, weapon in treatises for D. Thompson. | 2.00 |
| | PP | Draft 7th Circuit reply. | 12.30 |
| 05/17/12 | AG | Research historical sources cited by Illinois. | 10.60 |
| | DHT | Draft reply brief. | 0.90 |
| | HN | Research and analyze historical arguments for reply brief. | 6.20 |
| | LAL | Further research on affray, carriage, carry, gun, firelock, pistol, weapon in treatises for D. Thompson. | 1.30 |
| | PP | Draft 7th Circuit reply. | 11.60 |
| 05/18/12 | AG | Research historical sources cited by Illinois. | 3.90 |
| | CJC | Prepare for oral argument further work on reply brief. | 2.80 |
| | DHT | Review historical materials to be included in reply brief. | 0.90 |
| | HN | Read draft reply brief and provide comments on same. | 4.80 |
| | HS | Research re OLC opinion regarding Second Amendment. | 2.60 |
| | PP | Draft Seventh Circuit reply. | 7.50 |
| 05/19/12 | CJC | Prepare for oral argument and further work on reply brief. | 5.40 |
| | PP | Draft 7th Circuit reply. | 0.10 |
| 05/20/12 | CJC | Prepare for oral argument and further work on reply brief. | 2.20 |
| 05/21/12 | AG | Research historical sources cited by Illinois. | 7.10 |
| | DHT | Draft reply brief. | 2.20 |
| | PP | Draft 7th Circuit reply. | 9.20 |
| 05/22/12 | CJC | Prepare for oral argument and further work on reply brief. | 8.30 |
| | DHT | Draft reply brief. | 2.30 |
| | HAB | Cite check Shepard reply brief. | 5.30 |
| | HN | Review co-counsel and client's revisions to draft reply brief and provide comments on same. | 2.00 |
| | PP | Draft 7th Circuit reply. | 5.20 |
| 05/23/12 | DHT | Review reply brief. | 1.30 |
| | HAB | Cite check Shepard reply brief. | 6.30 |
| | HN | Review co-counsel's proposed revisions to draft reply brief. | 0.80 |
| | LAL | Cite check reply brief. | 7.40 |
| | PP | Draft 7th Circuit reply. | 7.30 |
| 05/24/12 | HN | Review SAF reply brief. | 0.50 |
| | PP | Review plaintiff's reply brief in Moore. | 0.50 |
| | PP | Prepare for Shepard argument. | 0.30 |
| 05/28/12 | CJC | Prepare for oral argument. | 3.50 |
| 05/29/12 | CJC | Prepare for oral argument. | 8.50 |
| | PP | Prepare for 7th Circuit argument. | 4.20 |
| 05/30/12 | CJC | Prepare for oral argument. | 6.20 |

| | | | |
|---|---|---|---|
| | DHT | Review Gura reply brief. | 0.80 |
| | PP | Prepare for Shepard argument. | 2.50 |
| 05/31/12 | CJC | Prepare for oral argument. | 7.00 |
| 06/01/12 | CJC | Prepare for CA7 oral argument. | 5.80 |
| | DHT | Conference with P. Patterson and H. Nielson re Shepard argument preparation. | 1.00 |
| | DHT | Review questions and answers for oral argument. | 1.00 |
| | HN | Conference with P. Patterson and D. Thompson re Shepard argument preparation. | 1.00 |
| | HN | Analyze potential oral argument issues. | 1.20 |
| | PP | Conference with D. Thompson and H. Nielson re Shepard argument preparation. | 1.00 |
| | PP | Respond to 7th Circuit argument confirmation email. | 0.10 |
| | PP | Draft Q&A's for Shepard argument. | 5.80 |
| 06/02/12 | CJC | Prepare for CA7 oral argument. | 3.50 |
| | PP | Prepare for Shepard argument. | 3.80 |
| 06/03/12 | CJC | Prepare for oral argument moot court. | 12.50 |
| | DHT | Analyze potential oral argument issues. | 0.40 |
| | HN | Analyze potential oral argument issues. | 0.40 |
| | PP | Prepare for Shepard argument. | 6.90 |
| 06/04/12 | CJC | Conference with P. Patterson & D. Thompson re Shepard moot. | 0.60 |
| | CJC | Prepare for and participate in moot court. | 5.00 |
| | DHT | Prepare for and participate in moot court; analysis of consolidation. | 2.20 |
| | DHT | Prepare materials for oral argument. | 1.10 |
| | DHT | Conference with P. Patterson & C. Cooper re Shepard moot. | 0.60 |
| | HS | Research re the binding nature of preliminary injunction findings. | 1.0 |
| | PP | Prepare for 7th Circuit argument. | 8.50 |
| | PP | Participate in 7th Circuit moot. | 1.50 |
| | PP | Conference with C. Cooper & D. Thompson re Shepard moot. | 0.60 |
| 06/05/12 | CJC | Prepare for CA7 oral argument. | 3.90 |
| | CJC | Conference with D. Thompson, P. Patterson re CA7 oral argument. | 1.10 |
| | DHT | Conference with P. Patterson, C. Cooper re CA7 oral argument. | 1.10 |
| | DHT | Prepare memo with questions and answers of anticipated questions at oral argument. | 1.30 |
| | HS | Research re the binding nature of preliminary injunction findings; Heller and Mcdonald oral arguments. | 5.90 |
| | PP | Prepare for 7th Circuit argument. | 3.70 |
| | PP | Conference with D. Thompson & C. Cooper re Shepard | 1.10 |

| | | argument. | |
|---|---|---|---|
| 06/06/12 | CJC | Conference with P. Patterson & D. Thompson re argument preparation. | 0.50 |
| | CJC | Prepare for CA7 oral argument. | 9.00 |
| | DHT | Draft questions and answers for oral argument. | 1.30 |
| | DHT | Conference with P. Patterson & C. Cooper re argument preparation. | 0.50 |
| | HS | Research re statute of Northampton; the binding nature of preliminary injunction findings. | 7.20 |
| | PP | Prepare for oral argument. | 2.20 |
| | PP | Conference with C. Cooper & D. Thompson re argument preparation. | 0.50 |
| 06/07/12 | CJC | Conference with D. Thompson re oral argument. | 0.70 |
| | CJC | Prepare for oral argument. | 9.80 |
| | DHT | Conference with C. Cooper re oral argument. | 0.70 |
| | PP | Prepare for 7th Circuit argument. | 3.90 |
| 06/08/12 | CJC | Prepare for and participate in CA7 oral argument. | 6.10 |
| | DHT | Oral argument in the Seventh Circuit. | 1.80 |
| | PP | Prepare for and attend Shepard | 3.00 |
| 06/29/12 | PP | Review Michigan Court of Appeals carriage decision. | 0.20 |
| 11/21/12 | DHT | Analyze en banc strategy. | 0.40 |
| 11/28/12 | HN | Read supplemental authority letter filed by Illinois and client's analysis of same. | 0.20 |
| | PP | Review letter re motion to supplement record. | 0.30 |
| 11/29/12 | DHT | Review and revise 28j letter. | 0.40 |
| | HAB | Cite check 28j letter for P. Patterson. | 0.40 |
| | HN | Review draft supplemental authority letter. | 0.20 |
| | PP | Draft response to 28j letter. | 1.90 |
| 11/30/12 | CJC | Conference with P. Patterson re 28j response. | 0.10 |
| | DHT | Review and revise response to 28j letter. | 0.40 |
| | DHT | Correspondence re Kachalksy. | 0.40 |
| | PP | Edit 28j response. | 0.70 |
| | PP | Conference with C. Cooper re 28j response. | 0.10 |
| 12/11/12 | CJC | Review CA7 opinion. | 1.80 |
| | DHT | Analyze appellate decision. | 2.10 |
| | DHT | Conference with P. Patterson re Shepard decision. | 0.30 |
| | PP | Conference with D. Thompson re Shepard decision. | 0.30 |
| | PP | Review Shepard decision. | 1.10 |
| 12/12/12 | HN | Read and analyze CA7 decision; discuss next steps with co-counsel. | 1.80 |
| | LAL | Rule 28j Supp. Auth. cite check for P. Patterson. | 2.00 |
| | PP | Research re costs. | 0.60 |
| 12/13/12 | DHT | Analysis of state's appellate options. | 0.30 |
| 12/14/12 | HN | Review and analyze outside counsels recommendation re lifting stay; discuss with co-counsel. | 0.30 |

| 12/15/12 | CJC | Conferences with D. Thompson re possible motion to vacate 180-day stay. | 1.30 |
|---|---|---|---|
| 12/18/12 | DHT | Review Seventh Circuit rules on en banc procedures. | 0.20 |
| | HS | Appropriate time to appeal. | 4.80 |
| | NJM | Review appellate rules on responding to motion for extension of time. | 0.30 |
| 12/19/12 | HS | Research re City's comments re carriage | 0.50 |
| 12/20/12 | CJC | Review Dames & Moore case. | 0.60 |
| | HS | Research re statement from | 2.20 |
| 12/21/12 | PP | Review draft bill of costs. | 0.20 |
| 12/26/12 | CJC | Draft rehearing petition. | 1.40 |
| | CJC | Review CA7 rules. | 0.20 |
| | CJC | Conferences with D. Thompson, P. Patterson re rehearing petition/motion to vacate order staying case. | 0.50 |
| | DHT | Conferences with C. Cooper, P. Patterson re rehearing petition. | 0.50 |
| | DHT | Analyze possible challenge to 180 day de facto stay. | 1.50 |
| | PP | Conference with C. Cooper & D. Thompson re Shepard stay or mandate. | 0.50 |
| | PP | Draft motion to extend time to seek rehearing. | 1.80 |
| | PP | Research re case status. | 0.20 |
| 12/27/12 | DHT | Call with N. Moss to discuss possible appeal. | 0.30 |
| | DHT | Analyze possibility of attacking 180 de facto stay of mandate. | 0.90 |
| | HS | Research re FRAP rule 41. | 9.10 |
| | NJM | Call with David Thompson to discuss possible appeal. | 0.30 |
| 12/28/12 | DHT | Further analysis of motion to vacate 180 day stay. | 0.30 |
| | HS | Research re withholding mandates. | 5.90 |
| | NJM | Research on staying mandates, FRAP 41, and rules for requesting en banc review. | 7.80 |
| 12/31/12 | DHT | Analyze motion to vacate. | 0.30 |
| | HS | Research re circuit court rules relating to their mandates. | 4.60 |
| | NJM | Continue legal research of staying mandates. | 5.00 |
| 01/01/13 | HS | Research re waiving preliminary injunctions. | 4.70 |
| 01/02/13 | HS | Research re withholding mandates. | 0.60 |
| 01/03/13 | JCB | Proof, edit & cite check supplemental brief. | 0.90 |
| | NJM | Draft motion to lift stay and issue mandate. | 6.00 |
| 01/06/13 | DHT | Review draft opposition to the stay. | 0.20 |
| 01/07/13 | NJM | Emails regarding motion to lift stay and issue mandate | 0.70 |
| 01/08/13 | CJC | Conference with D. Thompson re motion to vacate status, and strategy. | 0.40 |
| | DHT | Analyze filings; conference with C. Cooper re same. | 1.20 |
| | NJM | Review edits to motion to lift stay and issue mandate. | 0.50 |
| | PP | Research re motion to vacate stay. | 0.60 |
| | PP | Review en banc filings. | 0.60 |

