IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-00405-WDS-PMF |
| v. | ) ) ) | Honorable Judge William D. Stiehl |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Philip M. Frazier |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO CONDUCT DISCOVERY AND FOR EXTENSION OF TIME**

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Accordingly, only "on rare occasion" is discovery warranted in fee proceedings. FED. R. CIV. P. 54, 1993 advisory committee note. Because Defendants have failed to show that this is one of those rare occasions, their Motion for Leave to Conduct Discovery and Motion for Extension of Time to Respond to Fee Petition and Bill of Costs, Doc. 108, should be denied.

**BACKGROUND**

This case involves Plaintiffs' successful challenge to Illinois's ban on carrying firearms in public. On December 11, 2012, the Seventh Circuit ruled that the ban violated the Second

1

Amendment and remanded for entry of a declaration of unconstitutionality and an injunction. *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). The Seventh Circuit, however, stayed its mandate to allow the State to craft a new law. On July 9, 2013, shortly after the stay expired and the mandate issued, the State enacted the Firearm Concealed Carry Act (the "FCCA"), 430 ILCS 66/1 *et seq.*, which establishes a concealed carry licensing system.

Defendants insisted that passage of the FCCA mooted the case, and this Court agreed. In addition to dismissing the case as moot, the Court ordered that the "parties shall brief the issue of the award of costs and fees within fourteen (14) days," with "[r]esponses . . . due within ten (10) days thereafter." Doc. 89 at 10-11. Plaintiffs appealed the Court's mootness order, and the Court agreed to extend the deadline for the "parties" to brief the issue of costs and fees to "within thirty (30) days of the issuance of the mandate resolving plaintiffs' appeal to the Seventh Circuit," with "[r]esponses" again to "be filed within ten (10) days thereafter." Doc. 99 at 2.

The Seventh Circuit affirmed this Court's mootness order, and the mandate issued on November 27, 2013. Pursuant to this Court's orders, Plaintiffs on December 27 filed a Bill of Costs, Doc. 105, a Motion for Attorneys' Fees, Expenses, and Taxable Costs, Doc. 106, and a Brief in Support, Doc. 107. Defendants, however, did not file briefs on December 27. Rather, on January 6, 2014, the State Defendants—Attorney General Madigan, Governor Quinn, and State's Attorney Edmonds—filed a motion for an extension of at least 90 days to respond to Plaintiffs' motion for the purpose of conducting discovery. Doc. 108.

## ARGUMENT

The Seventh Circuit has lamented "the seemingly infinite course that fee litigation too often follows." *Leffler v. Meer*, 60 F.3d 369, 375 (7th Cir. 1995) (Stiehl, J.). *See also Estate of Borst v. O'Brien*, 979 F.2d 511, 514 (7th Cir. 1992) ("We can think of few matters more wasteful

2

of judicial resources than ancillary litigation over an attorneys' fee award."); *Nanetti v. Univ. of Illinois at Chicago*, 944 F.2d 1416, 1417 (7th Cir. 1991) ("Critics of our society's penchant for litigation could make a strong argument on the basis of attorney's fees litigation alone."); *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988) (noting "burden" of fee litigation that can go "on ad infinitum, or at least ad nauseam").

Defendants' seek to unnecessarily bog down the fee proceedings in this case by asking for leave to take discovery. Discovery, of course, is not the norm in fee litigation—it should only happen on "rare occasion." FED. R. CIV. P. 54, 1993 advisory committee note. *See also Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) ("When deciding a motion for attorney's fees, courts rarely reopen discovery . . . ."). Indeed, the Seventh Circuit has affirmed an order denying discovery regarding attorneys' fees "as a merciful effort to limit additional expenditures of fees." *Leffler*, 60 F.3d at 375. *See also Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980) (finding "no error in the use of affidavits" as "a basis for determining reasonable attorneys fees").

Defendants' reasons for seeking discovery are wholly inadequate to establish this as one of the rare cases in which discovery on fee matters is appropriate. First, Defendants assert that "[n]o discovery was ever conducted [in this case] by the defendants on the matter of attorneys' fees." Doc. 108 at 2. But that, of course, is the norm.

Second, Defendants assert that they "have an obligation to the taxpayers of the state of Illinois, to conduct discovery to determine the reasonableness of the plaintiffs' counsels' claims of entitlement to fees and costs." *Id*. But this cannot be right independent of a substantive reason why discovery is warranted in a particular case. Indeed, because a fee award includes fees reasonably incurred establishing entitlement to fees, *see Bond v. Stanton*, 630 F.2d 1231,

3

1235 (7th Cir. 1980), time-consuming and costly discovery proceedings would increase the costs that the taxpayers of Illinois ultimately may be required to bear in this case.

Third, and relatedly, Defendants point to the fact that Plaintiffs seek "in excess of $627,000; expenses in excess of $12,000; and costs of nearly $800." Doc. 108 at 2. But the simple fact that a certain amount of fees is requested does not establish that discovery is necessary. In litigation that culminated in the Supreme Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), for example, Judge Shadur of the Northern District of Illinois awarded the plaintiffs a combined fee in excess of $1.4 million against the City of Chicago and the Village of Oak Park without the parties having conducted any discovery. *See NRA v. City of Chicago*, No. 1:08-cv-3697 (N.D. Ill.), ECF Nos. 139 & 150.