11

| 01/09/13 | PP | Research re motion to vacate Shepard stay. | 1.60 |
|---|---|---|---|
| 01/10/13 | CJC | Review rehearing petition and amicus briefs in support; conference with D. Thompson re same; conference with P. Patterson re same; telephone call from Pat Yagle (IL Times) re same. | 1.50 |
| | DHT | Further work on opposition to petition for rehearing; conference with C. Cooper re same. | 0.50 |
| | PP | Conference with C. Cooper re Shepard rehearing petition. | 0.20 |
| 01/11/13 | CJC | Review and revise draft motion to vacate 180-day stay. | 2.70 |
| 01/14/13 | CJC | Review and revise draft reply to State's rehearing petition. | 1.40 |
| 01/16/13 | PP | Review draft motion to vacate stay. | 0.20 |
| 01/21/13 | PP | Review draft opposition to rehearing. | 3.60 |
| 01/22/13 | CJC | Review and revise opposition to rehearing petition | 2.40 |
| | DHT | Review and revise opposition to petition for rehearing. | 1.70 |
| | HAB | Cite check opposition to Illinois rehearing petition for P. Patterson. | 1.20 |
| | PP | Draft response to en banc petition. | 0.80 |
| 01/23/13 | CJC | Review and revise opposition to rehearing petition. | 2.00 |
| | DHT | Revise opposition to en banc petition. | 0.40 |
| | HAB | Cite check and compile opposition to Illinois rehearing petition for P. Patterson. | 4.30 |
| | JCB | Proof, edit and cite check court papers. | 0.80 |
| | LAL | Cite check *Shepard* doc, add edits, edit TOC, and file for P. Patterson. | 3.30 |
| | PP | Edit en banc response. | 3.70 |
| 01/24/13 | PP | Review Moore plaintiffs' en banc opposition. | 0.10 |
| 02/20/13 | DHT | Analyze ability of state to disregard injunction from a federal court. | 0.40 |
| | HN | Review reports of potential defiance of CA7 decision by IL state officials and discuss possible responses with co-counsel. | 0.20 |
| | PP | Research re Illinois's legislature's response to *Moore*. | 1.10 |
| 02/22/13 | DHT | Review dissent from denial of hearing. | 0.20 |
| | DHT | Analyze availability of attorneys' fees. | 0.30 |
| | HN | Read and analyze order denying rehearing and dissent from same. | 0.30 |
| | PP | Review en banc denial order. | 0.20 |
| 02/25/13 | PP | Review Moore/Shepard orders. | 0.30 |
| 03/15/13 | PP | Review and respond to message re potential consequences of *Shepard* ruling. | 0.20 |
| 03/21/13 | DHT | Review Wollard decision. | 0.30 |
| | NJM | Draft memo regarding research on filing motion for attorney's fees. | 1.00 |

| 03/25/13 | PP | Review Woollard decision. | 0.50 |
| | PP | Research re stay of mandate. | 0.10 |
| 03/27/13 | PP | Research re Illinois state court decisions on carry ban. | 0.20 |
| 03/28/13 | DHT | Analyze scope of injunction and ability to bind other officials. | 1.80 |
| | PP | Research re scope of 7th Circuit decision. | 0.80 |
| 04/11/13 | DHT | Analyze timing of issuance of injunction. | 0.20 |
| 04/29/13 | DHT | Analyze motion for extension of time. | 0.50 |
| | HN | Look at State's request for cert extension and discuss potential response to same with co-counsel. | 0.30 |
| | PP | Review Illinois's motion for extension of time to file cert. | 0.20 |
| 05/03/13 | PP | Research re history of right to carry. | 3.00 |
| 05/22/13 | PP | Review proposed Illinois carry bill. | 1.30 |
| 05/23/13 | PP | Research re Illinois carry bill. | 1.30 |
| 05/24/13 | PP | Research re Illinois carry bill. | 0.20 |
| 05/28/13 | PP | Research re fee motion. | 0.40 |
| | PP | Research re proposed Illinois carry bill. | 1.40 |
| 05/29/13 | PP | Research re proposed Illinois carry bill. | 0.30 |
| 05/30/13 | CJC | Conference with D. Thompson, N. Moss, P. Patterson re status of cases and strategy re challenge to IL concealed carry law. | 1.30 |
| | DHT | Conference with C. Cooper, N. Moss, P. Patterson re status of cases and strategy re challenge to IL concealed carry law. | 1.30 |
| | NJM | Conference with C. Cooper, D. Thompson, P. Patterson re status of cases and strategy re challenge to IL concealed carry law. | 1.30 |
| | PP | Conference with C. Cooper, D. Thompson, N. Moss re status of cases and strategy re challenge to IL concealed carry law. | 1.30 |
| 05/31/13 | PP | Research re status and effects of proposed Illinois carry bill. | 2.80 |
| 06/03/13 | CJC | Conference with D. Thompson re impact of/strategy for new IL carry law. | 0.30 |
| | DHT | Analyze strategy relating to stay. | 0.60 |
| | DHT | Conference with C. Cooper re impact of/strategy for new IL carry law. | 0.20 |
| | HN | Look at Illinois' request for extension of stay and co-counsel's analysis of same. | 0.20 |
| | KN | Research procedure for the issuance of mandates: next steps after stay terminates. | 4.80 |
| | PP | Research re Illinois legislation and options upon issuance of mandate. | 1.10 |
| | PP | Review State motion to extend stay. | 0.20 |

13

| 06/04/13 | CJC | Review and revise opposition to motion to extend stay. | 1.20 |
|---|---|---|---|
| | CJC | Review IL motion to extend stay of CA7 mandate. | 0.30 |
| | CJC | Conference with D. Thompson, P. Patterson re opposition to motion to extend stay. | 0.20 |
| | DHT | Conference with C. Cooper, P. Patterson re opposition to motion to extend stay. | 0.20 |
| | DHT | Review, revise, and confer re opposition to motion to stay. | 2.10 |
| | HAB | Cite check opposition to Illinois's Motion to Stay Mandate for P. Patterson. | 1.50 |
| | KN | Research procedure for the issuance of mandates: next steps after stay terminates. | 3.50 |
| | LAL | Cite check Shepard filing for P. Patterson. | 1.00 |
| | PP | Conference with C. Cooper, D. Thompson re opposition to motion to extend stay. | 0.20 |
| | PP | Work on response to Madigan motion to extend stay of mandate. | 3.70 |
| | PP | Research re procedures for enforcing ruling upon issuance of mandate. | 0.10 |
| | PP | Conference with C. Cooper & D. Thompson re response to motion extend stay of mandate. | 0.20 |
| | PP | Research re motion to extend stay of mandate. | 0.60 |
| 06/05/13 | KN | Research procedure for the issuance of mandates: next steps after stay terminates. | 2.50 |
| | PP | Research re 7th Circuit extension of stay of mandate. | 1.00 |
| 06/06/13 | CJC | Conference with D. Thompson, P. Patterson re status and S. Ct. strategy. | 0.60 |
| | CSD | Researched S. Ct. precedent for enforcing a time limit on injunctive stays where legislature fails to act within allotted time. | 5.50 |
| | DHT | Conference with C. Cooper, P. Patterson re status and S. Ct. strategy. | 0.60 |
| | DHT | Analyze appellate issues, including mootness and Munsingwear, in wake of legislative developments. | 2.40 |
| | KN | Research procedure for issuance of mandates: next steps after stay terminates. | 4.20 |
| | MM | Research cases on Munsingwear doctrine. | 4.90 |
| | PP | Conference with C. Cooper, D. Thompson re status and S. Ct. strategy. | 0.60 |
| | PP | Monitor status of Illinois carry bill. | 0.10 |
| | PP | Research re Illinois carry prohibitions. | 0.30 |
| | PP | Research re implementation requirements of Illinois carry bill. | 1.00 |
| 06/07/13 | CSD | Research re injunctive stays. | 5.20 |
| | DHT | Analyze Munsingwear issues. | 0.40 |

| | | | |
|---|---|---|---|
| | KN | Research state laws regarding the right to carry long guns in public. | 9.10 |
| | MM | Conduct follow-up research on Munsingwear doctrine. | 2.80 |
| | PP | Research re *Munsingwear* doctrine. | 4.10 |
| | PP | Research re effects of Illinois carry bill. | 0.20 |
| 06/10/13 | DHT | Analyze Munsingwear issue. | 0.20 |
| | KN | Research issuance of mandates. | 0.30 |
| | MM | Conduct follow-up research on Munsingwear doctrine. | 1.00 |
| | PP | Research re Munsingwear doctrine. | 0.90 |
| 06/11/13 | KN | Research attorney's fees. | 1.70 |
| | PP | Monitor status of proposed carry bill. | 0.10 |
| | PP | Research re potential consequences of Shepard decision. | 0.20 |
| | PP | Research re grace periods for recognizing constitutional rights. | 0.10 |
| 06/12/13 | CSD | Researched S. Ct. precedent for enforcing a time limit on injunctive stays where legislature fails to act within allotted time. | 5.50 |
| | KN | Research attorney's fees. | 7.30 |
| | PP | Research re grace periods for implementing constitutional rights. | 0.10 |
| 06/13/13 | KN | Write memo re: next steps after issuance of mandate. | 1.80 |
| 06/16/13 | PP | Research re attorney fees. | 0.30 |
| | PP | Research re consequences of amendatory veto of carry bill. | 0.10 |
| 06/17/13 | DHT | Analyze ability to oppose motion to extend time. | 0.20 |
| | HN | Analyze Illinois's request for an additional extension and discuss with co-counsel. | 0.60 |
| | PP | Work on motion for attorneys fees in *Shepard*. | 0.60 |
| | PP | Research re Illinois motion for extension to file cert petition. | 0.10 |
| 06/19/13 | MM | Conduct research on definition of prevailing party under § 1988 | 4.80 |
| | PP | Monitor status of Illinois carry bill. | 0.10 |
| 06/20/13 | MM | Review Supreme Court and Seventh Circuit cases on definition of prevailing party under § 1988. | 6.90 |
| | PP | Work on Shepard fee motion. | 0.20 |
| | PP | Monitor status of Illinois carry bill. | 0.10 |
| 06/21/13 | MM | Draft motion for attorney fees. | 6.20 |
| | PP | Monitor status of Illinois carry bill. | 0.10 |
| | PP | Review draft outline for fee motion. | 0.10 |
| 06/24/13 | MM | Draft motion for attorney fees. | 7.10 |
| 06/25/13 | MM | Draft motion for attorney fees. | 6.30 |
| 06/26/13 | HN | Review and analyze draft response to motion to dismiss and provide comments on same. | 0.50 |
| | JCB | Proof, edit and cite check court filing. | 0.90 |

| | MM | Draft motion for attorney fees. | 8.90 |
|---|---|---|---|
| 06/27/13 | MM | Draft motion for attorney fees. | 9.60 |
| 06/28/13 | MM | Draft motion for attorney fees. | 6.80 |
| 07/02/13 | DHT | Analyze legislative developments. | 0.20 |
| | PP | Monitor Illinois carry bill status. | 0.20 |
| 07/03/13 | DHT | Analyze recent legislative developments. | 0.20 |
| | PP | Monitor status of Illinois carry bill. | 0.20 |
| 07/08/13 | CJC | Conference with D. Thompson, P. Patterson re mandate strategy. | 0.80 |
| | CJC | Review memo re district court implementation of appellate mandate. | 0.30 |
| | DHT | Call with C. Cooper re strategy. | 0.80 |
| | DHT | Draft Seventh Circuit motion. | 0.80 |
| | HS | Research re new gun law. | 0.20 |
| | PP | Conference with C. Cooper, D. Thompson re mandate strategy. | 0.80 |
| 07/09/13 | ACC | Cite check brief, review CA7 local rules for filing motion to recall or clarify mandate, perform case law research on criteria for granting motions to clarify or revise mandate per D. Thompson, draft email and memo re same. Monitor status of Illinois carriage law. | 12.00 |
| 07/12/13 | CSD | Research on FRAP 39 and commencement of 14-day filing deadline for motion for attorneys' fees in Seventh Circuit. | 2.90 |
| | PP | Research re attorneys fees. | 0.50 |
| 07/15/13 | CSD | Prepared memo for P. Patterson re attorneys' fees filing in the Seventh Circuit. | 2.10 |
| | PP | Research re attorneys fees. | 1.10 |
| 07/19/13 | PP | Review draft letter re costs. | 0.10 |
| | PP | Research re attorneys' fees. | 0.80 |
| 07/29/13 | PP | Draft message re motion for attorneys fees. | 0.30 |
| 08/02/13 | PP | Review motion for extension on fee motion. | 0.10 |
| 08/03/13 | PP | Edit motion for extension on attorneys' fees. | 0.90 |
| 08/05/13 | PP | Review and edit motion for extension to file for attorneys' fees. | 0.20 |
| 08/07/13 | PP | Review order granting fee extension. | 0.10 |
| 08/28/13 | PP | Research re attorneys' fees. | 1.00 |
| 11/08/13 | PP | Communicate with local counsel re fee petition. | 0.50 |
| 11/18/13 | PP | Research re fee petition. | 3.30 |
| 11/19/13 | PP | Research re fee petition. | 0.60 |
| 11/20/13 | PP | Research re attorney fees. | 1.20 |
| 11/21/13 | PP | Research re fee petition. | 0.40 |
| 11/22/13 | PP | Research re fee petition. | 3.00 |
| 11/22/13 | PP | Draft fee petition. | 1.20 |
| 11/25/13 | PP | Draft fee petition. | 2.60 |

| 11/26/13 | PP | Research re fee petition. | 3.70 |
| 11/27/13 | DHT | Conference with P. Patterson re fee petition. | 0.10 |
| | PP | Conference with D. Thompson re fee petition. | 0.10 |
| | PP | Draft fee petition. | 0.40 |

## DETAILED EXPENSE RECORDS

| Date | Description | Expense |
|------|-------------|---------|
| 03/12 | Delivery Services/Messengers | $40.03 |
| 05/12 | Long Distance Telephone | $9.40 |
| 06/12 | Delivery Services/Messengers | $74.44 |
| | Hotel & Accommodations | $417.88 |
| | Meals | $118.44 |
| | Out-of-Town Travel | $2,373.60 |
| 01/13 | Delivery Services/Messengers | $69.21 |
| 02/13 | Delivery Services/Messengers | $82.43 |

# EXHIBIT B

**CHARLES J. COOPER**

**Cooper & Kirk, PLLC**
**1523 New Hampshire Avenue, N.W.**
**Washington, D.C.  20036**
**(202) 220-9600**

**PROFESSIONAL EXPERIENCE**

**Present**      Partner, Cooper & Kirk, PLLC, Washington, D.C.
Civil litigation and federal administrative law practice.