Fourth, and finally, is the only purported rationale for discovery that touches on substance: Defendants' assertion that "[t]he supporting documentation provided by plaintiffs raises several questions about their billing practices." Doc. 108 at 2. This charge is a bit perplexing in light of Defendants' failure to inform us or the Court precisely what the questions are that our supporting documents allegedly raise. What is clear, however, is that those supporting documents *answer* the questions asked of fee petitioners. Those documents, for example, provide extensive evidence supporting the hourly rates sought by Plaintiffs' attorneys. *See, e.g.*, Declaration of David H. Thompson, Doc. 106-1 ("Thompson Decl.") ¶¶ 9, 15-17; Declaration of William N. Howard, Doc. 106-2 ("Howard Decl.") ¶¶ 5, 8, 10, 12; Declaration of Stephen P. Halbrook, Doc. 106-3 ("Halbrook Decl.") at 4. They describe the attorneys' practices with respect to the entry and recording of their time. *See* Thompson Decl. ¶¶ 6-7; Howard Decl. ¶ 4; Halbrook Decl. at 2. And they include detailed records of the hours and expenses for which Plaintiffs seek fees. *See* Thompson Decl. Exhibit A; Howard Decl. Exhibit B; Halbrook Decl.

Exhibit B.  All told, Plaintiffs submitted over 250 pages of evidence supporting their fee request. If it were established that a naked statement that this extensive and well-documented evidence "raises several questions about . . . billing practices" were enough to obtain discovery, the rarity of discovery in fee proceedings would surely become a thing of the past.

In sum, Defendants' motion for leave to take discovery should be denied.  Plaintiffs' do not oppose a limited extension to allow Defendants to submit a response to the fee motion, which was due on January 6.  Plaintiffs note, however, that given this Court's orders that the "parties" brief the issue of costs and fees by a certain date, and that "responses" be filed by a certain date, *see* Doc. 89 at 10-11, Doc. 99 at 2, they expected Defendants to file an opening brief on the issue along with Plaintiffs, which would have secured Plaintiffs' ability to respond to Defendants' arguments.  *See* SDIL-LR 7.1(g) ("Reply briefs are not favored and should be filed only in exceptional circumstances.").  In light of these circumstances, Plaintiffs reserve their right to file a reply brief in support of their fee motion.

## CONCLUSION

For the foregoing reasons, Defendants' motion for leave to take discovery should be denied.

Dated:  January 13, 2014                                         Respectfully submitted,

William N. Howard                                                s/ Charles J. Cooper
LOCKE LORD LLP                                                   Charles J. Cooper*
111 South Wacker Drive                                           David H. Thompson*
Chicago, IL 60606                                                COOPER & KIRK, PLLC
Tel: (312) 443-0333                                              1523 New Hampshire Avenue, N.W.
Fax: (312) 896-6433                                              Washington, D.C. 20036
whoward@lockelord.com                                            Tel: (202) 220-9600
                                                                 Fax: (202) 220-9601
                                                                 ccooper@cooperkirk.com
                                                                 *Admitted *pro hac vice*

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Opposition to Defendants' Motion for Leave to Conduct Discovery and for Extension of Time** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **13th** day of **January, 2014**.

By:    s/ Charles J. Cooper

## SERVICE LIST

| | |
|---|---|
| Terence J. Corrigan<br>Illinois Attorney General's Office<br>500 South Second Street<br>Springfield, IL 62706<br>Tel: (217) 782-5819<br>Fax: (217) 524-5091<br>tcorrigan@atg.state.il.us | Joseph A. Bleyer<br>BLEYER & BLEYER<br>601 West Jackson<br>P.O. Box 487<br>Marion, IL 62959<br>Tel: (618) 997-1331<br>jableyer@bleyerlaw.com |
| Jonathan Lee Diesenhaus<br>HOGAN LOVELLS LLP<br>555 13th Street, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 637-5416<br>Fax: (202) 637-5910<br>jonathan.diesenhaus@hoganlovells.com | David A. Simpson<br>Illinois Attorney General's Office - Chicago 2<br>100 West Randolph Street<br>12th Floor<br>Chicago, IL 60601<br>Tel: (312) 814-3419<br>dasimpson@atg.state.il.us |
| Karen L. McNaught<br>Illinois Attorney General's Office - Springfield<br>500 South Second Street<br>Springfield, IL 62706<br>Tel: (217) 782-1841<br>Fax: (217) 524-5091<br>kmcnaught@atg.state.il.us | Karl Triebel<br>Illinois Attorney General's Office - Chicago 2<br>100 West Randolph Street<br>12th Floor<br>Chicago, IL 60601<br>Tel: (312) 814-2391<br>Fax: (312) 814-2253<br>ktriebel@atg.state.il.us |