**1990-1996**   Partner, Shaw, Pittman, Potts & Trowbridge, Washington, D.C.
Civil litigation and federal administrative law practice.

**1988-1990**   Partner, McGuire, Woods, Battle & Boothe, Washington, D.C.
Civil litigation and federal administrative law practice.

**1985-1988**   Assistant Attorney General, Office of Legal Counsel.  Headed office
responsible for providing formal legal opinions and informal legal advice
to the President and executive branch departments and agencies,
including other components of the Department of Justice.

1986-1988 Chairman, Domestic Policy Council's Working Group on
Federalism (subcabinet level interagency working group responsible for
advising the President and Cabinet members on issues relating to federal-
state relations; principal author of the working group's 1986 "Report on
the Status of Federalism in America" and Executive Order No. 12612 on
Federalism).

1987-1988 Member, Policy Review Group for the National Security
Council (subcabinet level interagency working group responsible for
reviewing and advising the National Security Council on certain classified
matters).

1987-1988 Member, Planning and Coordinating Group for the National
Security Council (subcabinet level interagency working group responsible
for reviewing and advising the National Security Council on certain
classified matters).

**1982-1985**   Deputy Assistant Attorney General, Civil Rights Division.
Supervised all of the Division's appellate litigation (including personally briefing and arguing selected cases) and the Division's trial litigation in the areas of public education, housing, and institutionalized persons.

**1981-1982**   Special Assistant to the Assistant Attorney General, Civil Rights Division.  Assisted the Assistant Attorney General in the supervision of all facets of the Division's work, including trial and appellate litigation.

**1979-1981**   Associate, Long, Aldridge & Norman, Atlanta, Georgia.
General corporate litigation practice in state and federal courts.

**1978-1979**   Law Clerk to Justice (later, Chief Justice) William H. Rehnquist, United States Supreme Court, Washington, D. C.

**1977-1978**   Law Clerk to Judge Paul H. Roney, United States Court of Appeals for the Fifth (now Eleventh) Circuit, St. Petersburg, Florida.

## COMMISSIONS AND ASSOCIATIONS

**2003-Present**   Member, Academe and Policy Research Senior Advisory Committee to the Department of Homeland Security

**1998-2005**   Member, Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States

**1996-Present**   Member, American Academy of Appellate Lawyers

**1994-Present**   Member, The Federalist Society (Steering Committee, Washington Lawyers Chapter); Former Chairman, Civil Rights Practice Group

**1993-Present**   Member, The American Law Institute.

**1994-1996**   Co-Chairman, Advisory Council on Self-Determination and Federalism to Governor George Allen of Virginia.

**1991-1994**   Public Member, Administrative Conference of the United States.

**1991-1993**   Commission Member, National Commission on Judicial Discipline and Removal (appointed by President Bush).

**1990-1992**   Commission Member, National Commission on Responsibilities

for Financing Postsecondary Education (appointed by President Reagan).

## BAR MEMBERSHIPS

Admitted to practice before the U.S. Supreme Court; U.S. Courts of Appeals for the First, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, District of Columbia, and Federal Circuits; Courts of the States of Alabama and Georgia, and the District of Columbia; and the United States Court of Federal Claims.

## EDUCATIONAL BACKGROUND

**Legal**  J.D., University of Alabama School of Law (May 1977)

     Academic Performance:  2.72/3.00 (first in class)

     *Alabama Law Review*
     Editor-in-Chief (1976-1977)
     Editorial Board Member (1975-1976)
     Awards and Honors
     John B. Knox Award (for graduate with highest academic
      average in section)
     Order of the Coif
     Dean M. Leigh Harrison Award for Scholarship
     Hugo Black Scholar
     Dean's Award for Service to Law School
     Henderson M. Sommerville Award for Legal Writing
     Omicron Delta Kappa (honorary society)
     Jasons (senior honorary society)

**Prelegal**  B.S., Finance, University of Alabama
     School of Commerce & Business Administration (May 1974)
     Grade Point Average:  2.26/3.00 (Finance Honors Student)

## PUBLICATIONS

"An Attack on Separation of Powers and Federal Judicial Power? An Analysis of the Constitutionality of Section 18 of the America Invents Act," *Engage: The Journal of the Federalist Society Practice Groups* (July 30, 2012) (with Vincent Colatriano).

"The Regulatory Authority of the Treasury Department to Index Capital Gains for Inflation:  A Sequel," *Harvard Journal of Law & Public Policy* (Spring 2012) (with Vincent Colatriano).

"The Constitution in One Sentence: Understanding the Tenth Amendment," *First Principles Series* (Published by the Heritage Foundation) (Jan. 10, 2011)

"Federalism and the Telephone: The Case for Preemptive Federal Deregulation in the New World of Intermodal Competition," 6 *Journal on Telecommunications & High Technology Law* 293 (2008) (with Brian Stuart Koukoutchos).

"Debate on Radicals in Robes," *Originalism: A Quarter-Century of Debate* (2007) (with Prof. Cass Sunstein)

"The State of the Judiciary: A Corporate Perspective," 95 *The Georgetown Law Journal* 1107 (April 2007) (with Larry D. Thompson).

"A Perjurer in the White House?: The Constitutional Case for Perjury and Obstruction of Justice as High Crimes and Misdemeanors," *Harvard Journal of Law & Public Policy*, (Spring 1999).

"The Geography of Race in Elections: Color-Blindness and Redistricting," *The Journal of Law and Politics* (Winter 1998).

"Term Limits for Judges?," 10 *The Journal of Law and Politics,* 669 (1997).

"Race, Law and Justice: The Rehnquist Court and the American Dilemma," *The American University Law Review* (Feb. 1996)

 "Constitutional Constraints on the Government," published in *Litigating Against The Government:  Leveling The Playing Field* (National Legal Center for the Public Interest (1996)).

"The Republican Congress and the Constitution in Foreign and Military Affairs," 2 *Common Sense* 75 (1995) (with Prof. John McGinnis).

4

"The Federal Judiciary, Life Tenure, and Self-Government," 4 *Cornell Journal of Law and Public Policy* 500 (1995).

"The Fifth Annual Robert C. Byrd Conference on the Administrative Process: The First Year of Clinton/Gore: Reinventing Government or Refining Reagan/Bush Initiatives?" *The Administrative Law Journal of the American University* (1994)

 "The Price of 'Political Independence': The Unconstitutional Status of the Legal Services Corporation," 4 *Boston University Public Interest Law Journal* 13 (1994) (with Michael A. Carvin).

"Harry Jaffa's Bad Originalism," 1994 *Public Interest Law Review* 189.

"The Legal Authority of the Department of the Treasury to Promulgate a Regulation Providing for Indexation of Capital Gains," 12 *Virginia Tax Review* 631 (Spring 1993) (with Michael A. Carvin and Vincent J. Colatriano).

"Independent of Heaven Itself: Differing Federalist and Anti-Federalist Perspectives on the Centralizing Tendency of the Federal Judiciary," 16 *Harvard Journal of Law & Public Policy* 119 (Winter 1993).

"A Note on Justice Marshall and *Stare Decisis*," 1992 *The Public Interest Law Review* 95.

"*Wards Cove Packing Co. v. Atonio*: A Step Toward Eliminating Quotas in the American Workplace," 14 *Oklahoma City University Law Review* 265 (Summer 1991).

"Executive Power Over Foreign and Military Policy: Some Remarks on the Founders' Perspective," 16 *Oklahoma City University Law Review* 265 (Summer 1991).

"How Separation of Powers Protects Individual Liberties," 41 *Rutgers Law Review* 789 (Spring 1989).

"A Slow Return To Constitutional Colorblindness," 47 *Legal Times* 27 (May 1, 1989).

"The Constitutionality of Drug Testing," *Federal Bar News & Journal* (October 1988).

5

"Presidential Powers in the Area of Foreign Affairs," 43 *University of Miami Law Review* 165 (September 1988).

"The Demise of Federalism," 20 *The Urban Lawyer* 239 (Spring 1988).

"Stare Decisis:  Precedent and Principle in Constitutional Adjudication," 73 *Cornell Law Review* 801 (January 1988).

"The Line-Item Veto:  The Framers' Intentions," published in *Revitalizing the Presidential Veto* (National Legal Center for the Public Interest (1988)).

"Comment on Arthur Schlesinger's 'After the Imperial Presidency,'" 47 *Maryland Law Review* 84 (Fall 1988).

"Raoul Berger, Constitutionalist," 4 *Benchmark* 183 (July-October 1987).

"The Collateral Attack Doctrine and the Rules of Intervention:  A Judicial Pincer Movement on Due Process," 1987 *University of Chicago Legal Forum* 155.

"Limited Government and Individual Liberty:  The Ninth Amendment's Forgotten Lesson," 4 *Journal of Law & Politics* 63 (University of Virginia) (Summer 1987).

"Constitutional Adjudication and the Intentions of the Framers," 119 *Federal Rules Decisions* 553 (address before the judicial conference of the U.S. Court of Appeals for the District of Columbia Circuit, May 29, 1987).

"Landmarks of Constitutional Interpretation," 40 *Policy Review* 10 (Spring 1987) (with Nelson Lund).

"Application of Section 504 of the Rehabilitation Act of 1973 to persons with AIDS," published in *Aids and the Law* (Wiley Law Publications 1987).

"Survey of Legal Issues Related to Acquired Immune Deficiency Syndrome (AIDS)," published in *The Medical and Legal Implications of AIDS* (Virginia Bar Association, 1987).

"The First Amendment, Original Intent and The Political Process," 10 *Harvard Journal of Law & Public Policy* 15 (Winter 1987).

"The Tenth Amendment Under Fire," 73 *ABA Journal* 42 (May 1987).

"The Coercive Remedies Paradox," 9 *Harvard Journal of Law and Public Policy* 77 (Winter 1986).

Book Review, 24 *The Atlanta Lawyer* 17 (April-May 1980) (reviewing B. Woodward and S. Armstrong, *The Brethren*).

"The Attorney-Client Privilege in Alabama," 28 *Alabama Law Review* 641 (1977).

## CONGRESSIONAL TESTIMONY

02/12/13    Testimony before the Subcommittee on the Constitution, Civil Rights, and Human Rights, of the Senate Committee on the Judiciary on "Proposals to Reduce Gun Violence: Protecting Our Communities While Respecting the Second Amendment."

02/15/12    Testimony before the House Committee on the Judiciary on "Executive Overreach: The President's Unprecedented 'Recess' Appointments."

02/07/12    Testimony before the House Committee on Education and the Workforce on "The NLRB Recess Appointments: Implications for America's Workers and Employers."

05/26/10    Testimony before the Subcommittee on the Constitution of the Senate Committee on the Judiciary on "The Legality and Efficacy of Line-Item Veto Proposals."

05/13/09    Testimony before the Subcommittee on Administrative Oversight and the Courts of the Senate Judiciary Committee on "What Went Wrong: Torture and the Office of Legal Counsel in the Bush Administration."

09/16/08    Testimony before the Subcommittee on the Constitution of the Senate Judiciary Committee on "Restoring the Rule of Law."

06/08/06    Testimony before the Committee on the Budget of the United States House of Representatives on H.R. 4890 – "The Legislative Line Item Veto Act of 2006."

05/02/06    Testimony before the Senate Budget Committee on S. 2381 -- "The Legislative Line Item Veto Act of 2006."

04/27/06  Testimony before the Subcommittee on the Constitution of the Committee on the Judiciary of the House of Representatives on "The Constitution and the Line Item Veto."

02/09/00  Testimony before the Subcommittee on the Constitution of the House Committee on the Judiciary on "The Applicability of the Americans with Disabilities Act (ADA) to Private Internet Sites."

11/09/98  Testimony before the Subcommittee on the Constitution of the House Committee of the Judiciary on the Background and History of Impeachment.

07/14/98  Testimony before the Committee on Energy and Natural Resources of the U. S. Senate on behalf of the Popular Democratic Party of Puerto Rico Concerning S. 472 and H.R. 856, the "United States-Puerto Rico Political Status Act."

02/27/96  Testimony before the Committee on the Judiciary of the U. S. Senate  on behalf of The Pharmaceutical Research and Manufacturers of America Concerning S. 1277, The "Prescription Drug Equity Act."

03/24/95  Testimony before the Subcommittee on the Constitution, Federalism, and Property Rights of the Senate Committee on the Judiciary on The Tenth Amendment and the "Conference of the States."

01/23/95  Testimony before the Joint Economic Committee of the Congress of the United States on H.J. Res. 1, The Balanced Budget Constitutional Amendment.

06/15/94  Testimony before the Subcommittee on the Constitution of the Senate Judiciary Committee on "The President's Inherent Constitutional Authority to Exercise a Line-Item Veto."

05/25/94  Participant in voting rights roundtable discussion sponsored by Subcommittee on Civil and Constitutional Rights of the House Committee on the Judiciary.

03/18/93  Testimony before the Subcommittee on Civil and Constitutional Rights of the House Committee on the Judiciary on H.R. 174, The "Voting Rights Extension Act of 1993."

03/24/92  Testimony before the Subcommittee on Judiciary and Education of the House Committee on the District of Columbia regarding the constitutionality of H.R. 2482, The District of Columbia Statehood Bill.

06/19/90     Testimony before the Senate Judiciary Committee on S. 34, The Judicial
             Prohibition Act, designed to reverse the Supreme Court's decision
             upholding judicial taxation in *Missouri v. Jenkins*, 495 U.S. 33 (1990).

08/01/89     Testimony before the Senate Judiciary Committee on legislation  designed
             to reverse the Supreme Court's "flag burning" decision, *Texas v. Johnson*,
             491 U.S. 397 (1989).

12/23/87     Testimony before the Senate Intelligence Committee on S. 1721 regarding
             Congressional Oversight of Intelligence Activities and proposed repeal of
             Hughes-Ryan Amendment.

## SPEECHES AND DEBATES

     Mr. Cooper has spoken on a wide variety of constitutional and legal policy
topics, including issues relating to constitutional interpretation, federalism, separation
of powers, presidential authority, religious liberty, voting rights, school desegregation,
and banking regulation.  A specific listing of lectures, speeches, debates, and symposia
is available on request.

# EXHIBIT C

**DAVID H. THOMPSON**

**Cooper & Kirk, PLLC**
**1523 New Hampshire Avenue, N.W.**
**Washington, D.C.  20036**
**(202) 220-9659**
**dthompson@cooperkirk.com**

## PROFESSIONAL EXPERIENCE

**2000-Present**     Cooper & Kirk, PLLC, Washington, D.C., Managing Partner
Civil litigation and federal administrative law practice.

Relevant Experience:
- Represent the National Rifle Association in constitutional litigation throughout the United States
- Represented Attorney General John Ashcroft before Congress
- Represented Proponents of California's Proposition 8
- Represented 38 of the falsely accused Duke lacrosse players
- Extensive trial and appellate experience in large commercial disputes

**Fall 2013**     University of Georgia School of Law, Visiting Professor

**Spring 2011**     Georgetown Law Center, Adjunct Faculty Member

**1996-1999**     Cooper & Kirk, PLLC, Washington, D.C., Associate
Civil litigation and federal administrative law practice.

**1995-1996**     Shaw Pittman, Washington, D.C., Associate

**1994-1995**     White & Case, New York, NY, Associate

## EDUCATIONAL BACKGROUND

Harvard Law School, *cum laude* (1994)

Harvard College, *magna cum laude*, Phi Beta Kappa (1991)

## BAR MEMBERSHIPS

Admitted to practice before the U.S. Supreme Court; U.S. Courts of Appeals for the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, and Federal Circuits; Courts of the State of New York and the District of Columbia; and the United States Court of Federal Claims.

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION | : | |
| AMERICA, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-03696 |
| VILLAGE OF OAK PARK, et al., | : | |
| | : | |
| Defendants. | : | |
| --------------------------------------------- | : | |

## DECLARATION OF DAVID H. THOMPSON IN SUPPORT OF
## PETITIONER'S MOTION FOR
## <u>AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES</u>

I, David H. Thompson, hereby declare as follows:

1.     I submit this declaration in support of Plaintiff's motion for award of

reasonable attorneys' fees as the prevailing party in this litigation. I am the

Managing Partner of Cooper & Kirk, PLLC ("Cooper & Kirk" or "the Firm"), and

the Firm represented the National Rifle Association, Inc. ("NRA") in connection with this case.

2.    I am Managing Partner of Cooper & Kirk and joined the firm at its founding in 1996. I have extensive trial and appellate experience in a wide range of matters. I am a member of the bars of the U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Ninth, Eleventh, and Federal Circuits; Courts of the State of New York and the District of Columbia; and the United States Court of Federal Claims. I am a *cum laude* graduate of the Harvard Law School and a *magna cum laude* graduate of Harvard College. This past semester, I taught a course entitled, the Art of the Washington Lawyer, at Georgetown University Law Center.

3.    In my experience as Managing Partner of Cooper & Kirk, I have become familiar with the economics of law practice, billing rates, billing practices, and the setting and collection of legal fees in cases akin to the instant case in factual and legal complexity, in risk and expense levels, and in the degree of professional demands placed upon myself, my partners, my associates, and my staff. I have derived this knowledge from a variety of sources, including my personal experience negotiating fee agreements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis. Moreover, I

have significant experience related to billing practices for constitutional litigation including cases argued before the United States Supreme Court.

4.    I am familiar with my firm's policies, practices, and procedures governing the recording and maintenance of time and expense reports. I am also familiar with Cooper & Kirk's standard hourly rates customarily charged for professional services delivered to clients who (a) hire the Firm for a particular case or matter on a pure hourly basis and generally pay their bills within 30 to 60 days; (b) assume responsibility for paying for all expenses; and (c) who agree to pay the Firm's hourly rates without regard to the outcome of the case.

5.    In staffing this case, I endeavored to keep the number of personnel assigned to this case to the minimum reasonably necessary to represent the NRA in an efficient manner.

6.    Attached as Exhibit A is a true and correct copy of the summary of attorneys' fees for Cooper & Kirk. These entries reflect the actual charges billed to the NRA and that the NRA paid to the Firm for its work in this matter. The entries were derived from entries in the Firm's Timeslips database which is maintained in the ordinary course of the Firm's business. The database entries are recorded at or about the time of the events recorded.

7. I have reviewed all of the time entries and expenditures for this case and in the exercise of billing judgment reduced or eliminated hours that I believe were potentially unproductive.

8. The hourly rates sought by Cooper & Kirk reflect the rate actually paid to the Firm in this case. Specifically, Mr. Cooper's current hourly rate is $865/hour; and my current rate is $565 hour. Thus, the hourly rates sought here reflect the rates actually paid to the Firm in typical arm's-length, market-rate transactions.

9. From the inception of the Firm's involvement in this case, I have had personal familiarity with the work performed by the attorneys assigned to this case. The Cooper & Kirk attorneys who performed services for the NRA and for whose work the NRA seeks reimbursement in this fee application are listed below:

**a. Charles J. Cooper**

Charles J. Cooper is a founding member and the chairman of Cooper & Kirk, PLLC. He has made multiple appearances before the United States Supreme Court and was named by The National Law Journal as one of the 10 best civil litigators in Washington. As discussed below, Mr. Cooper has significant experience in litigating Second Amendment cases.

In 1985 President Reagan appointed Mr. Cooper to the position of Assistant Attorney General for the Office of Legal Counsel. Mr. Cooper reentered private

4

practice in 1988, as a partner in the Washington, D.C. office of McGuire Woods. From 1990 until the founding of Cooper & Kirk in 1996, he was a partner at Shaw, Pittman, Potts & Trowbridge where he headed the firm's Constitutional and Government Litigation Group.

Mr. Cooper's practice is national in scope and is concentrated in the areas of constitutional and civil rights litigation.

Mr. Cooper's is especially experienced in challenges to legislation on constitutional grounds. He litigated the 1998 case *Clinton v. City of New York* to its conclusion in the Supreme Court, where the Line-Item Veto Act was struck as unconstitutional. 524 U.S. 417 (1998).

Mr. Cooper oversaw litigation in the landmark case of *McConnell v. Federal Election Commission*, a predecessor to the recent *Citizens United v. F.E.C.* case, where diverse groups including the California Democratic Party and the National Rifle Association challenged the constitutionality of the McCain-Feingold Act. 540 U.S. 93 (2003).

Mr. Cooper has argued in all but one of the federal courts of appeals.

Mr. Cooper's billing rate in 2009 was $815/hour.

A full *curriculum vitæ* for Charles J. Cooper is attached as Exhibit B.

### b. David H. Thompson

I have considerable experience in constitutional matters, having litigated numerous cases involving the Second Amendment, freedom of speech, civil rights, voting rights, takings of property, and separation of powers issues. I have represented numerous clients before a majority of the federal courts of appeals, numerous district courts, and the Supreme Court.

I am currently representing the NRA in cases implicating the Second Amendment in Texas, Illinois, Kentucky, and Florida. I also advise the NRA on a range of other cases involving the Second Amendment.

My full *curriculum vitæ* is attached as Exhibit C.

### c. Jesse Panuccio

Jesse Panuccio was graduated from Harvard Law School in 2006 *magna cum laude* and served on the Harvard Law Review. He earned his B.A. from Duke University in 2003. After law school, Mr. Panuccio was Law Clerk to Judge (now Professor) Michael McConnell on the U.S. Court of Appeals for the Tenth Circuit. Following his clerkship, Mr. Panuccio joined Cooper & Kirk PLLC as an associate. He has since left to pursue public service as Deputy General Counsel to Governor Rick Scott of Florida.

10.    Cooper & Kirk was well qualified to represent NRA, given its experience litigating Second Amendment matters.  We have considerable expertise in Second Amendment litigation.  Mr. Cooper argued in the Fifth Circuit a seminal case, *United States v. Emerson*, which held that the Second Amendment guarantees individuals the right to bear arms. 270 F.3d 203 (5th Cir. 2001). *Emerson* involved a challenge to the constitutionality of a federal law prohibiting, in some circumstances, the possession of firearms. Although that challenge did not succeed, *Emerson,* and the briefing in it, became a touchstone for future landmark constitutional jurisprudence on the Second Amendment.  Mr. Cooper and I, with the assistance of our colleagues, have submitted amicus briefs in several other Second Amendment cases. *See, e.g., Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir. 2002) (the Firm filed an amicus brief at the certiorari stage in the Supreme Court); *District of Columbia v. Heller*, 554 U.S. 570 (2008) (amicus brief filed on the merits).  As noted above in the aftermath of *Heller*, Mr. Cooper and I have represented NRA in a number of cases implicating directly or indirectly issues relating to the Second Amendment.  Indeed, since its founding, Cooper & Kirk has represented the NRA in key high-stakes, policy-oriented, constitutional litigations in over a dozen distinct cases.

11.  Notwithstanding Cooper & Kirk's expertise in constitutional and Second
Amendment litigation, its fees are lower than those of firms employing comparable
talent.  Attached as Exhibit D hereto is Law.com's May 11, 2009 article, "Cap on
Legal Fees in Bankruptcy Alarms Firms."  This article documents rates at the
upper end of $750 and $995/hour.  In comparison, the fees sought by the Firm are
reasonable.

12.  The hourly rates of the firms that filed amicus briefs in this very case in the
Supreme Court demonstrate the reasonableness of Cooper & Kirk's fees.
Moreover, no fewer than 16 *amici* briefs were filed on behalf of respondents
Chicago-Oak Park. Some of these were submitted by attorneys at some of
Chicago's (and the nation's) most prestigious and premium-priced law firms.
These included O'Melveny & Myers LLP, Winston & Strawn LLP, Nixon
Peabody LLP, Boies, Schiller & Flexner LLP, Munger, Tolles & Olsen LLP,
Sidley Austin LLP, Dewey & Lebouef LLP, and Wilmer Cutler Pickering Hale &
Dorr LLP. Below we point to examples of these firms' hourly rates and note that
they are entirely consistent with—indeed generally exceed—the hourly rates we
have charged.

The National Law Journal regularly surveys and reports the fees of lawyers
at national law firms. These surveys, which are made available for purchase, have

8

been cited in fee declarations in other cases, including *Heller v. District of Columbia.* Exhibits E through G, below, are from filings in that case. For example, Chicago firms Winston & Strawn and Jenner & Block bill $513 and $525 respectively for top associates. Exhibit E. For partners are these firms, hourly rates are higher. The average rate of partners at Winston & Strawn is $638; at Jenner & Block, that number is $655. Exhibit F. Rates for senior partners at these firms are significantly higher: some senior partners at Sidley Austin bill $950 for an hour of their work. Exhibit G. At Chicago firms Winston & Strawn and Jenner & Block, some senior partners bill $1,000 an hour. Exhibit F.

Although the contest over attorney's fees has not yet been resolved in the *District of Columbia v. Heller* cases in the United States District Court for the District of Columbia, recent government filings in that case in that case make plain that outside counsel, engaged to represent D.C., have "standard rates" for such litigation, and those rates are, for attorneys "11 to 20 years" out of law school, $640/hr to $800/hr; and for attorneys "20 + years" out of law school, $760/hr to $950/hr. *Parker v. Dist. of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), Def.'s Not. Filing, ECF No. 79.

13.    Cooper & Kirk was hired to provide limited, highly specific services that are part of the firm's core competency.  In light of our general experience in constitutional litigation, our specific experience in litigating Second Amendment cases, and the higher rates charged by other firms with comparable national practices, the rates charged by the Firm in this matter and the fees sought for the Firm's work are reasonable.

I hereby swear the foregoing is true and accurate to the best of my knowledge:

David H. Thompson

District of Columbia: SS
Subscribed and Sworn to before me,
this 3rd day of August , 2011

John C. Brown, Notary Public, D.C.
My commission expires May 14, 2012

10

# EXHIBIT "A"

Institute for Legislative Action                          August 3, 2011
National Rifle Association
11250 Waples Way Road
Fairfax, VA  22030


In Reference To:     NRA v. Chicago

_____


      Payments Made                              $28,576.50

National Rifle Association                                    Page    2

     Professional services

|  |  |  | Hours |
|---|---|---|---|
| 12/17/08 | JMP | Research re petition for initial petition for rehearing en banc. | 0.90 |
| 03/18/09 | CJC | Conference with D. Thompson re appeal strategy for incorporation issue. | 0.40 |
|  | CJC | Review draft en banc petition to CA7. | 0.50 |
|  | JMP | Conference with J. Panuccio re strategic options in Seventh Circuit. | 0.40 |
|  | JMP | Review proposed initial en banc petition. | 0.70 |
| 03/25/09 | JMP | Review email re Seventh Circuit initial en banc strategy. | 0.20 |
| 03/26/09 | JMP | Review draft petition for initial hearing en banc in Seventh Circuit. | 0.20 |
|  | DHT | Analyze petition for initial rehearing en banc. | 0.30 |
| 04/08/09 | JMP | Research re Seventh Circuit initial en banc petition. | 1.00 |
| 05/18/09 | JMP | Draft questions for Seventh Circuit moot. | 0.60 |
|  | DHT | Review Seventh Circuit briefs and participate in moot court on incorporation. | 3.40 |
| 06/02/09 | DHT | Review Seventh Circuit decision and cert. petition. | 0.40 |
| 06/03/09 | DHT | Review and revise petition for certiorari. | 2.20 |

National Rifle Association                                    Page    3

|            |     |                                                                                 | Hours |
|------------|-----|---------------------------------------------------------------------------------|-------|
| 06/10/09   | DHT | Review cert petition.                                                           | 1.30  |
| 06/17/09   | JMP | Develop strategy for Supreme Court amicus support.                              | 1.10  |
|            | DHT | Conferences re amicus briefs.                                                   | 1.10  |
|            | CJC | Prepare for and participate in conference re amicus strategy.                   | 1.20  |
| 07/29/09   | JMP | Review draft of Halbrook reply brief in support of cert petition.               | 1.10  |
| 08/10/09   | JMP | Review reply in support of petition for certiorari and draft comments re same.  | 4.70  |
| 08/11/09   | JMP | Conferences with D. Thompson re reply in support of petition for certiorari; draft comments re same. | 1.60  |
|            | DHT | Revise reply brief in Chicago case; conference with J. Panuccio re same.        | 1.40  |
| 09/30/09   | DHT | Conferences re Supreme Court strategy.                                          | 0.70  |
|            | JMP | Conference with D. Thompson re cert. grant.                                     | 0.70  |
| 10/02/09   | BSK | Research how to use Privileges or Immunities Clause history to bolster our Due Process incorporation argument. | 3.10  |
| 10/16/09   | CJC | Conferences with D. Lehman, Clement, D. Thompson re amicus strategy.            | 1.30  |
| 10/16/09   | DHT | Develop Supreme Court incorporation strategy; conferences re same.              | 1.60  |

National Rifle Association                                    Page    4

|            |     |                                                                                                                                                                                | Hours |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 11/04/09   | DHT | Review Supreme Court brief.                                                                                                                                                        | 0.90  |
|            | JMP | Review NRA's initial draft Supreme Court brief.                                                                                                                                    | 0.30  |
| 11/05/09   | DHT | Review and revise Supreme Court brief.                                                                                                                                             | 0.70  |
| 11/06/09   | JMP | Review Supreme Court draft brief.                                                                                                                                                  | 1.70  |
| 02/21/10   | DHT | Prepare for moot court.                                                                                                                                                            | 1.90  |
| 02/22/10   | JMP | Prepare D. Thompson for moot court.                                                                                                                                                | 1.80  |
|            | DHT | Prepare for and participate in moot court.                                                                                                                                         | 3.80  |
| 07/05/11   | JM  | Familiarize and review standards and forms for fee declarations and motions for award of attorneys' fees and costs; confer with M. Miller on same; conduct research as to comparable attorney fees. | 5.10  |
| 07/06/11   | DHT | Prepare declaration in support of fee request.                                                                                                                                     | 0.60  |
|            | JM  | Draft declaration for fee request.                                                                                                                                                 | 4.20  |
| 07/07/11   | JM  | Draft declaration of attorneys' fees.                                                                                                                                              | 6.20  |
|            | MM  | Draft declaration re attorneys' fees and costs.                                                                                                                                    | 4.10  |
| 07/11/11   | JM  | Edits to declaration in support of motion for attorneys' fees.                                                                                                                     | 0.20  |
| 07/12/11   | DHT | Revise declaration in support of fees.                                                                                                                                             | 3.90  |

National Rifle Association                                    Page   5

|  |  |  | Hours |
|---|---|---|---|
| 08/03/11 | DHT | Revise declaration in support of fees. | 2.20 |
|  | JM | Revise declaration in support of fees. | 0.80 |

|  |  | Amount |
|---|---|---|
| For professional services rendered | 70.5 | $28,576.50 |

National Rifle Association                                    Page    6

## Attorney/LA Summary - 2008

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Panuccio, Jesse | 0.90 | 335.00 | $301.50 |

|  |  |  | Amount |
|--|--|--|--------|
| Balance Due |  |  | $301.50 |

## Attorney/LA Summary - 2009

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Cooper, Charles | 3.40 | 815.00 | $2,771.00 |
| Koukoutchos, Brian | 3.10 | 525.00 | $1,627.50 |
| Panuccio, Jesse | 14.30 | 345.00 | $4,933.50 |
| Thompson, David | 14.00 | 515.00 | $7,210.00 |

|  |  |  | Amount |
|--|--|--|--------|
| Balance Due |  |  | $16,542.00 |

## Attorney/LA Summary - 2010

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Panuccio, Jesse | 1.80 | 375.00 | $675.00 |
| Thompson, David | 5.70 | 535.00 | $3,049.50 |

|  |  |  | Amount |
|--|--|--|--------|
| Balance Due |  |  | $3,724.50 |

National Rifle Association

Page    7

## Attorney/LA Summary - 2011

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Malchow, Joseph | 16.50 | 205.00 | $3,382.50 |
| Miller, Marissa | 4.10 | 205.00 | $840.50 |
| Thompson, David | 6.70 | 565.00 | $3,785.50 |

| | Amount |
|--|--------|
| Balance Due | $8,008.50 |

| | |
|--|--|
| Total amount of this bill | $28,576.50 |

National Rifle Association                                        Page    8


Institute for Legislative Action              August 3, 2011
National Rifle Association
11250 Waples Way Road
Fairfax, VA  22030


In Reference To:      Incorporation Matter


---

**Please return this page with your remittance to:**

        Cooper & Kirk, PLLC
        1523 New Hampshire Avenue, N.W.
        Washington, D.C.  20036


**Wired funds should be addressed as follows:**

        Wachovia Bank, N.A.
        1500 K Street, N.W.
        Washington, D.C.  20005
        ABA No. 054001220
        Cooper & Kirk, PLLC
        Acct. No. 2000020774903

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION AMERICA, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:08-CV-03696 |
| VILLAGE OF OAK PARK, et al., | ) ) | |
| Defendants. | ) ) | |
| --------------------------------------------- | ) | |
| NATIONAL RIFLE ASSOCIATION AMERICA, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 1:08-CV-3697 |
| v. | ) ) | |
| CITY OF CHICAGO, | ) ) | |
| Defendant | ) ) | |
| --------------------------------------------- | ) | |

## DECLARATION OF PAUL D. CLEMENT

1.     I, Paul D. Clement, am a partner in the law firm Bancroft PLLC.  I

represented the National Rifle Association of America, Inc. *et al.* in this case in

briefing and oral argument before the United States Supreme Court and in certain

aspects of the subsequent fees litigation.  I make this Declaration in support of

1

Plaintiffs' Motion for Reimbursement of Reasonable Attorneys' Fees and Expenses as a prevailing party in this litigation.

2.      I am a member of the Bars of Virginia, Washington, DC, and Wisconsin; the Bar of the United States Supreme Court; the Bars of the United States Courts of Appeals for the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, D.C., and Federal Circuits; and bars of other courts.  I am a *magna cum laude* graduate of the Harvard Law School, where I was the Supreme Court editor of the *Harvard Law Review*.  I served as law clerk to Associate Justice Antonin Scalia of the United States Supreme Court and to the Honorable Laurence H. Silberman of the United States Court of Appeals for the District of Columbia Circuit.  I served as the 43rd Solicitor General of the United States from June 2005 until June 2008.  Since November 2008, I have worked in private practice at the law firms of King & Spalding and Bancroft PLLC.

3.      My law practice is devoted substantially to appellate and Supreme Court litigation.  I have argued more than 50 cases before the United States Supreme Court.  I have received, among others awards, the Edmund Randolph Award, the U.S. Department of Justice's highest honor.  I am one of only 5 attorneys singled out as star individuals in appellate litigation in the latest edition of Chambers USA.

2

I frequently write and lecture for various continuing legal education programs on topics involving appellate and Supreme Court advocacy.

4.     In my experience leading a national appellate practice at King & Spalding and more recently at Bancroft PLLC, I have become familiar with the economics of law practice, billing rates, billing practices, the cost and recovery of litigation support services and other expenses of litigation, and the setting and collection of legal fees in a variety of circumstances, including cases presenting professional demands, factual and legal complexity, and risk and expense levels comparable to the instant case.  I have derived this knowledge from personal experience negotiating fee agreements with sophisticated consumers of legal services, billing and collecting fees and expenses from clients and/or adverse parties in the legal marketplace, and regularly representing plaintiffs and defendants on an hourly rate basis.  I have extensive experience related to billing practices for representation before the United States Supreme Court.

5.     I am familiar with the firm policies, practices, and procedures governing the recording and maintenance of time and expense records at both King & Spalding and Bancroft PLLC.  I am also familiar with both firms' standard hourly rates customarily charged for professional services delivered to clients: (a) who hire

King & Spalding or Bancroft for a particular case or matter on a purely hourly basis and generally pay their bills within a 30 to 60 day cycle; (b) who shoulder full responsibility for the expenses of their case and relieve King & Spalding or Bancroft of the financial costs and risks associated with carrying case expenses for an indefinite period of time; (c) who agree to pay King & Spalding or Bancroft a fee calculated on an hourly basis without regard to the ultimate result obtained in the case; and (d) for whom neither a premium billing rate arrangement nor a discounted billing rate arrangement is appropriate or agreed to in advance.

6.    I personally supervised the work done by the King & Spalding and Bancroft PLLC attorneys and other employees in this case. I have endeavored to keep the number of personnel assigned to this case to the minimum reasonably necessary to serve my clients' needs efficiently. Likewise, I have endeavored to make work assignments appropriate to each attorney or paralegal's level of experience and expertise.

7.    Exhibits 1-A-1-E to this Declaration contains summaries of: (a) the total billable hours performed by King & Spalding lawyers in representing plaintiffs, priced at the firm's current standard hourly rates (or in my case, my hourly rate at the time I left the firm) [Exhibit 1-A]; (b) the total hours performed by King &

Spalding lawyers that were written off in the exercise of billing judgment [Exhibit
1-B]; (c) an itemization of the total hours worked by King & Spalding lawyers
broken down by substantive category [Exhibit 1-C]; (d) the written-off hours
broken down by substantive category [Exhibit 1-D]; and (e) case expenses incurred
by King & Spalding [Exhibit 1-E].

8.      Exhibit 2 to this Declaration contains a summary of the total billable hours
performed by Bancroft PLLC lawyers in representing plaintiffs, priced at the
firm's current standard hourly rates.

9.      The hourly rates set forth in Exhibit 3 correctly reflect hourly rates King &
Spalding currently charges and collects from legally sophisticated clients who hire
it to perform legal services on a Standard Hourly Rate basis (*see* paragraph 5,
*supra*).  The compilations set forth in Exhibits 1-A through 1-E were generated
from a database of recorded time entries created in the ordinary course of King &
Spalding's business by persons with actual knowledge of the events recorded at or
about the time of the events recorded, and which have been maintained in the
ordinary course of King & Spalding's business.  I have reviewed the entries in
Exhibits 1-A and 1-C and reduced or written off charges I deemed excessive in my
exercise of billing judgment.  These compilations of time and expense records, and

5

the summary of them attached as Exhibits 1-A through 1-E, constitute an accurate

and reliable account of the hours reasonably expended and the expenses incurred

by King & Spalding and its personnel in this case.

10.     The hourly rates set forth in Exhibit 4 correctly reflect hourly rates Bancroft

PLLC currently charges and collects from legally sophisticated clients who hire it

to perform legal services on a Standard Hourly Rate basis (*see* paragraph 5, *supra*).

The compilations set forth in Exhibit 2 were generated from a database of recorded

time entries created in the ordinary course of Bancroft PLLC's business by persons

with actual knowledge of the events recorded at or about the time of the events

recorded, and which have been maintained in the ordinary course of Bancroft

PLLC's business.  These compilations of time and expense records, attached as

Exhibit 2, constitute an accurate and reliable account of the hours reasonably

expended and the expenses incurred by Bancroft PLLC and its personnel in this

case.

11.     From the inception of our work on this case, I personally supervised and

managed the work of the King & Spalding personnel.  King & Spalding lawyers

who performed services for Plaintiffs and for whose work Plaintiffs seek

reimbursement in this fee application are listed below:

(a) **Daryl L. Joseffer** – Daryl is a partner in King & Spalding's national appellate practice and Deputy Practice Group Leader for the firm's litigation and antitrust practice. He is a graduate of Stanford University and received his law degree, *magna cum laude*, from Harvard Law School. After law school, Daryl served as law clerk to Hon. Jerry E. Smith of the United States Court of Appeals for the Fifth Circuit. Daryl served five years in the Office of the Solicitor General, including working as the Principal Deputy Solicitor General, where he argued 11 cases and filed more than 100 briefs in the United States Supreme Court. King & Spalding currently bills and collects the hourly rate of $710 for Daryl's work.

(b) **Jeffrey S. Bucholtz** – Jeffrey is a partner in King & Spalding's national appellate practice. He is a *summa cum laude* graduate of the University of Pennsylvania and received his law degree, *magna cum laude*, from Harvard Law School. After law school, Jeffrey served as law clerk to Hon. Samuel A. Alito, Jr., then of the United States Court of Appeals for the Third Circuit; and as a law clerk to Hon. Stephen V. Wilson of the United States District Court for the Central District of California. Prior to re-joining King & Spalding, Jeffrey served in leadership positions in the Civil Division of the U.S. Department of Justice, including as Acting Assistant Attorney

7

General.  King & Spalding currently bills and collects the hourly rate of $640 for Jeff's work.

(c)   **Adam Conrad** – Adam is an associate with King & Spalding.  He received his B.S. *magna cum laude* from the University of Notre Dame in 2002.  Adam received his law degree from the University of Georgia, where he graduated *summa cum laude*, served as editor-in-chief of the *Georgia Law Review*, and was inducted into the Order of the Coif.  Following law school, Adam served as a law clerk to Associate Justice Clarence Thomas of the United States Supreme Court and the Honorable David B. Sentelle of the United States Court of Appeals for the D.C. Circuit.  King & Spalding currently bills and collects for Adam's work at the standard hourly rate of $500.

(d)   **Candice Chiu** – Candice was until recently an associate in King & Spalding's national appellate practice.  She recently left the firm to serve as a lawclerk to retired Associate Justice Sandra O'Connor of the United States Supreme Court.  She is a graduate of Harvard University and received her law degree from Harvard Law School, where she served as Supreme Court editor of the *Harvard Law Review*.  Candice served as law clerk to the

Honorable Brett M. Kavanaugh of the United States Court of Appeals for the D.C. Circuit. King & Spalding bills and collects for work performed by firm attorneys at Candice's level of experience at $460.

(e) In addition, paralegals employed by King & Spalding and working under my personal supervision devoted time to this action. The hours expended by these additional King & Spalding employees have been written off in the exercise of reasonable billing judgment, and plaintiffs do not seek reimbursement for the substantial additional work performed by them.

12. Bancroft PLLC lawyers, in addition to me, who performed services for Plaintiffs and for whose work Plaintiffs seek reimbursement in this fee application are listed below:

a. **H. Christopher Bartolomucci** – Chris is a partner at Bancroft PLLC. He is a *summa cum laude* graduate of Dartmouth College and he received his law degree, *cum laude*, from Harvard Law School, where served as an editor of the *Harvard Law Review*. After law school, Chris served as a law clerk to Hon. William L. Garwood of the U.S. Court of Appeals for the Fifth Circuit. Chris then served as a Bristow Fellow in the Office of the Solicitor General. Chris has successfully

9

argued in the U.S. Supreme Court and many other appellate courts. He was a litigation partner at Hogan & Hartson LLP (now Hogan Lovells US LLP) in 2001 and from 2003 to 2011, where he briefed and argued numerous appeals. From 2001-2003 he served at the White House as Associate Counsel to the President. Bancroft PLLC currently bills and collects the hourly rate of $950 for Chris's work.

b. **Conor B. Dugan** – Conor is a counsel at Bancroft PLLC. He is a *cum laude* graduate of Dartmouth College and received his law degree, *magna cum laude*, from Notre Dame Law School. After law school, Conor served as law clerk to Hon. Samuel A. Alito, Jr., then of the United States Court of Appeals for the Third Circuit. Conor then was hired through the Honors Program and served in the Appellate Section of the Civil Rights Division of the Department of Justice for six-and-a-half years prior to joining Bancroft. While in the Civil Rights Division, Conor briefed numerous matters in the federal courts of appeals and the Supreme Court of the United States and orally argued a dozen cases. Bancroft PLLC currently bills and collects the hourly rate of $600 for Conor's work.

10

13.   A summary of the necessary work follows.  Plaintiffs' Counsel's activities fall into several categories, and the time entries compiled in Exhibit 1-C are sorted to reflect these categories:

(a) ***Motion for Divided Argument.***  King & Spalding attorneys researched and drafted Plaintiffs' motion for divided argument before the United States Supreme Court.  Although the Supreme Court rarely grants such motions (the relevant Supreme Court rule says they are disfavored) the Supreme Court granted that motion, and Plaintiffs' were granted ten minutes of oral argument time.

(b) ***Briefing and Oral Argument.***   I assisted Plaintiffs' other counsel in preparing Plaintiffs' reply brief in the United States Supreme Court.  I also represented Plaintiffs in oral argument before the United States Supreme Court.  Preparation for that argument included reviewing all briefing in the Supreme Court and researching relevant legal issues.  I also participated in three moot arguments to prepare for oral argument.

(c) ***Fees litigation***.  I consulted on the legal issues raised in the fees litigation and reviewed and commented on drafts of the opening and reply briefs

11

prepared by Plaintiffs' other counsel in the United States Court of Appeals for the Seventh Circuit.

14.     Given the complexity and importance of the constitutional issues before the United States Supreme Court, the quantity of time devoted by King & Spalding and Bancroft PLLC professionals to the tasks described above and detailed in this fee application is reasonable, necessary, and fully deserving of compensation. Indeed, Plaintiffs sought divided argument for the purpose of presenting arguments related to incorporation of the right to keep and bear arms via the Fourteenth Amendment's Due Process Clause—a theory adopted by four of the five Members of the majority. Thus, the legal services that are the subject of this fee application have been delivered in a highly efficient and cost-effective manner.

15.     The hourly rates reflected in Exhibits 3 and 4 are fair, reasonable, and consistent with hourly rates in the national appellate market for the price of legal services of comparable quality rendered in cases demanding similar skill, judgment, and performance. (*See also* Ex. 5.)  Indeed, as noted above, the rates listed in Exhibits 3 and 4 are those actually charged to and collected from legally sophisticated clients of King & Spalding and Bancroft PLLC.

12

16.     As a point of comparison, attached hereto as Exhibit 6 is the *ABA Journal's* December 19, 2009, article, "Some Top Lawyers Bill More than $1,000 an Hour for Bankruptcy Work." This report reflects that bankruptcy attorneys have charged upwards of $1000 per hour for their work since at least 2009. In comparison, the hourly rates requested by King & Spalding and Bancroft PLLC are reasonable.

17.     The expenses reflected in Exhibit 1-A, 1-E and 4 were actually expended to prosecute this action. These expenses were reasonable and necessary to protect the interests of Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of January, 2012.

Paul D. Clement

13

# EXHIBIT "3"

**Exhibit 3: King & Spalding Hourly Rates**

| | |
|---|---|
| Paul Clement | $1020 |
| Daryl Joseffer | $710 |
| Jeffrey Bucholtz | $640 |
| Adam Conrad | $500 |
| Paul Mezzina | $420 |

# EXHIBIT "4"

**Exhibit 4: Bancroft PLLC Hourly Rates**

| | |
|---|---|
| Paul Clement | $1020 |
| H. Christopher Bartolomucci | $950 |
| Conor B. Dugan | $600 |

# EXHIBIT F

# EXHIBIT "C"

Exhibit C
Attorneys' Rates

| Rate | Work Type Description | grad yr | comp yr | office | Attorney | Effective date |
|---|---|---|---|---|---|---|
| **10/1/2009** | | | | | | |
| 675 | Partners - Income | 1999 | 1999 | Boston | Martin, Kevin | 10/1/2009 |
| 535 | | 1999 | 1999 | Washington D.C. | Nardi, Scott | 10/1/2009 |
| 615 | Partners - Contract | 1969 | | Washington D.C. | Rich, John | 10/1/2009 |
| 430 | | 2007 | 2007 | Boston | Ferch, Ryan E. | 10/1/2009 |
| 505 | | 2005 | 2005 | San Francisco | Lipshutz, Joshua S. | 10/1/2009 |
| 475 | | 2007 | 2006 | Silicon Valley | Washko, Frank M. | 10/1/2009 |
| 850 | Partners - Equity | 1981 | | Boston | Poss, Stephen | 10/1/2009 |
| **1/1/2010** | | | | | | |
| 675 | Partners - Income | 1999 | 1999 | Boston | Martin, Kevin | 1/1/2010 |
| 535 | | 1999 | 1999 | Washington D.C. | Nardi, Scott | 1/1/2010 |
| 615 | Partners - Contract | 1969 | | Washington D.C. | Rich, John | 1/1/2010 |
| 430 | | 2007 | 2007 | Boston | Ferch, Ryan E. | 1/1/2010 |
| 505 | | 2005 | 2005 | San Francisco | Lipshutz, Joshua S. | 1/1/2010 |
| 475 | | 2007 | 2006 | Silicon Valley | Washko, Frank M. | 1/1/2010 |
| 880 | Partners - Equity | 1981 | | Boston | Poss, Stephen | 1/1/2010 |

# EXHIBIT G

# Firms report their billing rates by associate class

Below is a sampling of hourly rates charged by law firms that establish billing rates based on associate class.
The firms reported the data as part of The National Law Journal's 2009 survey of the nation's 250 largest law firms.

| Firm Name | Principal or largest Office | Total number of attorneys | 1st year | 2d year | 3d year | 4th year | 5th year | 6th year | 7th year | 8th year |
|---|---|---|---|---|---|---|---|---|---|---|
| Alston & Bird | Atlanta | 820 | 315 | 350 | 388 | 415 | 445 | 483 | 503 | |
| Barnes & Thornburg | Indianapolis | 483 | 210 | 220 | 230 | 245 | 250 | 260 | 270 | 280 |
| Brinks Hofer Gilson & Lione | Chicago | 179 | 240 | 260 | 280 | 305 | 335 | 360 | 385 | 405 |
| Brownstein Hyatt Farber Schreck | Denver | 223 | 185 | | | | | | | |
| Bryan Cave | St. Louis | 991 | 160 | 253 | 265 | 313 | 323 | 370 | 388 | 408 |
| Burr & Forman | Birmingham Ala. | 233 | 200 | | | | | | | |
| Curtis Mallet-Prevost Colt & Mosle | New York | 240 | 290 | 335 | 375 | 415 | 455 | 495 | 535 | 575 |
| Davis Wright Tremaine | Seattle | 495 | 152 | 158 | 174 | 184 | 195 | 203 | 217 | 222 |

| Firm Name | Principal or largest Office | Total number of attorneys | 1st year | 2d year | 3d year | 4th year | 5th year | 6th year | 7th year | 8th year |
|---|---|---|---|---|---|---|---|---|---|---|
| Dickinson Wright | Detroit | 226 | 185 | 190 | 205 | 215 | 225 | 235 | 250 | |
| Dickstein Shapiro | Washington | 362 | 278 | 343 | 393 | 393 | 438 | 438 | 488 | 488 |
| Dinsmore & Shohl | Cincinnati | 422 | 175 | 185 | 200 | 215 | 225 | 235 | 245 | 255 |
| Edwards Angell Palmer & Dodge | Boston | 526 | 245 | 265 | 278 | | | | | |
| Fitzpatrick Cella Harper & Scinto | New York | 179 | 275 | 300 | 325 | 350 | 370 | 385 | 405 | 420 |
| Ford & Harrison | Atlanta | 191 | 260 | | | | | | | |
| Gardere Wynne Sewell | Dallas | 258 | 210 | 230 | 260 | 280 | 300 | 320 | 340 | 370 |
| Greenebaum Doll & McDonald | Louisville Ky. | 164 | 150 | 160 | 170 | | | | | |
| Harris Beach | Rochester N.Y. | 183 | 148 | 170 | 200 | 200 | 230 | 230 | 250 | |
| Hiscock & Barclay | Syracuse N.Y. | 181 | 245 | 245 | 263 | 263 | 263 | 278 | 278 | 308 |
| Hogan & Hartson | Washington | 1151 | 300 | 340 | 370 | 405 | 435 | 465 | 495 | 525 |

| Firm Name | Principal or largest Office | Total number of attorneys | 1st year | 2d year | 3d year | 4th year | 5th year | 6th year | 7th year | 8th year |
|---|---|---|---|---|---|---|---|---|---|---|
| Holland & Hart | Denver | 390 | 215 | 235 | 255 | 275 | 295 | 305 | 320 | 325 |
| Jackson Kelly | Charleston W.Va. | 171 | 160 | 175 | 185 | 195 | 205 | 215 | | |
| Jenner & Block | Chicago | 443 | 325 | 370 | 400 | 435 | 475 | 495 | 525 | 525 |
| Kelley Drye & Warren | New York | 327 | 295 | 330 | 355 | 400 | 420 | 440 | 470 | 495 |
| Kilpatrick Stockton | Atlanta | 440 | 270 | 295 | 320 | 345 | 375 | 385 | 395 | |
| Knobbe Martens Olson & Bear | Irvine Calif. | 233 | 270 | 295 | 320 | 345 | 370 | | | |
| Lewis Rice & Fingersh | St. Louis | 157 | 170 | 195 | 230 | 255 | 275 | 290 | 300 | 310 |
| Loeb & Loeb | New York | 288 | 318 | 368 | 405 | | | | | |
| Manatt Phelps & Phillips | Los Angeles | 331 | 290 | 290 | 325 | 365 | 410 | 440 | 470 | 505 |
| McElroy Deutsch Mulvaney & Carpenter | Morristown N.J. | 232 | 145 | 170 | 180 | 190 | 195 | 200 | 205 | 215 |
| Montgomery McCracken Walker & Rhoads | Philadelphia | 129 | 220 | 230 | 250 | 270 | 285 | 305 | 330 | 355 |
| **Firm Name** | **Principal or largest Office** | **Total number of attorneys** | **1st year** | **2d year** | **3d year** | **4th year** | **5th year** | **6th year** | **7th year** | **8th year** |
| Morris Manning & Martin | Atlanta | 144 | 200 | 265 | 310 | 340 | 365 | 390 | 415 | 425 |
| Nixon Peabody | New York | 708 | 290 | 329 | 359 | 379 | 405 | 429 | 466 | 447 |
| Patton Boggs | Washington | 539 | 290 | 315 | 340 | 370 | 400 | 425 | 450 | 480 |
| Perkins Coie | Seattle | 658 | 272 | 286 | 313 | 322 | 347 | 355 | 396 | 419 |
| Quarles & Brady | Milwaukee | 415 | 204 | 220 | 238 | 249 | 260 | 275 | 304 | 301 |
| Robinson & Cole | Hartford Conn. | 230 | 210 | 220 | 230 | 240 | 250 | 265 | 285 | 300 |
| Saul Ewing | Philadelphia | 230 | 225 | 238 | 245 | 248 | 253 | 270 | 283 | 323 |
| Schulte Roth & Zabel | New York | 460 | 320 | 435 | 465 | 525 | 545 | 565 | 585 | 605 |
| Sheppard Mullin Richter & Hampton | Los Angeles | 469 | 285 | 320 | 350 | 380 | 405 | 430 | 450 | 470 |
| Shumaker Loop & Kendrick | Toledo Ohio | 210 | 195 | | | | | | | |
| Snell & Wilmer | Phoenix | 412 | 205 | 240 | 260 | 288 | | | | |

| Firm Name | Principal or largest Office | Total number of attorneys | 1st year | 2d year | 3d year | 4th year | 5th year | 6th year | 7th year | 8th year |
|---|---|---|---|---|---|---|---|---|---|---|
| Sullivan & Worcester | Boston | 165 | 285 | 300 | 325 | 345 | 365 | 385 | 435 | |
| Thompson & Knight | Dallas | 405 | 265 | 300 | 330 | 365 | 385 | 405 | 425 | 440 |
| Townsend and Townsend and Crew | San Francisco | 189 | 260 | 290 | 325 | 350 | 390 | 420 | 450 | 470 |
| Ulmer & Berne | Cleveland | 173 | 180 | | | | | | | |
| Vedder Price | Chicago | 253 | 245 | 245 | 260 | 280 | 300 | 315 | 335 | 350 |
| Winstead | Dallas | 252 | 215 | 230 | 260 | 285 | 310 | 330 | 340 | 350 |
| Winston & Strawn | Chicago | 856 | 295 | 313 | 338 | 373 | 410 | 448 | 483 | 513 |

# EXHIBIT H

## A nationwide sampling of law firm billing rates

The National Law Journal asked the respondents to its 2009 survey of the nation's 250 largest law firms to provide a range of hourly billing rates. Firms that supplied the information — including some not in the NLJ 250 — are listed in alphabetical order.

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Adams and Reese | 252.38 | 255 | 500 | 245 | 333.26 | 325 | 310 | 185 | | 215 | | | | | | | | |
| Adorno & Yoss | 308 | 300 | 525 | 225 | 354 | 350 | 300 | 155 | | 225 | | | | | | | | |
| Alston & Bird | 491 | 485 | 860 | 450 | 602 | 590 | 555 | 265 | | 385 | 315 | 350 | 387.5 | 415 | 445 | 482.5 | 502.5 | 502.5 |
| Arent Fox | | | 755 | 420 | | | 485 | 260 | | | | | | | | | | |
| Armstrong Teasdale | | | 450 | 320 | | | 315 | 175 | | | | | | | | | | |
| Baker Donelson Bearman | 302 | 295 | 595 | 236 | 349 | 340 | 315 | 160 | | 215 | | | | | | | | |
| Barnes & Thornburg | 345 | 350 | 615 | 375 | 396 | 395 | 390 | 210 | | 240 | 210 | 220 | 230 | 245 | 250 | 260 | 270 | 280 |
| Best Best & Krieger | 310 | 300 | 550 | 310 | 421 | 425 | 380 | 185 | | 245 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bond Schoeneck & King | 278 | 290 | 465 | 200 | 319 | 320 | 275 | 150 | | 195 | | | | | | | | |
| Bowman and Brooke | | | 500 | 250 | | | | | | | | | | | | | | |
| Briggs and Morgan | 373 | 390 | 600 | 290 | 437 | 440 | 315 | 210 | | 235 | | | | | | | | |
| Brinks Hofer Gilson & Lione | 407 | 405 | 725 | 335 | 530 | 550 | 425 | 190 | | 280 | 240 | 260 | 280 | 305 | 335 | 360 | 385 | 405 |
| Broad and Cassel | 307 | 295 | 475 | 260 | 372 | 375 | 350 | 175 | | 248 | | | | | | | | |
| Brownstein Hyatt Farber Schreck | 377 | 370 | 795 | 280 | 446 | 425 | 340 | 185 | | 250 | 185 | | | | | | | |
| Bryan Cave | 448 | 430 | 765 | 355 | 541 | 530 | 550 | 160 | | 330 | 160 | 252.5 | 265 | 312.5 | 322.5 | 370 | 387.5 | 407.5 |
| Buchalter Nemer | 399 | 400 | 625 | 270 | 467 | 475 | 430 | 195 | | 300 | | | | | | | | |
| Buchanan Ingersoll & Rooney | | | 1020 | 310 | | | 580 | 200 | | | | | | | | | | |
| Burr & Forman | 314 | 325 | 490 | 275 | 352 | 350 | 335 | 200 | | 300 | 200 | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Butzel Long | | | 700 | 285 | | | 395 | | | | | | | | | | | |
| Carlton Fields | 393 | 395 | 750 | 325 | 457 | 455 | 365 | 195 | | 285 | | | | | | | | |
| Cozen O'Connor | 415 | 390 | 880 | 300 | 488 | 460 | 695 | 220 | | 320 | | | | | | | | |
| Curtis Mallet-Prevost Colt | 522 | 515 | 785 | 675 | 730 | 730 | 575 | 290 | | 435 | 290 | 335 | 375 | 415 | 455 | 495 | 535 | 575 |
| Davis Wright Tremaine | 346 | 353 | 775 | 310 | 474 | 465 | 445 | 210 | | 305 | 152 | 157.5 | 173.5 | 184 | 194.5 | 203 | 216.5 | 222 |
| Day Pitney | 411 | | 750 | 385 | 507 | 495 | 465 | 230 | | 295 | | | | | | | | |
| Dickinson Wright | | | 575 | 275 | | | 325 | 185 | | | 185 | 190 | 205 | 215 | 225 | 235 | 250 | |
| Dickstein Shapiro | 520 | 518 | 950 | 500 | 633 | 630 | 515 | 265 | | 415 | 277.5 | 342.5 | 392.5 | 392.5 | 437.5 | 437.5 | 487.5 | 487.5 |
| Dinsmore & Shohl | 286 | 270 | 525 | 200 | 345 | 340 | 295 | 165 | | 200 | 175 | 185 | 200 | 215 | 225 | 235 | 245 | 255 |
| Dorsey & Whitney | 335 | 310 | 795 | 245 | 520 | 520 | 545 | 165 | | 300 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duane Morris | 463.46 | 472.5 | 795 | 325 | 527.26 | 515 | 450 | 225 | | 337.5 | | | | | | | | |
| Dykema Gossett | | | 595 | 295 | 440 | | 440 | 200 | | | | | | | | | | |
| Edwards Angell Palmer & | 447 | 450 | 750 | 325 | 547 | 545 | 495 | 170 | | 305 | 245 | 265 | 277.5 | | | | | |
| Epstein Becker & Green | 434 | 425 | 855 | 350 | 523 | 500 | 475 | 180 | | 325 | | | | | | | | |
| Fitzpatrick Cella Harper & Scinto | | | 810 | 470 | | | 440 | 275 | | 385 | 275 | 300 | 325 | 350 | 370 | 385 | 405 | 420 |
| Foley & Lardner | 530 | 540 | 1035 | | 631 | 620 | | 275 | | 400 | | | | | | | | |
| Ford & Harrison | 391 | 420 | 595 | 340 | 466 | 468 | 370 | 245 | | 308 | 260 | | | | | | | |
| Fowler White Boggs | 325 | 325 | 535 | 295 | 378 | 370 | 325 | 195 | | 238 | | | | | | | | |
| Fox Rothschild | 383 | 395 | 675 | 310 | 451 | 450 | 400 | 225 | | 265 | | | | | | | | |
| Frost Brown Todd | 274 | 275 | 490 | 200 | 317 | 310 | 245 | 160 | | 185 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gardere Wynne Sewell | 400 | 400 | 775 | 380 | 512 | 500 | 445 | 210 | | 302 | 210 | 230 | 260 | 280 | 300 | 320 | 340 | 370 |
| Gibbons | | | 700 | 365 | | | 425 | 220 | | | | | | | | | | |
| Godfrey & Kahn | | | 485 | 310 | | | 300 | 180 | | | | | | | | | | |
| GrayRobinson | | | 750 | 170 | | | 150 | 300 | | | | | | | | | | |
| Greenberg Traurig | 442 | 450 | 850 | 345 | 534 | 543 | 575 | 200 | | 340 | | | | | | | | |
| Greenebaum Doll & McDonald | 252 | 330 | 505 | 225 | 300 | 365 | 235 | 150 | | 195 | 150 | 160 | 170 | | | | | |
| Harris Beach | | | 475 | 250 | | | 275 | 140 | | | 147.5 | 170 | 200 | 200 | 230 | 230 | 250 | |
| Hiscock & Barclay | 313 | 311 | 650 | 195 | 352 | 347 | 430 | 150 | | 217 | 245 | 245 | 262.5 | 262.5 | 262.5 | 277.5 | 277.5 | 307.5 |
| Hodgson Russ | 318 | 310 | 665 | 225 | 365 | 360 | 450 | 165 | | 225 | | | | | | | | |
| Hogan & Hartson | 540 | | 990 | 385 | 675 | 660 | 550 | 150 | | 405 | 300 | 340 | 370 | 405 | 435 | 465 | 495 | 525 |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Holland & Hart | 349 | 345 | 615 | 295 | 412 | 405 | 360 | 175 | | 268 | 215 | 235 | 255 | 275 | 295 | 305 | 320 | 325 |
| Holme Roberts & Owen | 355 | 345 | 635 | 285 | 415 | 410 | 530 | 170 | | 265 | | | | | | | | |
| Hughes Hubbard & Reed | | | 925 | 650 | | | 695 | 295 | | | | | | | | | | |
| Husch Blackwell Sanders | 319.23 | 318 | 777 | 220 | 375.57 | 368 | 399 | 168 | | 205 | | | | | | | | |
| Jackson Kelly | 250.27 | 250 | 445 | 220 | 288.79 | 285 | 250 | 145 | | 180 | 160 | 175 | 185 | 195 | 205 | 215 | | |
| Jackson Lewis | 360 | 350 | 715 | 245 | 425 | 425 | 425 | 150 | | 275 | | | | | | | | |
| Jenner & Block | | | 1000 | 525 | 655 | 625 | 535 | 325 | | 400 | 325 | 370 | 400 | 435 | 475 | 495 | 525 | 525 |
| Jones Walker Waechter | | | 620 | 185 | | | 260 | 170 | | | | | | | | | | |
| Kelley Drye & Warren | | | 875 | 450 | | | 545 | 265 | | | | 295 | 330 | 355 | 400 | 420 | 440 | 470 | 495 |
| Kilpatrick Stockton | 425 | 425 | 700 | 375 | 515 | 493 | 425 | 225 | | 295 | 270 | 295 | 320 | 345 | 375 | 385 | 395 | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Knobbe Martens Olson & | | | 680 | 390 | 492 | 480 | 380 | 270 | | 295 | 270 | 295 | 320 | 345 | 370 | | | |
| Lane Powell | 337 | 365 | 575 | 340 | 420 | 415 | 350 | 225 | | 280 | | | | | | | | |
| Lathrop & Gage | | | 490 | 255 | | | 265 | 180 | | | | | | | | | | |
| Lewis Rice & Fingersh | | | 450 | 250 | | | 210 | 140 | | | 170 | 195 | 230 | 255 | 275 | 290 | 300 | 310 |
| Lindquist & Vennum | 320 | 340 | 600 | 275 | 386 | 390 | 300 | 200 | | 225 | | | | | | | | |
| Littler Mendelson | 361 | 340 | 685 | 270 | 433 | 425 | 435 | 125 | | 275 | | | | | | | | |
| Locke Lord Bissell & Liddell | 458.06 | 480 | 1045 | 375 | 562.95 | 560 | 525 | 200 | | 295 | | | | | | | | |
| Loeb & Loeb | 566 | 575 | 950 | 475 | 667 | 650 | 550 | 285 | | 425 | 317.5 | 367.5 | 405 | | | | | |
| Lowenstein Sandler | | | 785 | 425 | | | 500 | 230 | | | | | | | | | | |
| Luce Forward Hamilton & | 410 | 420 | 650 | 360 | 496 | 490 | 540 | 240 | | 290 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Manatt Phelps & Phillips | 531 | 550 | 850 | 495 | 626 | 620 | 505 | 290 | | 410 | 290 | 290 | 325 | 365 | 410 | 440 | 470 | 505 |
| Marshall Dennehey Warner | | | 400 | 140 | | | 310 | 125 | | | | | | | | | | |
| McAndrews Held & Malloy | | | 625 | 310 | | | 290 | 220 | | | | | | | | | | |
| McCarter & English | 396 | 395 | 700 | 350 | 472 | 468 | 395 | 205 | | 315 | | | | | | | | |
| McDonnell Boehnen Hulbert & | | | 670 | 295 | | | 270 | 225 | | | | | | | | | | |
| McElroy Deutsch Mulvaney & | 200 | 215 | 500 | 295 | 275 | 250 | 250 | 145 | | 170 | 145 | 170 | 180 | 190 | 195 | 200 | 205 | 215 |
| McKenna Long & Aldridge | | | 775 | 350 | 471 | | 470 | 220 | | | | | | | | | | |
| Michael Best & Friedrich | 305 | 300 | 620 | 235 | 383 | 375 | 305 | 190 | | 225 | | | | | | | | |
| Miller Canfield Paddock | 368 | 375 | 640 | 240 | 431 | 440 | 400 | 175 | | 245 | | | | | | | | |
| Miller & Martin | 305 | 350 | 610 | 220 | 330 | 375 | 315 | 180 | | 230 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Montgomery McCracken Walker & | 396 | | 605 | 370 | 452 | | 375 | 215 | | | 220 | 230 | 250 | 270 | 285 | 305 | 330 | 355 |
| Moore & Van Allen | 359 | 350 | 770 | 265 | 437 | 420 | 355 | 180 | | 250 | | | | | | | | |
| Morris Manning & Martin | 424 | 415 | 760 | 365 | 492 | 490 | 425 | 200 | | 360 | 200 | 265 | 310 | 340 | 365 | 390 | 415 | 425 |
| Nelson Mullins Riley & | 340 | 325 | 850 | 275 | 394 | 380 | 405 | 190 | | 245 | | | | | | | | |
| Nexsen Pruet | | | 500 | 220 | | | 250 | 175 | | | | | | | | | | |
| Nixon Peabody | 436 | 435 | 865 | 455 | 583 | 600 | 570 | 230 | | 370 | 290 | 329 | 359 | 379 | 405 | 429 | 466 | 447 |
| Ogletree Deakins Nash Smoak | 347 | | 625 | 400 | 386 | | 290 | 195 | | | | | | | | | | |
| Patton Boggs | 521 | 520 | 990 | 400 | 650 | 625 | 540 | 200 | | 400 | 290 | 315 | 340 | 370 | 400 | 425 | 450 | 480 |
| Pepper Hamilton | | | 820 | 420 | | | 450 | 240 | | | | | | | | | | |
| Perkins Coie | 424 | | 815 | 265 | 518 | 515 | 525 | 195 | | | 272 | 286 | 313 | 322 | 347 | 355 | 396 | 419 |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Phelps Dunbar | 212.62 | 252.5 | 450 | 170 | 255.87 | 355 | 260 | 130 | | 165 | | | | | | | | |
| Phillips Lytle | 250 | 255 | 475 | 240 | 340 | 335 | 415 | 150 | | 230 | | | | | | | | |
| Polsinelli Shughart | | | 600 | 250 | | | 275 | 185 | | | | | | | | | | |
| Quarles & Brady | 353 | 365 | 625 | 285 | 422 | 425 | 375 | 200 | | 245 | 204 | 220 | 238 | 249 | 260 | 275 | 304 | 301 |
| Robinson & Cole | 325 | 360 | 650 | 320 | 449 | 450 | 525 | 210 | | 360 | 210 | 220 | 230 | 240 | 250 | 265 | 285 | 300 |
| Roetzel & Andress | 307 | 319 | 550 | 250 | 347 | 350 | 300 | 180 | | 230 | | | | | | | | |
| Rutan & Tucker | | | 635 | 335 | | | 400 | 225 | | | | | | | | | | |
| Saul Ewing | 387 | 375 | 800 | 315 | 464 | 450 | 585 | 205 | | 260 | 225 | 237.5 | 245 | 247.5 | 252.5 | 270 | 282.5 | 322.5 |
| Schulte Roth & Zabel | | | 880 | 715 | | | 670 | 265 | | | 320 | 435 | 485 | 525 | 545 | 565 | 585 | 605 |
| Schwabe Williamson & Wyatt | 305 | 300 | 540 | 290 | 410 | 400 | 440 | 195 | | 250 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sedgwick Detert Moran & | 343 | 335 | 670 | 315 | 418 | 415 | 555 | | | 295 | | | | | | | | |
| Sheppard Mullin Richter & | | | 715 | 495 | | | 525 | 285 | | | 285 | 320 | 350 | 380 | 405 | 430 | 450 | 470 |
| Shumaker Loop & Kendrick | 309 | 330 | 515 | 235 | 341 | 340 | 395 | 165 | | 235 | 195 | | | | | | | |
| Smith Gambrell & Russell | | | 740 | 325 | | | 440 | 195 | | | | | | | | | | |
| Snell & Wilmer | 381 | | 775 | 315 | 473 | | 480 | 175 | | | 205 | 240 | 260 | 287.5 | | | | |
| Stinson Morrison Hecker | 333 | 345 | 680 | 275 | 391 | 380 | 305 | 195 | | 228 | | | | | | | | |
| Stoel Rives | 369 | 375 | 600 | 310 | 430 | 425 | 375 | 190 | | 265 | | | | | | | | |
| Strasburger & Price | 331 | | 610 | 325 | | | 365 | 210 | | | | | | | | | | |
| Sullivan & Worcester | 520 | 525 | 800 | 470 | 629 | 618 | 560 | 285 | | 365 | 285 | 300 | 325 | 345 | 365 | 385 | 435 | |
| Sutherland Asbill & Brennan | 403 | 390 | 800 | 420 | 563 | 550 | 480 | 220 | | 320 | | | | | | | | |

| Firm Name | Firmwide Average | Firmwide Median | Partner High | Partner Low | Partner Average | Partner Median | Associate High | Associate Low | Associate Average | Associate Median | 1st yr | 2d yr | 3d yr | 4th yr | 5th yr | 6th yr | 7th yr | 8th yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Taft Stettinius & Hollister | | | 475 | 200 | 346 | | 370 | 160 | | | | | | | | | | |
| Thompson Coburn | | | 595 | 320 | | | 390 | 190 | | | | | | | | | | |
| Thompson & Knight | 471 | 458 | 825 | 410 | 560 | 560 | 500 | 265 | | 365 | 265 | 300 | 330 | 365 | 385 | 405 | 425 | 440 |
| Townsend and Townsend | 351 | 360 | 750 | 480 | 530 | 560 | 460 | 260 | | 360 | 260 | 290 | 325 | 350 | 390 | 420 | 450 | 470 |
| Ulmer & Berne | 265 | | 550 | 245 | 340 | | 320 | 180 | | | 180 | | | | | | | |
| Vedder Price | 406 | 410 | 700 | 375 | 469 | 453 | 450 | 245 | | 300 | 245 | 245 | 260 | 280 | 300 | 315 | 335 | 350 |
| Venable | 457 | 460 | 975 | 420 | 556 | 550 | 450 | 275 | | 325 | | | | | | | | |
| Wiggin and Dana | | | 650 | 360 | | | 410 | 220 | | | | | | | | | | |
| Williams Mullen | | | 710 | 315 | 417.01 | | 380 | 220 | | | | | | | | | | |
| Winstead | 395 | | 655 | 350 | 462 | | 385 | 215 | | | 215 | 230 | 260 | 285 | 310 | 330 | 340 | 350 |
| Winston & Strawn | 498 | 480 | 995 | 400 | 638 | 630 | 670 | 210 | | 345 | 295 | 312.5 | 337.5 | 372.5 | 410 | 447.5 | 482.5 | 512.5 |
| Womble Carlyle Sandridge & | 212.8 | 130 | 750 | 300 | 461.7 | 465.1 | 415 | 140 | | 280.9 | 130 | | | | | | | |
| Wyatt Tarrant & Combs | 284 | 305 | 475 | 250 | 350 | 355 | 265 | 190 | | 220 | | | | | | | | |

# EXHIBIT I

Sidley Austin Lobbying for Cayman Islands - The BLT: The Blog of Legal...    http://legaltimes.typepad.com/blt/2010/05/sidley-austin-lobbying-for-cay...

# The BLT: The Blog of Legal Times

May 25, 2010

## Sidley Austin Lobbying for Cayman Islands

*Updated*

Sidley Austin, which has served as counsel to the government of the Cayman Islands in the past, will now lobby the United States government for those Caribbean islands.

A team led by Sidley Austin partner Joseph Tompkins Jr. will represent the Cayman Islands' interests in Washington, according to an engagement letter filed with the Justice Department earlier this month. The letter says the firm will also represent the Cayman Islands in Europe and will assist the island government "in analyzing and addressing proposals made in the United States Congress and the Executive Branch that may have an impact upon the Cayman Islands."

The disclosure filing notes that the firm will seek to "correct any misinformation or misperceptions" about the Cayman Islands and monitor legislation that could "affect the ability of U.S. businesses and individuals to conduct business" there. The Cayman Islands are among the nations commonly referred to as tax havens.

The letter of engagement says Sidley's billing rates on the contract will range from $200 per hour for new associates to $950 per hour for senior partners. Nonlawyer professionals charge between $100 and $315 an hour, the letter said.

Tompkins said he has represented the Cayman Islands government in different matters since the mid-1980s, when he worked on a mutual legal aid treaty between the Cayman Islands and the United States. "Our relationship with them is just very special in the sense that they have relied on us for this 25-year period," he said. Tompkins said the new work involves "acting on their behalf broadly" in Washington, as well as in New York, Europe and Asia.

In a 2006 piece about the Cayman Islands for the publication *Managing Partner*, which can be read here, Tompkins mentions his long professional relationship with the Cayman Islands government.

Posted by Carrie Levine on May 25, 2010 at 11:20 AM in Lobbying | Permalink
Digg This | Save to del.icio.us

### TrackBack

TrackBack URL for this entry:
http://www.typepad.com/services/trackback/6a00d83451d94869e20133ee6c1923970b
Listed below are links to weblogs that reference Sidley Austin Lobbying for Cayman Islands:

### Comments

### Verify your Comment

### Previewing your Comment

Posted by:  |
This is only a preview. Your comment has not yet been posted.

[Post]  [Edit]

Your comment could not be posted. Error type:
Your comment has been saved. Comments are moderated and will not appear until approved by the author. Post another comment
The letters and numbers you entered did not match the image. Please try again.
As a final step before posting your comment, enter the letters and numbers you see in the image below. This prevents automated programs from posting comments.

Having trouble reading this image? <u>View an alternate.</u>

Continue