IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 11-405-MJR-PMF |
| LISA M. MADIGAN, solely in her official capacity as Attorney General of Illinois, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) ) ) ) ) ) ) ) ) ) ) ) | The Honorable Michael Reagan, Judge Presiding, and The Honorable Philip M. Frazier, Magistrate |
| Defendants. | | |

## NOTICE OF APPEAL

Notice is hereby given that defendants LISA MADIGAN, PATRICK J. QUINN, and TYLER R. EDMONDS, hearby appeal to the United States Court of Appeals for the Seventh Circuit from the district court's September 29, 2014 order awarding $533,603.80 in fees, expenses, and costs to the plaintiffs (Doc. 124).

Respectfully submitted,

LISA MADIGAN, Attorney General,
State of Illinois

By:    /s/ Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-5819
Facsimile:  (217) 524-5091
tcorrigan@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

MARY E. SHEPARD and the ILLINOIS )
STATE RIFLE ASSOCIATION, )
 )
    Plaintiff, )
 )
    -vs- )    No. 11-405-MJR-PMF
 )
LISA M. MADIGAN, solely in her official )
capacity as ATTORNEY GENERAL OF )
ILLINOIS, GOVERNOR PATRICK J. )
QUINN, solely in his official capacity as )
Governor of the State of Illinois, )
TYLER R. EDMONDS, solely in his )
official capacity as the State's Attorney )
of Union County, Illinois, and SHERIFF )
DAVID LIVESAY, solely in his official )
capacity as Sheriff of Union County, )
 )
    Defendants. )

## CERTIFICATE OF SERVICE

       I hereby certify that on October 28, 2014, the foregoing document, Notice of Appeal, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles J Cooper | ccooper@cooperkirk.com |
| David H. Thompson | dthompson@cooperkirk.com, |
| Jonathan L. Diesenhaus | jonathan.diesenhaus@hoganlovells.com |
| Joseph A. Bleyer | jableyer@bleyerlaw.com |
| K. Rockne Bleyer | kbleyer@bleyerlaw.com |
| William N Howard | whoward@lockelord.com |

                                  Respectfully submitted,

                                  By:  /s/Terence J. Corrigan
                                     Terence J. Corrigan, #6191237
                                     Assistant Attorney General
                                     500 South Second Street
                                     Springfield, IL 62706
                                     Telephone: (217) 782-5819
                                     Facsimile: (217) 524-5091
                                     tcorrigan@atg.state.il.us

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

*District:* Southern District of Illinois          *Docket No.*     *3:11-cv-405-MJR-PMF*
*Division:* East St. Louis

| **Plaintiff (Petitioner)** | **Short Caption** | **Defendant (Respondent)** |
|---|---|---|
| ( | Shepard, et al, v. Madigan, et al | ) |

......................................................................................................................................................

*Current Counsel for Plaintiff (Petitioner):*          *Current Counsel for Defendant(Respondent):*
*(Use separate sheet for additional counsel)*

| | |
|---|---|
| **William N Howard**<br>Locke Lord LLP<br>111 South Wacker Dr., 45th Floor<br>Chicago, IL 60606-4410<br>312-443-0333<br>Fax: 312-896-6433<br>whoward@lockelord.com | **Terence Corrigan**<br>Illinois Attorney General's Office - Springfield<br>500 South Second Street<br>Springfield, IL 62706<br>217-782-5819<br>Fax:<br>tcorrigan@atg.state.il.us |
| **Charles J Cooper**<br>**David H. Thompson**<br>Cooper & Kirk PLLC<br>1523 New Hampshire Avenue NW<br>Washington, DC 20036<br>202-220-9660<br>Fax: 202-220-9661<br>ccooper@cooperkirk.com<br>dthompson@cooperkirk.com | **David A. Simpson**<br>**Karen L. McNaught**<br>**Karl Triebel**<br>Illinois Attorney General's Office - Chicago<br>100 West Randolph Street, 12th Floor<br>Chicago, IL 60601-3175<br>312-814-3419<br>Fax<br>dasimpson@atg.state.il.us<br>kmcnaught@atg.state.il.us<br>ktriebel@atg.state.il.us |

...........................................................................................................................................

| | | | |
|---|---|---|---|
| *Judge:* | *Michael J. Reagan, Chief* | *Nature of Suit Code:* | *890* |
| | | *Date Filed in District* | |
| *Court Reporter:* | *Barb Kniepmann*<br>*750 Missouri Ave.*<br>*East St. Louis, IL 62201* | *Court:*<br>*Date of Judgment:*<br>*Date of Notice of Appeal:* | *5/13/2011*<br>*9/29/2014*<br>*10/29/2014* |

---

*Counsel:* ___ *Appeared*   _x_ *Retained*   ___ *ProSe*
*Fee-Status* _x_ *Paid*   ___ *Due*   ___ *IFP*   ___ *IFP-Pending*   ___ *U.S.*   ___ *Waived*

*Has Docketing Statement been filed with the District Court's Clerk's Office:*   ___ *Yes*   _x_ *No*
*If 28 U.S.C. §2254 or 28 U.S.C. § 2255, was certificate of appealability:*   ___ *Granted*   ___ *Denied*   *Pending*

*If certificate of appealability was granted or denied, what is the date of the order:*
*If Defendant is in Federal custody, please provide United States Marshal number*
*(USM#):*                                                                    _____

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY SHEPARD, and              )
ILL. STATE RIFLE ASS'N,        )
                               )
            Plaintiffs,        )
                               )
vs.                            )
                               )   Case No. 11–cv–0405–MJR–PMF
LISA M. MADIGAN,               )
GOVERNOR PATRICK J. QUINN,     )
TYLER R. EDMONDS, and          )
SHERIFF DAVID LIVESAY,         )
                               )
            Defendants.        )

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

Courts in the United States generally follow the "American Rule,"[1] which prevents an award of attorneys' fees to any party in a case. Congress carved out an exception to the American Rule in 42 U.S.C. § 1988, which permits the award of "reasonable" attorneys' fees to a "prevailing party" in § 1983 civil rights litigation. **42 U.S.C. § 1988(b).**

This § 1983 case comes before the Court on Plaintiffs' Motion for Attorney Fees. Defendants dispute (1) whether Plaintiffs are "prevailing parties" and (2) whether the fees sought are "reasonable." After the necessary procedural background, the Court will take those issues in turn.

---

[1] So-named in juxtaposition to the British, "loser-pays" rule. **_See Johnson v. Daley_**, 339 F.3d 582, 591 (7th Cir. 2003).

In May 2011, pursuant to 42 U.S.C. §1983, Plaintiffs (one private citizen and a gun rights advocacy organization) brought suit to challenge the constitutionality of three Illinois gun law provisions. The now-retired Senior Judge William D. Stiehl granted Defendants' motions to dismiss in March 2012. (Doc. 57). Plaintiffs appealed, and the Seventh Circuit (in a consolidated appeal) reversed and remanded, holding the statutes violated the Second Amendment. *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). Though the Court of Appeals' opinion was published on December 11, 2012, its mandate was twice stayed (for 210 total days) "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment." *Id.* at 942; *Shepard v. Madigan*, 734 F.3d 748, 749 (7th Cir. 2013).

On July 9, 2013, the Court of Appeals issued its mandate, invalidating the challenged statutes. (Doc. 72). Later that day (Defendants do not dispute the timing), the Illinois legislature enacted a new gun law to replace the old ones. *See Shepard*, 734 F.3d at 749.[2]

Now before the Court is Plaintiffs' Motion for Attorneys' Fees, Expenses, and Taxable Costs, bolstered by a supporting brief and over 260 pages of affidavits, declarations, and billing information (Doc. 106, Doc. 107). Plaintiffs seek an award of fees and costs for three teams of lawyers and staff who worked on their case: (1)

---

[2] A second round of briefing and appeals ensued. Plaintiffs moved for an injunction asking, in essence, that any Illinoisan with a Firearm Owner's Identification ("FOID") Card be allowed to carry a gun outside the home. Judge Stiehl denied that motion (Doc. 89), then Plaintiffs appealed and lost (Doc. 104). *See also Shepard v. Madigan*, 734 F.3d 748 (7th Cir. 2013). Plaintiffs, in the instant motion, do *not* seek remuneration for any services incurred during that second round of litigation.

attorney William N. Howard and his squads of Chicago-based attorneys at Freeborn & Peters and at Locke Lord (he moved firms mid-litigation); (2) attorneys and staff at Cooper & Kirk, a Washington, D.C.-based firm with extensive appellate experience; and (3) attorney Stephen P. Halbrook, a Second Amendment expert who worked on the case. The motion, which drew an objection (Doc. 119) (which in turn drew a reply brief (Doc. 120)), is ripe for ruling. Though Plaintiffs originally sought $641,091.65 in aggregate fees, expenses and costs, their reply cedes several points, and their request demand is $618,606.30.

For the reasons explained below, the Court GRANTS IN PART Plaintiffs' Motion (Doc. 106) and ORDERS Defendants to pay **$533,603.80** to Plaintiffs.

### 1. *Plaintiffs are Prevailing Parties for Purposes of 42 U.S.C. § 1988*

The American Rule normally prevents federal courts from awarding attorneys' fees to any party absent express statutory authorization. *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 467 (7th Cir. 2006). Congress authorized such an exception in 42 U.S.C. § 1988(b), which provides in pertinent part that a court may "allow the prevailing party" in § 1983 civil rights litigation a "reasonable attorney's fee and costs." **42 U.S.C. § 1988(b).**

Fees and costs, however, "do not follow moral victories." *Richardson v. City of Chi.*, 740 F.3d 1099, 1102 (7th Cir. 2014). They depend on concrete judgments that alter legal relations. *Id.* A plaintiff who achieves a desired result because its lawsuit brought about a defendant's voluntary change is not, without the "necessary judicial *imprimatur* on the change," a § 1988 "prevailing party." *Buckhannon Bd. &*

*Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601–02;

605 (2001). Defendants assert that, because no final judgment was entered in this

Court, Plaintiffs cannot be "prevailing parties" within the meaning of §1988.

In *National Rifle Association v. Chicago*, the Seventh Circuit addressed a

§ 1988 fee award similar to the one here. **Nat'l Rifle Ass'n of Am., Inc. v. City of**

**Chi.**, 646 F.3d 992 (7th Cir. 2011). In the wake the Supreme Court striking down a

*federal* ban on handguns as violative of the Second Amendment,[3] the NRA (and a

citizen named Otis McDonald) sued Chicago and the Village of Oak Park over

functionally similar ban. The plaintiffs won at the district and appellate levels, but

the Supreme Court, incorporating a Bill of Rights amendment against the States for

the first time in almost four decades, ruled in plaintiffs' favor. **McDonald v. City of**

**Chi.**, 130 S. Ct. 3020 (2010).[4] The Supreme Court entered its judgment in June

2010, and the municipalities repealed their ordinances in July 2010. In August

2010, the Seventh Circuit directed the district court to dismiss the suits for want of

a case or controversy. *See* 393 F.App'x 390 (7th Cir. 2010). The plaintiffs requested

attorneys' fees under § 1988, but the defendants argued that, because the district

court did not enter a final judgment before the statutes were repealed, no prevailing

party status had attached.

Judge Easterbrook distinguished *NRA* from two cases, *Buckhannon* and

*Zessar. Buckhannon* held that a suit's role as a "catalyst" in sparking a defendant's

---

[3] *District of Columbia v. Heller*, 554 U.S. 570 (2008).

[4] Footnote 12 of the *McDonald* opinion identifies the nineteen other rights (most recently the Eighth
Amendment's protection against excessive bail, **Schilb v. Kuebel**, 404 U.S. 357 (1971)), that have
been incorporated as to the States via the Fourteenth Amendment's Due Process Clause. **McDonald**,
130 S.Ct. at 3035 n. 12. Only five enumerated rights have not been incorporated. *Id.* at n. 13

change in policies did not support a fee award, because only obtaining a judicial order altering the parties' relative legal status counts as "prevailing." *NRA,* 646 F.3d at 993 (**explaining** *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001)). *Zessar* applied *Buckhannon*'s rule to a case that became moot in between a district court's opinion and the (vacated on appeal) entry of judgment. *Id.* (**explaining** *Zessar v. Keith,* 536 F.3d 788 (7th Cir. 2008)). *NRA* differed because the plaintiffs did obtain a judgment—from the Supreme Court—that altered the parties' legal relationship. *Id.* The defendants' surrender of their legal position after the Supreme Court's judgment did not entitle them to vacatur. *Id.* at 994. The Second Amendment question was *the* issue at the heart of the litigation, and after the Supreme Court's decision, the "defendants' position was untenable." *Id.* The Supreme Court's favorable judgment sufficed as "the necessary judicial *imprimatur*" to establish prevailing party status for the plaintiffs, and the Court of Appeals ordered § 1988 fees awarded. *Id.*

Here, Defendants' attempt to hew to *Zessar* and *Buckhannon* rather than *NRA* is unpersuasive. At the heart of the argument is the assertion that Plaintiffs received a judicial pronouncement (i.e. a favorable opinion), but not judicial relief (i.e. an order). But unlike *Zessar*, where vacatur left the case without a judgment on any level, **536 F.3d at 790**, here the Seventh Circuit issued both its opinion and a mandate. Unlike *Buckhannon*, where a district court ruled the case moot before any substantive legal questions were addressed (or final judgments issued), here the Court of Appeals addressed "*the* issue in this litigation" and filed a final order in

Plaintiffs favor. *See NRA,* 646 F.3d at 994 (emphasis there). So while no final order issued in the district court, a higher court (as in *NRA*[5]) rendered Defendants' position untenable and entered its final order. *Then* state actors changed an unconstitutional ordinance: the Seventh Circuit issued its mandate on July 9, 2013, and Illinois amended its unconstitutional firearms laws later that day. "When the [higher court] rendered its decision, the controversy was live." *NRA,* 646 F.3d at 993. *See also Palmetto Props., Inc. v. Cnty. of DuPage,* 375 F.3d 542, 551 (7th Cir. 2004) ("It would fly in the face of legal intuit" to conclude a delay in entering a final order would strip summary judgment victor of "prevailing party" status).

Plaintiffs are prevailing parties under 42 U.S.C. § 1988. Before addressing the reasonableness of the fees, expenses and costs sought by Plaintiffs, the Court briefly discusses two preliminary matters.

### 2. *Plaintiffs' Motion to Cite Supplemental Authority (Doc. 121) — GRANTED*

Plaintiffs have provided a Northern District of Illinois order in which Cooper & Kirk attorneys (who represented another pro-firearm organization in that case) were awarded § 1988 attorneys' fees based on rates ranging from $975 to $300 per hour. (Doc. 121-1). The Court **GRANTS (Doc. 121)** Plaintiffs' Motion to Cite to that supplemental authority, but with several qualifications. The Court will consider those fees as evidence of Cooper & Kirk's rates (it would be error not to, *see Pickett v. Sheridan Health Care Ctr.,* **664 F.3d 632, 646 (7th Cir. 2011)**), but not as precedential authority, *see Travelers Prop. Cas. v. Good,* 689 F.3d 714, 723 (7th Cir.

---

[5] *NRA* did not turn on *which* higher court had made the defendants' legal position untenable, simply that a Supreme Court judgment counted as "'the necessary judicial *imprimatur*' on the plaintiffs' position." *NRA,* 646 F.3d at 994 (quoting *Buckhannon,* 532 U.S. at 605).

2012) (district court case not binding). The Court further notes those rates resulted from a negotiated settlement between the City of Chicago and the Firearms Retailers, not (as here) a hotly-contested fee dispute. The distinction makes a difference. For example, there is no record of whether the prevailing parties in the Northern District sacrificed the number of hours in their lodestar estimate for a higher rate. In Plaintiffs' favor, though (as discussed in greater length below), the Court finds Defendants' attempt to base fee calculations strictly on the geographical distinction between Chicago and downstate Illinois borders on the disingenuous.

### 3. Attorney Halbrook not per se Barred from §1988 Fees

Defendants' broad challenge to the award of *any* fees to Stephen P. Halbrook is unavailing. Halbrook is an attorney and Second Amendment expert whom Attorney William N. Howard (initially of Freeborn & Peters, then of Locke Lord) enlisted for work in this litigation. Defendants assert the lack of contract between Halbrook and Plaintiffs (or Halbrook and Howard's firms) makes Halbrook some sort of roving contractor who deserves no recompense.

The Court, noting that many of the hours claimed by Halbrook relate directly to filings in this case, is generally satisfied that Halbrook worked on Plaintiffs' behalf. (His specific rate and hours worked will be discussed below). Further, attorneys in § 1983 litigation are permitted to enlist the help of other attorneys, and the Court's analysis of whether Halbrook's hours are duplicative of other attorneys' work (or otherwise unreasonable or vague) serves to lessen any concern that consulting attorneys could simply pile on hours after a party has prevailed in § 1983

litigation. *See Pickett*, 664 F.3d at 653–54 (plaintiffs' lawyers hired outside counsel to litigate fees to which plaintiff was entitled); *Shadis v. Beal*, 692 F.2d 924, 926 (3d Cir. 1982) (approving fee award to contracted attorney where court was satisfied plaintiffs were not double-billed).  Outside help from a third-party attorney like Halbrook was clearly contemplated in Plaintiffs' contract with Howard (*see* Doc. 119-1, 10), and Plaintiffs could have terminated their relationship with Howard (and therefore their relationship with anyone he consulted) at any time. *See Kay v. Ehrler*, 499 U.S. 432, 435–36 (1991) ("attorney" as used in § 1988 assumes an agency relationship).  The fact that Halbrook did not enter an appearance for Plaintiffs cannot bar him from receiving fees under § 1988.

### 4.  *Defendants' Challenges to Reasonableness of Lodestar*

After lowering their request for fees, costs, and expenses following Defendants' response briefing, Plaintiffs' request stands at $618,606.30. Defendants assert that Plaintiffs' request is based on excessive hours, and that some categories of proposed remuneration are non-compensable.

The centerpiece of attorneys' fee determinations is the "lodestar" approach, whereby the district court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).  The district court, which can make the contextual and fact-specific assessment of what fees are reasonable, has wide— though not boundless—discretion in its task. *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010); *Montanez v. Simon*, 755 F.3d 547, 552–53 (7th Cir. 2014).  The presumption

that the lodestar calculation yields a reasonable award is a strong one, *Pickett*, 664 F.3d at 639, and the essential goal in shifting fees is "to do rough justice, not to achieve auditing perfection," *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011); *Montanez*, 755 F.3d at 555. Courts should be wary when teams of lawyers (as here) performing overlapping tasks can lead to recompense for "unreasonable indulgence[s]," *NRA v. Vill. of Oak Park*, 871 F. Supp. 2d 781, 792 (N.D. Ill. 2012), but the lodestar calculation should not result in a second (or in this case, a third, *see supra*, FN 2) major litigation, *Montanez*, 755 F.3d at 555. Courts have broad discretion to strike vague or unjustified billing entries. *Id.* at 556 (citing *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000)).

So the Court turns to the lodestar calculation: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. As mentioned above, three sets of lawyers were involved in Plaintiffs' case: William Howard's teams at Freeborn & Peters and Locke Lord; attorneys and staff at Cooper & Kirk; and Stephen P. Halbrook. The number of hours they collectively claim approaches 1,400. The Court has exhaustively considered the record and, with some exceptions discussed below, finds both the rates and hours advanced by Plaintiffs to be reasonable. The Court will therefore use the $618,606.30 sought by Plaintiffs as a baseline, and reduce that amount for rates and/or hours it finds unreasonable.

A. <u>Hourly Rates</u>

An awarded attorneys' fee must be reasonable within the "community." *Jeffboat, LLC v. Director, Office of Workers' Comp. Programs*, 553 F.3d 487, 491 (7th Cir. 2009). Though Defendants would have the Court cabin the discussion to East St. Louis or St. Louis-area lawyers, the scope of the inquiry is not so geographically limned. The test refers to a community of practitioners, particularly when "the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." *Jeffboat*, 553 F.3d at 491. In other words, Defendants wrongly argue that the Court should base the decision on local market rates for *an* attorney, not the local market rate for "the" attorney's services. *Montanez*, 755 F.3d at 547. *See also Jeffboat*, 553 F.3d at 490–91 (judges may adjust out-of-town attorney's rate downward when calculating lodestar *if* local counsel could have provided comparably effective legal services).

The burden to establish market rate (with evidence that goes beyond the attorney's own affidavits) is on the fee applicant, *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012), and the "best evidence" of market rate is the amount the attorney actually bills for similar work, *Montanez*, 755 F.3d at 547. If that rate cannot be determined, the district court must rely on evidence of rates charged by similarly-experienced attorneys in the community and evidence of rates set for the attorney in similar cases. *Id.*; *Johnson*, 668 F.3d at 933. Evidence of fee awards in

prior similar cases "must" be considered as evidence of an attorney's market rate, but it is not the *sine que non* of that rate. *Pickett*, 664 F.3d at 646.

Here, Plaintiffs submit declarations from managing attorneys, billing statements from each firm that worked on their case, plus a wide 2009 sampling of associate and partner rates collated by the National Law Journal. (Doc. 106-1, 89–99). It bears noting that Plaintiffs' attorneys (all of them practitioners based in either Chicago or Washington, D.C.) have extensive experience in Second Amendment litigation, to include appearances before the Supreme Court in the watershed *Heller* and *McDonald* cases. While the undersigned would have discretion to reduce Plaintiffs' attorneys' rates to in-town rates "*if* local counsel could have provided comparably effective" representation, *Jeffboat*, 553 F.3d at 490 (emphasis here), it is unlikely (and unasserted by Defendants) that any counsel, local or otherwise, would have come to this case with credentials comparable to Plaintiffs' counsel. *See NRA v. City of Chi.*, 871 F. Supp. 2d 781, 786–87 (N.D. Ill. 2012) (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("Lawyers do not come from cookie cutters. ... Clients are willing to pay more, per hour, for these better lawyers. ... Markets recognize these truths; judges must too.").

Also worth noting is Defendants' failure to make specific objections to counsel's claimed hourly rates. *See G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) (collecting cases) ("[A] party waives an argument by failing to make it"). Effectively, their response brief only targets the time Plaintiffs'

counsel claim to have worked on the case. *See RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010) (objecting party "must detail his objections to the fee petition such that the court can determine" reasonableness). The Court (ensuring there is sufficient evidence for Plaintiffs' to carry their burden of showing market rates) will accordingly use the rates outlined below. *See Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) ("district court … bears responsibility of justifying its conclusions").

### i. *Freeborn & Peters / Locke Lord — Rates*

Attorney William N. Howard, now a partner at Locke Lord in Chicago, was a partner at Freeborn & Peters (also in Chicago) when this case began. (Doc. 106-2, 1). He charged Plaintiffs $475 per hour during the first 22 months of his representation, and $450 per hour thereafter. (*Id.* at 3). At Freeborn & Peters, Howard was assisted by Attorney Garry Wills, who billed (during various spans) $340, $375, and $395 per hour. (*Id.* at 4). At Locke Lorde, Howard was assisted by John Costello ($440 per hour) and Keith Gibson ($425 per hour). (*Id.*).

Howard's asserted rates are supported by ample evidence in the form of affidavits, billing statements, and the National Law Journal grid containing the relative hourly rates charged by large law firms. (*See* Doc. 106-1, 89–99; Doc. 106-2)[6]. Further, the reasonableness of Freeborn & Peters' rates was upheld by the district court in assessing fees after the *NRA v. Chicago* case. *NRA v. City of Chi.*, 871 F. Supp. 2d 781, 788 (N.D. Ill. 2012). The rates advanced by Howard will be used when calculating the lodestar amount.

---

[6] Indeed, it seems Howard's requested rates are less than his normal billing rate of $545 / hour. (Doc. 106-2, 102–03).

## ii.    *Cooper & Kirk — Rates*

Cooper & Kirk, a Washington-based firm, first appeared for Plaintiffs on their initial appeal to the Seventh Circuit.  Though Defendants spill much ink regarding the *hours* Cooper & Kirk attorneys logged, they make no specific challenge to the Cooper & Kirk rates, which range from $925 to $355 per hour for Cooper & Kirk attorneys, and from $95 to $165 / hour for various legal staff.[7]  The record contains evidence of comparable rates charged by Washington, D.C. firms, and by Cooper & Kirk in similar litigation.  Cooper & Kirk's hourly rates drew no objection in the wake of *NRA v. Chicago*, **see 871 F. Supp. 2d at 786–89**, (Doc.106-1, 53–56), and the firm has charged the same rates in over ten recent Second Amendment cases (Doc. 120-1, 7–8).  The rates claimed here by Cooper & Kirk (though they reflect older billing rates) are less than the rates they recently settled for in the Northern District of Illinois.  Considering the evidence Cooper & Kirk present, and especially given the lack of any specific objection by Defendants, the Court finds their rates reasonable.

## iii.    *Stephen P. Halbrook — Rates*

Of greater concern to the Court is the dearth of evidence of the rates Stephen Halbrook charged for his services.  Halbrook declares: "From the commencement of this litigation through the present, my hourly rates have been between $475 and $540 per hour, except that I performed services for one non-profit client at $400 per hour." (Doc. 106-3, 4).  While Halbrook supplies a log of hours spent on the case, he

---

[7] As a general matter, expenses generated by legal staff are part of an attorneys' fee award because they are the "sort of things that a lawyer includes with a bill for professional services."  ***Calderon v. Witvoet***, 112 F.3d 275, 276 (7th Cir. 1997) (citing *Missouri v. Jenkins*, 491 U.S. 274, 285–89 (1989)).

does not support his asserted rate with any bills, invoices, or contemporaneous correspondence showing precisely what his clients paid him. To carry their burden as fee applicants, Plaintiffs are required to introduce evidence *beyond* Halbrook's sworn statements. ***Johnson*, 668 F.3d at 933.** They have not. The "best evidence" of Halbrook's market rate is the amount he actually bills. ***Montanez*, 755 F.3d at 547.** No such evidence has been introduced.

The Court, then, is in its discretion to rely on a fee award from a prior similar case to establish Halbrook's market rate. ***Pickett*, 664 F.3d at 646.** In the wake of the Supreme Court's *McDonald* decision and the Seventh Circuit's *NRA* ruling, the district court in Northern Illinois had occasion to assess Halbrook's market rate. ***NRA v. City of Chi.*, 871 F. Supp. 781, 786–88 (N.D. Ill. 2012).** Halbrook was lead counsel in the trial court and at the Seventh Circuit, prepared the petition for a writ of certiorari, "and participated to some extent in the preparation at the Supreme Court level." *Id.* at 786. After a careful examination of various options (the $225 per hour Halbrook charged the NRA, the $800 per hour the NRA said he was worth, and the "between $400 and $500 per hour" Halbrook charged other clients), the court reasoned:

> Halbrook says that he could charge $800 per hour if he really demanded it from his clients, but neither he nor NRA provided any evidence to support that purely speculative contention. For Halbrook to prove that the $400–500 range represented a discounted rate, he needed to present some evidence—ideally evidence that an actual paying client accepted such a rate in those terms. … Based on the evidence actually submitted by NRA (and the absence of other evidence), then, Halbrook's market rate will be placed at the midpoint of that range: $450 per hour…

*Id.* at 787–88.

Here, as in *NRA*, nothing supports Halbrook's asserted rate other than speculation contained in his own declaration. Effectively he claims he "could" charge $540 per hour, but provides no evidence of doing so. The undersigned accordingly (and accounting for an increase in rates over the last two years) follows the Northern District's lead, uses the midpoint in the range of rates Halbrook says he charges, and finds that a reasonable rate for Halbrook is $507.50 per hour.

B. **Number of Hours Reasonably Expended**

Attorneys' fees should reflect the hours reasonably required to "see the case through trial, to appeal, and for the collection of fees." ***Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012).** A party may not collect fees for hours that are excessive, redundant, or otherwise unnecessary. ***Id.* at 931 (quoting Hensley, 461 U.S. at 434).** A district court may strike vague or unjustified billing entries. ***Montanez*, 755 F.3d at 556 (citing *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000)).**

While some seemingly-helpful legal research should be expected to turn into dead ends, district courts have denied fees when lawyers' projects "were needlessly esoteric" in the context of a simple case, ***Montanez*, 755 F.3d at 555 (citing *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988)).** The various roles played by counsel at different stages of this litigation warrant mention of two more legal principles. While the Federal rules do not require every attorney working on a case to enter an appearance before the court, ***see Smith v. Atlanta Postal Credit Union*,**

350 F. App'x 347, 350 (11th Cir. 2009), *amici curiae* are generally not entitled to attorney's fees. *See Vought v. Bank of Am., N.A.*, No. 10–CV–2052, 2013 WL 3336883, at *2 (C.D. Ill. July 2, 2013) (explaining the Fifth Circuit approach of only granting fees to *appointed amici*); *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 205 (9th Cir. 1982) ("Admirably fulfilling the role of amicus does not ... entitle [attorneys] to compensation.").

Before turning to the minutiae of the hours claimed by attorneys in the case, the Court notes a few general propositions that guide its analysis. Defendants level many objections—niggling ones, in the Court's eyes[8]—based on Plaintiffs' counsel's attention to the relevance of contemporaneous gun rights cases, the lack of specificity in Plaintiffs' asserted hours, and hours spent in strategic planning. *See Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). The instant case is one of many filed shortly after the watershed *Heller* and *McDonald* decisions, which left in their wake considerable uncertainty as to the scope of the citizenry's Second Amendment rights, and the tests courts should use to measure those rights. *See Woodard v. Gallagher*, 712 F.3d 865, 874 (4th Cir. 2013). Those tests are complicated, often requiring significant historical analysis, *see Ezell v. City of Chi.*, 651 F.3d 684, 702–05 (7th Cir. 2011), and the evolving state of the law necessitates that counsel constantly monitor developments in other cases. The Court would be far more concerned with the contours of Plaintiffs' counsel's

---

[8] *See Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (Trial courts "should not ... become green-eyeshade accountants. The essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection.").

work had the record *not* reflected attention to the rapidly changing landscape of Second Amendment law.

Further, the Court generally finds (after a line-by-line examination of the record, exceptions will be noted below)[9] that the level of detail in Plaintiffs' descriptions of hours worked is adequate to reflect work on legal issues, both tactical and strategic, relevant to this complex case. As an example, the bulk of Plaintiffs' hours spent on communication and research center on dates leading up to (or immediately after) the filing of motions in this case or publication of orders in other cases. The Court will not punish Plaintiffs by (as Defendants do) de-contextualizing every description of the work their attorneys performed. *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (in a costs analysis, prevailing party not required to submit records "containing a description so detailed as to make it impossible economically" to recover their expenditures; rather, they should provide "the best breakdown obtainable from retained records.").

### i.    *Freeborn & Peters / Locke Lord — Hours*

At Freeborn & Peters, attorney William Howard (assisted by Gary Wills) began work on this case in May 2011. (*See* Doc. 119-1, 14). The Court has examined the 182 Freeborn & Peters time entries in the record (and the scores of objections to those time entries) and finds only two of Defendants' objections

---

[9] The same general reasonableness standards apply to Plaintiffs' sought fees and costs. The Court has scoured the record of those items, and finds the approximately $12,300 sought to be eminently reasonable in light of the length and breadth of this litigation. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp.2d 981, 1003 (N.D. Cal. 2005) (in a six-year ADA litigation, almost $1 million in costs awarded). No costs or expenses will be deducted.

meritorious. A May 13, 2011 entry (5.8 hours billed by Howard) reflects the performance of myriad tasks, but fails to delineate Plaintiffs' omitting certain press-related activities from those hours. (Doc. 120-3, 6). The entry is therefore too vague for the Court to determine whether the hours spent are reasonable, and is stricken. Likewise, a June 7, 2011 entry (1.5 hours billed by Howard) leaves the Court without sufficient information to discern whether time spent on a report to the National Rifle Association is compensable or whether the rest of those 1.5 hours were reasonably spent. (*See* Doc. 120-3, 9).[10]

At Locke Lord, Howard and other attorneys (as noted in over forty billing entries) worked on the case from March 2013 to August 2013. The Court has examined the billing entries and finds Defendants' objections wanting. Plaintiffs' records indicate a reasonable amount of time spent on the case, especially given its posture in the Seventh Circuit, the delay between the appellate court's decision and its mandate, and the evolution of legislation meant to comport with the Seventh Circuit's opinion. Preparing for a return to the district court can hardly be seen as an unreasonable use of time, and the Court finds the hours billed are not excessive.

Accordingly, the Court will subtract $2,755.00 (5.8 hours at $475 / hour) from the amount requested by Plaintiffs for work done by attorneys at Freeborn & Peters and Locke Lord.

---

[10] Plaintiffs have also agreed to omit 3.8 hours billed by Attorney Wills in February 2013 and many hours billed by Attorney Howard from May 2011 to February 2013. Those amounts are accounted for in the $20,000-plus reduction between Plaintiffs' motion and their reply brief.

## ii. _Cooper & Kirk — Hours_

It is beyond dispute that attorneys at Cooper & Kirk have extensive Second Amendment expertise, and have relied on that expertise in this and other recent cases. After submitting an amicus brief in _Heller_, the firm "assisted in representing the NRA in _McDonald_," (Doc. 106-1, 9) and, ever since, "has been active in representing both parties and amici in cases involving the Second Amendment, (_id._ at 10). Unfortunately for Plaintiffs, the record is muddled as to when Cooper & Kirk stopped acting on behalf of _amicus_ in this case, and started serving as attorneys for the "prevailing party."

At the outset of this case, Cooper & Kirk's primary (if not only) role was that as attorney for _amicus curiae_ National Rifle Association. The firm filed an 18-page amicus brief in November 2011 (Doc. 54) and made no appearance on behalf of Plaintiffs until the appeal. (As a reminder: the case was filed in May 2011, Judge Stiehl granted Defendants' 12(b)(6) motion in March 2012, and Plaintiffs appeal was filed in April 2012). Until Judge Stiehl granted Defendants' motion to dismiss, the descriptions of all the work done by Cooper & Kirk attorneys could apply to work done for the NRA, work done for Plaintiffs, or to both.

The lack of specificity dooms the fee request for the pre-appeal period. Though there is no controlling Seventh Circuit precedent, the Court finds persuasive and adopts the approach of the Fifth, Ninth, and D.C. Circuits and declines to award fees to counsel for (what looks to be—and it is Plaintiffs' burden to show otherwise) unappointed _amicus curiae_. **_See Morales v. Turman_, 820 F.2d 728,**

731 (5th Cir. 1987); *Miller-Wohl Co., Inc. v. Comm'r of Labur & Indus. State of Mont.*, 694 F.2d 203, 205 (9th Cir. 1982); *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 853 (D.C. Cir. 1981). The Court is unconvinced that Cooper & Kirk were acting as Plaintiffs' attorneys before this case was dismissed, and is unable to parse the hours it invested on behalf of Plaintiffs from the hours it spent working for the NRA.[11] Accordingly, the Court exercises its discretion to strike the problematic entries as vague and inadequately documented. *See Harper v. City of Chi. Hts.*, 223 F.3d 593, 605 (7th Cir. 2000). Plaintiffs will collect no fees for Cooper & Kirk work that predates March 30, 2012.

Otherwise the Court, while noting that the hours expended on this litigation are substantial, nevertheless finds those hours reasonable. Once Judge Stiehl dismissed the case, Cooper & Kirk was pursuing an appeal—clearly activity performed on behalf of Plaintiffs, since an *amicus* cannot file an appeal. This case was a high stakes affair, and hundreds of hours[12] spent in research, draft-writing, and preparation for oral argument are well within reason when compared to other lengthy, complex federal litigation. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp.2d 981 (N.D. Cal. 2005) (six-year ADA case; over 17,000 hours); *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 F. App'x 93 (3d Cir. 2006) (over 500 **hours preparing briefs and 86 hours preparing for oral argument were not excessive. Complicated case raising important constitutional claims "often mandate**

---

[11] Plaintiffs were squarely presented with the Cooper & Kirk / *amicus* issue in Defendants' response brief, and sidestepped the issue in their reply. As Judge Posner said in another context, the "silence is deafening." *Muhammed v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008).
[12] Cooper & Kirk attorneys spent over 800 hours on the appeal between 2012 and 2013.

the help of numerous attorneys for both parties") (internal citation and quotation marks omitted).   The appeal also involved a 210-day stay of the mandate and assessment (by both sides) of how evolving legislation would (or would not) comport with the Seventh Circuit's opinion.   Continued work on the case after the Seventh Circuit issued its opinion, then, was reasonable.   Other than reducing Plaintiffs' fees to reflect Cooper & Kirk's preliminary status as *amicus* (rather than prevailing party) attorneys, the Court will not reduce the firm's hours.

Accordingly, Plaintiffs fees will be reduced to reflect Cooper & Kirk's status as *amicus*, rather than party, attorneys.   For work done by Cooper & Kirk attorneys prior to March 30, 2012, the Court deducts a total of **$74,473.50** (comprising $71,952.50 in 2011 fees (Doc. 106-1, 17) plus $2,521.00[13] in pre-dismissal 2012 fees).

### iii.    *Stephen P. Halbrook — Hours*

Stephen Halbrook is an attorney with extensive knowledge of the historical underpinnings of the Second Amendment and practical knowledge of litigating in this rapidly evolving area of law.   His writings include topics as diverse as *Gun Control in the Third Reich* and *The Founders' Second Amendment*, and he was heavily involved in *Heller* and *McDonald*.   (*See* Doc. 106-3, 7–14).

After Defendants' responded to his request for 131.8 hours, Halbrook lowered his request to 117.4 hours.   As discussed above, the Court will begin by reducing Halbrook's asserted rate from $540 per hour to $507.50 per hour (117.4 hours times a $32.50 / hour reduction) for a $3,815.50 reduction.

---

[13] The 2012 fees were billed by Peter Patterson (0.6 hours at $395/hr), David Thompson (2.6 hours at $585/hr), and Howard Nielson (1.4 hours at $545/hr).   (Doc. 106-1, 21).

The Court lowers the total by a further 7.8 hours. Halbrook's entry from May 15, 2011, simply indicates a "Plaintiff issue," not enough information for the Court to assess the reasonableness of the 0.3 hours billed. (*See* Doc. 120-3, 141). And the 7.5 hours he spent to prepare the instant fee application is entirely excessive. (*See* Doc. 120-3, 149, entries from December 12 to December 16, 2013). So the Court will reduce Plaintiffs' fee award by a further (7.8 hours x $507.50 / hour) $3,958.50.

CONCLUSION

The lodestar calculation is not always the end of a fee dispute. **See Richardson v. City of Chi., 740 F.3d 1099, 1103 (7th Cir. 2014) (percentage increase may be added to reflect exceptionally good results; percentage decrease may be applied to reflect poor results); Sottoriva v. Claps, 617 F.3d 971, 975 (7th Cir. 2010) (outlining the application of factors used to increase or decrease a fee award).** But it is here. Defendants have not asked for a decreased lodestar, and in any event (as discussed in Section 1 above) Plaintiffs' victory was comprehensive. **See Montanez, 755 F.3d at 553 (most important factor in lodestar adjustment is degree of success on the merits).**

Accordingly, for the reasons explained above, the Court **GRANTS (Doc. 121)** Plaintiffs' Motion to Cite Supplemental Authority, and **GRANTS IN PART (Doc. 106)** Plaintiffs' Motion for Attorneys' Fees, Expenses, and Taxable Costs. Defendants shall compensate Plaintiffs **$533,603.80**, as summarized here:

| Fees, Costs & Expenses Sought | | $ 618,606.30 |
|---|---|---|
| Reductions | | |
| F & P / Locke Lord | 5.8 hours @ $475 / hour | $ (2,755.00) |
| Cooper & Kirk | 2011 fees | $ (71,952.50) |
| | pre-dismissal 2012 fees | $ (2,521.00) |
| S.P. Halbrook | rate reduction of $32.50 / hr | $ (3,815.50) |
| | 7.8 hours @ $507.50 / hr | $ (3,958.50) |
| **Total Reductions** | | **$ (85,002.50)** |
| **Total Fee Award** | | **$ 533,603.80** |

Though Attorney Halbrook's fees for seeking this fee award are part of the calculations above, Plaintiffs are still entitled to recover fees reflecting Cooper & Kirk and Locke Lord attorneys' work on the instant fee petition. *See Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). Plaintiffs are accordingly given until October 17, 2014, to submit a supplemental request for attorneys' fees. Any response from Defendants shall be limited to four pages and due on or before October 24, 2014; Plaintiffs' reply (not to exceed two pages) shall be due on or before October 31, 2014.

       IT IS SO ORDERED.
       DATE: <u>September 29, 2014</u>       s/ *Michael J. Reagan*
                                       MICHAEL J. REAGAN
                                       United States District Judge

APPEAL,JLS,PMF,WDS

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00405-MJR-PMF
## Internal Use Only

| | |
|---|---|
| Shepard et al v. Madigan et al | Date Filed: 05/13/2011 |
| Assigned to: Judge Michael J. Reagan | Date Terminated: 07/26/2013 |
| Referred to: Magistrate Judge Philip M. Frazier | Jury Demand: None |
| Case in other court: USCA-7, 12-01788 | Nature of Suit: 890 Other Statutory |
| USCA-7, 13-02661 | Actions |
| Cause: 28:2201 Declaratory Judgement | Jurisdiction: Federal Question |

**Plaintiff**

**Mary Shepard**                    represented by    **William N Howard**
Locke Lord LLP
111 South Wacker Drive
45th Floor
Chicago, IL 60606-4410
312-443-0333
Fax: 312-896-6433
Email: whoward@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles J Cooper**
Cooper & Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202-220-9660
Fax: 202-220-9661
Email: ccooper@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
Cooper & Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202-220-9600
Fax: 202-220-9601
Email: dthompson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Jeffery M. Cross**
Freeborn & Peters
Generally Admitted
311 South Wacker Drive

Suite 3000
Chicago, IL 60606
312-360-6000
Email: jcross@freebornpeters.com
*TERMINATED: 06/08/2011*

**Plaintiff**

**Illinois State Rifle Association**          represented by **William N Howard**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Charles J Cooper**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **David H. Thompson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jeffery M. Cross**
                                                             (See above for address)
                                                             *TERMINATED: 06/08/2011*

V.

**Defendant**

**Lisa M Madigan**                           represented by **Terence Corrigan**
*solely in her official capacity as*                        Illinois Attorney General's Office -
*Attorney General of Illinois*                              Springfield
                                                             Generally Admitted
                                                             500 South Second Street
                                                             Springfield, IL 62706
                                                             217-782-5819
                                                             Email: tcorrigan@atg.state.il.us
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **David A. Simpson**
                                                             Illinois Attorney General's Office -
                                                             Chicago 2
                                                             100 West Randolph Street
                                                             12th Floor
                                                             Chicago, IL 60601-3175
                                                             312-814-3419
                                                             Email: dasimpson@atg.state.il.us
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Karen L. McNaught**
                                                             Illinois Attorney General's Office -

Springfield
Generally Admitted
500 South Second Street
Springfield, IL 62706
217-782-1841
Fax: (217) 524-5091
Email: kmcnaught@atg.state.il.us
*ATTORNEY TO BE NOTICED*

**Karl Triebel**
Illinois Attorney General's Office -
Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-2391
Fax: 312-814-2253
Email: ktriebel@atg.state.il.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Governor Patrick J Quinn**                 represented by    **Terence Corrigan**
*solely in his official capacity as*                          (See above for address)
*Governor of the State of Illinois*                           *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **David A. Simpson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Karen L. McNaught**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Karl Triebel**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Tyler R Edmonds**                          represented by    **Terence Corrigan**
*solely in his official capacity as the*                     (See above for address)
*State's Attorney of Union County,*                          *LEAD ATTORNEY*
*Illinois*                                                   *ATTORNEY TO BE NOTICED*

                                                             **David A. Simpson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Karen L. McNaught**
                                                             (See above for address)

*ATTORNEY TO BE NOTICED*

**Karl Triebel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sheriff David Livesay**                  represented by  **Joseph A. Bleyer**
*solely in his official capacity as Sheriff*                 Bleyer & Bleyer
*of Union County*                                            Generally Admitted
                                                             601 West Jackson
                                                             P.O. Box 487
                                                             Marion, IL 62959-0487
                                                             618-997-1331
                                                             Email: jableyer@bleyerlaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **K. Rockne Bleyer**
                                                             Bleyer & Bleyer
                                                             Generally Admitted
                                                             601 West Jackson
                                                             P.O. Box 487
                                                             Marion, IL 62959-0487
                                                             618-997-1331
                                                             Email: kbleyer@bleyerlaw.com
                                                             *ATTORNEY TO BE NOTICED*

**Amicus**

**Brady Center to Prevent Gun**            represented by  **Jonathan Lee Diesenhaus**
**Violence**                                                 Hogan Lovells LLP
                                                             555 13th Street, NW
                                                             Washington, DC 20004
                                                             202-637-5416
                                                             Fax: 202-637-5910
                                                             Email:
                                                             jonathan.diesenhaus@hoganlovells.com

                                                             *ATTORNEY TO BE NOTICED*

**Amicus**

**National Rifle Association of**          represented by  **Charles J Cooper**
**America, Inc.**                                            (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2014 | 129 | NOTICE OF APPEAL as to 124 Order on Motion for Attorney Fees, |

| | | |
|---|---|---|
| | | Order on Motion for Bill of Costs, Order on Motion for Miscellaneous Relief,,,,,, by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Filing fee $ 505, receipt number 0754-2434913. (Corrigan, Terence) (Entered: 10/29/2014) |
| 10/29/2014 | 128 | ORDER granting 126 Motion for Extension of Time. Defendants' unopposed motion to respond to Plaintiffs' Supplemental Motion for Fees is GRANTED. Response due by 11/3/2014; reply due by 11/10/2014. Signed by Chief Judge Michael J. Reagan on 10/29/2014. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/29/2014) |
| 10/29/2014 | 127 | RESPONSE to Motion re 126 MOTION for Extension of Time to File Response/Reply as to 125 Supplemental MOTION for Attorney Fees filed by Illinois State Rifle Association, Mary Shepard. (Cooper, Charles) (Entered: 10/29/2014) |
| 10/28/2014 | 126 | MOTION for Extension of Time to File Response/Reply as to 125 Supplemental MOTION for Attorney Fees by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 10/28/2014) |
| 10/17/2014 | 125 | Supplemental MOTION for Attorney Fees by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Exhibit Supplemental Declaration of David H. Thompson, # 2 Exhibit Supplemental Declaration of William N. Howard)(Cooper, Charles) (Entered: 10/17/2014) |
| 09/29/2014 | 124 | MEMORANDUM & ORDER. For the reasons explained in the attached Memorandum & Order, **(1)** Plaintiffs are held to be prevailing parties; **(2)** Plaintiffs' Motion to Cite Supplemental Authority (Doc. 121 ) is GRANTED; and **(3)** Plaintiffs' Motion Seeking Fees, Expenses, and Costs (Doc. 106 ) is GRANTED IN PART. Defendants shall compensate Plaintiffs in the amount of **$533,603.80**, as detailed herein. Briefing regarding fees for work on the fee petition shall commence according to the schedule and page limitations found on page 23. *See attached for details*. Signed by Judge Michael J. Reagan on 9/29/2014. (jls) (Entered: 09/29/2014) |
| 07/23/2014 | 123 | RESPONSE to Motion re 121 MOTION To Cite Supplemental Authority filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/23/2014) |
| 07/17/2014 | 122 | ORDER. In a brief not to exceed three pages, Defendants may respond to Plaintiff's Motion to Cite Supplemental Authority on or before 7/23/2014. Signed by Judge Michael J. Reagan on 7/17/2014. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/17/2014) |
| 07/15/2014 | 121 | MOTION To Cite Supplemental Authority by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Cooper, Charles) (Entered: 07/15/2014) |
| | | |

| | | |
|---|---|---|
| 05/27/2014 | 120 | REPLY to Response to Motion re 106 MOTION for Attorney Fees MOTION for Bill of Costs filed by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Cooper, Charles) (Entered: 05/27/2014) |
| 04/25/2014 | | Set/Reset Deadlines: plaintiff's reply brief due by 5/27/2014. (cds) (Entered: 04/25/2014) |
| 04/24/2014 | 119 | OBJECTION to 106 Motion for Attorney Fees, Motion for Bill of Costs,, by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn . (Attachments: # 1 Exhibit 1 through 14)(Corrigan, Terence) (Entered: 04/24/2014) |
| 04/24/2014 | 118 | ORDER. On the day their response to Plaintiffs' Bill of Costs and Attorneys' Fees was due, Defendants moved for leave to file a response brief in excess of 20 pages. Yesterday, Plaintiffs (indicating they have no objection to Defendants' motion) asked for leave to reply in a brief up to 20 pages long (and for 30 days in which to reply once Defendants file their brief). Both unopposed motions (Doc. 116 and Doc. 117 ) are GRANTED, since the factual examination required for assessing such a large bill of costs and fees (over $640,000 total) is extensive. Defendants' response brief shall be due by close of business today(April 24, 2014), and Plaintiffs' reply brief shall be due on or before close of business on May 27, 2014. Signed by Judge Michael J. Reagan on 4/24/2014. (jls) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/24/2014) |
| 04/23/2014 | 117 | MOTION for Extension of Time *and Expansion of Page Limits* by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cooper, Charles) (Entered: 04/23/2014) |
| 04/18/2014 | 116 | MOTION for Leave to File *in Excess of Twenty Pages* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 04/18/2014) |
| 04/16/2014 | 115 | ORDER granting 114 Unopposed Motion for Extension of Time. Response due by 4/18/2014. Signed by Judge Michael J. Reagan on 4/16/2014. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/16/2014) |
| 04/15/2014 | 114 | MOTION for Extension of Time to File Response/Reply as to 106 MOTION for Attorney Fees MOTION for Bill of Costs , 107 Memorandum in Support of Motion *Agreed Motion for Extension of Time* by Lisa M Madigan, Patrick J Quinn. (McNaught, Karen) (Entered: 04/15/2014) |
| 03/17/2014 | 113 | ORDER. Defendants (who indicate the parties are working to settle Plaintiffs' pending Bill of Costs) have moved for an extension of time in which to reply to that Bill of Costs. Defendants' motions (Doc. 111 , Doc. 112 ) are GRANTED. Their responses to Plaintiffs' Bill of Costs shall be due on or before April 15, 2014. (Defendants' responses due by 4/15/2014; replies due by 4/29/2014.). Signed by Judge Michael J. Reagan on 3/17/2014. (jls)THIS TEXT ENTRY IS AN ORDER OF |

| | | |
|---|---|---|
| | | THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/17/2014) |
| 03/14/2014 | 112 | MOTION for Extension of Time to File Response/Reply *to Plaintiffs Fee Petition* by David Livesay. (Bleyer, Joseph) (Entered: 03/14/2014) |
| 03/14/2014 | 111 | MOTION for Extension of Time to File *Response to Fee Petition [106, 107]* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (McNaught, Karen) (Entered: 03/14/2014) |
| 02/03/2014 | | Judge Michael J. Reagan added. Judge William D. Stiehl no longer assigned to case. (lmt) (Entered: 02/03/2014) |
| 01/21/2014 | | Reset Deadlines: Response to Motion for Attorneys' Fees due by 3/7/2014. (jlrr ) (Entered: 01/21/2014) |
| 01/17/2014 | 110 | ORDER GRANTING 108 Motion for Extension of Time to File response to motion for attorneys' fees. Defense response is due on or before 3/17/2014. Court grants LIMITED discovery, see order for specifics.Signed by Judge William D. Stiehl on 1/17/2014. (jaf) (Entered: 01/17/2014) |
| 01/13/2014 | 109 | RESPONSE in Opposition re 108 MOTION for Extension of Time to File *Response to Fee Petition and Motion for Leave to Conduct Discovery* filed by Illinois State Rifle Association, Mary Shepard. (Cooper, Charles) (Entered: 01/13/2014) |
| 01/06/2014 | 108 | MOTION for Extension of Time to File *Response to Fee Petition and Motion for Leave to Conduct Discovery* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (McNaught, Karen) (Entered: 01/06/2014) |
| 12/27/2013 | 107 | MEMORANDUM in Support re 106 MOTION for Attorney Fees MOTION for Bill of Costs filed by Illinois State Rifle Association, Mary Shepard. (Cooper, Charles) (Entered: 12/27/2013) |
| 12/27/2013 | 106 | MOTION for Attorney Fees , MOTION for Bill of Costs by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Declaration of David H. Thompson, # 2 Declaration of William N. Howard, # 3 Declaration of Stephen P. Halbrook)(Cooper, Charles) (Entered: 12/27/2013) |
| 12/27/2013 | 105 | BILL OF COSTS by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 A - Itemization for Fees, # 2 Supporting Invoices) (Cooper, Charles) (Entered: 12/27/2013) |
| 11/27/2013 | 104 | MANDATE of USCA as to 91 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association, affirming the judgment of the District Court. (anm) (Entered: 11/27/2013) |
| 08/08/2013 | 103 | Amended Certified and Transmitted Record on Appeal to US Court of Appeals re 91 Notice of Appeal (trb) (Entered: 08/08/2013) |
| 08/08/2013 | 102 | Acknowledgment of receipt of Record on Appeal by USCA 7 re 91 Notice of Appeal (1 vol. of pleadings) (cekf) (Entered: 08/08/2013) |
| | | |

| 08/08/2013 | 101 | Certified and Transmitted Record on Appeal to US Court of Appeals re 91 Notice of Appeal (trb) (Entered: 08/08/2013) |
|---|---|---|
| 08/08/2013 | | Record on Appeal Prepared re 91 Notice of Appeal (trb) (Entered: 08/08/2013) |
| 08/07/2013 | 100 | Request from USCA to transmit Record on Appeal re 91 Notice of Appeal (cjo) (Entered: 08/07/2013) |
| 08/07/2013 | 99 | ORDER granting 98 Motion for Extension of Time. The parties SHALL file briefs as to the issue of the award of costs and fees within thirty (30) days of the issuance of the mandate resolving plaintiffs appeal to the Seventh Circuit. Responses SHALL be filed within ten (10) days thereafter. Signed by Judge William D. Stiehl on 08/07/2013. (jst) (Entered: 08/07/2013) |
| 08/06/2013 | 98 | MOTION for Extension of Time *for Filing a Request for Costs and Attorneys' Fees* by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 08/06/2013) |
| 08/01/2013 | 97 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Cooper, Charles) (Entered: 08/01/2013) |
| 07/30/2013 | 96 | USCA Case Number 13-2661 for 91 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association. (drb) (Entered: 07/30/2013) |
| 07/30/2013 | 95 | USCA Appeal Fees received $ 455 receipt number 44625001996 re 91 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association. (jdh) (Entered: 07/30/2013) |
| 07/30/2013 | 94 | Circuit Rule 10 Letter. Appeal Record due to be prepared by 8/13/2013. (jlrr ) (Entered: 07/30/2013) |
| 07/30/2013 | 93 | Transmission of Short Record to US Court of Appeals re 91 Notice of Appeal (jlrr) (Entered: 07/30/2013) |
| 07/30/2013 | 92 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 90 Notice (Other) filed by Mary Shepard, Illinois State Rifle Association. Efiler chose the incorrect event when filing the Notice of Appeal. Clerk's office has refiled the Notice of Appeal using the correct event. Efiler is instructed to call the Clerk's office to pay the $455 filing fee for the Notice of Appeal. (jlrr )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/30/2013) |
| 07/29/2013 | 91 | NOTICE OF APPEAL as to 89 Order Dismissing Case by Illinois State Rifle Association, Mary Shepard. (jlrr ) (Entered: 07/30/2013) |
| 07/29/2013 | 90 | STRICKEN-NOTICE by Illinois State Rifle Association, Mary Shepard *NOTICE OF APPEAL* (Attachments: # 1 Exhibit A)(Howard, William) Modified on 7/30/2013 (jlrr ). (Entered: 07/29/2013) |
| 07/26/2013 | 89 | ORDER DISMISSING CASE for lack of subject matter jurisdiction. MOTION for Declaration of Unconstitutionality and Preliminary and/or |

| | | |
|---|---|---|
| | | Permanent Injunction [75](#) filed by Mary Shepard, Illinois State Rifle Association is DISMISSED; MOTION to Expedite Briefing [76](#) filed by Mary Shepard, Illinois State Rifle Association is DENIED as moot; MOTION to Dismiss [78](#) filed by David Livesay, AND MOTION to Dismiss for Lack of Jurisdiction [73](#) filed by Tyler R Edmonds, Patrick J Quinn, Lisa M Madigan are GRANTED. ACTION DUE by 8/9/2013--parties to brief issue of award of costs and fees. Signed by Judge William D. Stiehl on 7/26/2013. (jaf ) (Entered: 07/26/2013) |
| 07/20/2013 | [88](#) | MEMORANDUM in Support re [78](#) MOTION to Dismiss *as Moot pursuant to FRCP 12(b)(1)* filed by David Livesay. (Bleyer, Joseph) (Entered: 07/20/2013) |
| 07/18/2013 | [87](#) | SUPPLEMENT by Illinois State Rifle Association, Mary Shepard. Supplement to [79](#) Response *to Defendants' Motion to Dismiss*. (Howard, William) (Entered: 07/18/2013) |
| 07/18/2013 | [86](#) | MEMORANDUM in Support re [73](#) MOTION to Dismiss for Lack of Jurisdiction *(moot)* filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Triebel, Karl) (Entered: 07/18/2013) |
| 07/16/2013 | [85](#) | NOTICE of Appearance by David H. Thompson on behalf of Illinois State Rifle Association, Mary Shepard (Thompson, David) (Entered: 07/16/2013) |
| 07/16/2013 | 84 | ORDER (NJR/dka) granting [83](#) MOTION to Appear Pro Hac Vice by Attorney David H. Thompson on behalf of Mary Shepard, Illinois State Rifle Association.(dka, ) (Entered: 07/16/2013) |
| 07/16/2013 | [83](#) | MOTION to Appear Pro Hac Vice by AttorneyDavid H. Thompson $100 fee paid,receipt number 0754-2019985 by on behalf of Illinois State Rifle Association, Mary Shepard. (Thompson, David) (Entered: 07/16/2013) |
| 07/16/2013 | [82](#) | NOTICE of Appearance by Charles J Cooper on behalf of Illinois State Rifle Association, Mary Shepard (Cooper, Charles) (Entered: 07/16/2013) |
| 07/12/2013 | [81](#) | ORDER GRANTING leave to file additional briefs ( Action due by 7/18/2013.). Signed by Judge William D. Stiehl on 7/12/2013. (jaf) (Entered: 07/12/2013) |
| 07/12/2013 | [80](#) | NOTICE of Appearance by K. Rockne Bleyer on behalf of David Livesay (Bleyer, K.) (Entered: 07/12/2013) |
| 07/12/2013 | [79](#) | RESPONSE to [78](#) Motion to Dismiss *filed by Defendant, Sheriff David Livesay,* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/12/2013) |
| 07/12/2013 | [78](#) | MOTION to Dismiss *as Moot pursuant to FRCP 12(b)(1)* by David Livesay. Responses due by 8/15/2013 (Bleyer, Joseph) (Entered: 07/12/2013) |
| 07/11/2013 | [77](#) | RESPONSE to Motion re [76](#) MOTION to Expedite Briefing on |

| | | Plaintiffs' re [75](#) MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/11/2013) |
|---|---|---|
| 07/10/2013 | [76](#) | MOTION to Expedite Briefing on Plaintiffs' re [75](#) MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/10/2013) |
| 07/10/2013 | [75](#) | MOTION for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/10/2013) |
| 07/10/2013 | [74](#) | RESPONSE to Motion re [73](#) MOTION to Dismiss for Lack of Jurisdiction *(moot)* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/10/2013) |
| 07/09/2013 | [73](#) | MOTION to Dismiss for Lack of Jurisdiction *(moot)* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Responses due by 8/12/2013 (Triebel, Karl) (Entered: 07/09/2013) |
| 07/09/2013 | [72](#) | MANDATE of USCA as to [58](#) Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (Attachments: # [1](#) Opinion, # [2](#) Final Judgment, # [3](#) Rehearing Order, # [4](#) Bill of Costs (1), # [5](#) Bill of Costs (2))(drb) (Entered: 07/09/2013) |
| 07/09/2013 | [71](#) | NOTICE of Appearance by Karl Triebel on behalf of Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn (Triebel, Karl) (Entered: 07/09/2013) |
| 06/04/2013 | [70](#) | ORDER of USCA as to [58](#) Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (jlrr ) (Entered: 06/04/2013) |
| 03/14/2013 | [69](#) | NOTICE of Change of Address by William N Howard (Howard, William) (Entered: 03/14/2013) |
| 02/22/2013 | [68](#) | ORDER of USCA as to [58](#) Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (cekf) (Entered: 02/22/2013) |
| 05/14/2012 | [67](#) | Acknowledgment of receipt of Record on Appeal by USCA 7 re [58](#) Notice of Appeal. Contents of Records: 2 vol. of pleadings.(jlrr ) (Entered: 05/14/2012) |
| 05/10/2012 | [66](#) | Certified and Transmitted Record on Appeal to US Court of Appeals re [58](#) Notice of Appeal (tkm ) (Entered: 05/10/2012) |
| 05/09/2012 | [65](#) | Request from USCA to transmit Record on Appeal re [58](#) Notice of Appeal (cekf) (Entered: 05/09/2012) |
| 04/13/2012 | [64](#) | ORDER of USCA as to [58](#) Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association (drb) (Entered: 04/13/2012) |
| 04/10/2012 | [63](#) | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Howard, William) (Entered: 04/10/2012) |
| 04/10/2012 | [62](#) | DESIGNATION of Record on Appeal by Illinois State Rifle |

| | | |
|---|---|---|
| | | Association, Mary Shepard re 58 Notice of Appeal (Howard, William) (Entered: 04/10/2012) |
| 04/09/2012 | | Record on Appeal Prepared re 58 Notice of Appeal and placed in records of appeal under 10 mb in its own folder 12-1788. (trb) (Entered: 04/09/2012) |
| 04/03/2012 | 61 | USCA Case Number 12-1788 for 58 Notice of Appeal filed by Mary Shepard, Illinois State Rifle Association. (slj) (Entered: 04/03/2012) |
| 04/03/2012 | 60 | Circuit Rule 10 Letter (trb) (Entered: 04/03/2012) |
| 04/03/2012 | 59 | Transmission of Short Record to US Court of Appeals re 58 Notice of Appeal Appeal Record due to be prepared by 4/16/2012. (trb) (Entered: 04/03/2012) |
| 04/02/2012 | 58 | NOTICE OF APPEAL as to 57 Order Dismissing Case, Terminate Motions,, by Illinois State Rifle Association, Mary Shepard. Filing fee $ 455, receipt number 0754-1661552. (Attachments: # 1 Exhibit A) (Howard, William) (Entered: 04/02/2012) |
| 03/30/2012 | 57 | ORDER DISMISSING CASE, the Court GRANTS defendants motions 24 and 26 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and plaintiffs complaint is DISMISSED. The Court GRANTS defendants motion to cite supplemental authority 55 . All remaining motions 20 38 47 49 are DENIED as moot. Signed by Judge William D. Stiehl on 3/30/2012. (jaf) (Entered: 03/30/2012) |
| 02/08/2012 | 56 | RESPONSE to Motion re 55 MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 02/08/2012) |
| 02/06/2012 | 55 | MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Attachments: # 1 Supplemental Authority)(Simpson, David) (Entered: 02/06/2012) |
| 11/17/2011 | 54 | RESPONSE to Motion re 44 MOTION for Leave to File *Amicus Brief in Support of Plaintiffs' Motion for Summary Judgment* filed by National Rifle Association of America, Inc.. (Thompson, David) (Entered: 11/17/2011) |
| 11/16/2011 | 53 | ORDER DENYING 22 Motion for Hearing on Motion for Preliminary Injunction as moot; DENYING 25 Motion for Extension of Time filed by defendant Livesay as moot, defendant's brief having been filed; GRANTING 44 Motion for Leave to File Amicus Brief by National Rifle Association, and brief shall be filed instanter; GRANTING 50 Motion for leave to file supplemental authority. Signed by Judge William D. Stiehl on 11/16/2011. (jaf) (Entered: 11/16/2011) |
| 09/26/2011 | 52 | RESPONSE to Motion re 50 MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response *to Motion for Preliminary Injunction* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 09/26/2011) |

| 09/16/2011 | 51 | RESPONSE to Motion re 47 MOTION to Defer Ruling re 38 MOTION for Summary Judgment filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 09/16/2011) |
|---|---|---|
| 09/12/2011 | 50 | MOTION to Cite Supplemental Authority re 26 MOTION to Dismiss, 28 Response *to Motion for Preliminary Injunction* by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Attachments: # 1 Kachalsky Opinion) (Corrigan, Terence) (Entered: 09/12/2011) |
| 09/02/2011 | 49 | MOTION Defer Ruling on Summary Judgment by David Livesay. (Bleyer, Joseph) (Entered: 09/02/2011) |
| 09/02/2011 | 48 | EXHIBIT by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Exhibit to 47 Motion for Miscellaneous Relief. (Corrigan, Terence) (Entered: 09/02/2011) |
| 09/02/2011 | 47 | MOTION to Defer Ruling re 38 MOTION for Summary Judgment by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 09/02/2011) |
| 08/29/2011 | 46 | REPLY to Response to Motion re 26 MOTION to Dismiss filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Simpson, David) (Entered: 08/29/2011) |
| 08/29/2011 | 45 | ORDER (NJR/dka) granting 42 MOTION to Appear Pro Hac Vice by Attorney Charles J Cooper for National Rifle Association of America, Inc. (dka, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/29/2011) |
| 08/29/2011 | 44 | MOTION for Leave to File *Amicus Brief in Support of Plaintiffs' Motion for Summary Judgment* by National Rifle Association of America, Inc.. (Attachments: # 1 Exhibit A - Amicus Brief)(Cooper, Charles) (Entered: 08/29/2011) |
| 08/29/2011 | 43 | NOTICE of Appearance by Charles J Cooper on behalf of National Rifle Association of America, Inc. (Cooper, Charles) (Entered: 08/29/2011) |
| 08/29/2011 | 42 | MOTION to Appear Pro Hac Vice by AttorneyCharles J Cooper $100 fee paid,receipt number 0754-1491695 by on behalf of National Rifle Association of America, Inc.. (Cooper, Charles) (Entered: 08/29/2011) |
| 08/23/2011 | 41 | RESPONSE to Motion re 24 MOTION to Dismiss *pursuant to FRCP 12 (b)(1) AND 12(b)(6)* filed by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 08/23/2011) |
| 08/15/2011 | 40 | RESPONSE to Motion re 26 MOTION to Dismiss filed by Illinois State Rifle Association. (Howard, William) (Entered: 08/15/2011) |
| 08/08/2011 | 39 | MEMORANDUM in Support re 38 MOTION for Summary Judgment filed by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Affidavit Mary Shepard, # 2 Affidavit Donald Moran)(Howard, William) (Entered: 08/08/2011) |

| 08/08/2011 | 38 | MOTION for Summary Judgment by Illinois State Rifle Association, Mary Shepard. Responses due by 9/12/2011 (Howard, William) (Entered: 08/08/2011) |
|---|---|---|
| 08/02/2011 | 37 | MEMORANDUM in Support re 26 MOTION to Dismiss filed by Brady Center to Prevent Gun Violence. (Diesenhaus, Jonathan) (Entered: 08/02/2011) |
| 07/29/2011 | 36 | ORDER granting 33 Motion for Leave to File Amicus Curiae Brief by Brady Center To Prevent Gun Violence (brief is support of defendants). Brady Center is HEREBY directed to file its Amicus Curiae Brief as a separate document, instanter. Signed by Judge William D. Stiehl on 7/29/2011. (jaf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/29/2011) |
| 07/27/2011 | 35 | NOTICE of Appearance by David A. Simpson on behalf of Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn (Simpson, David) (Entered: 07/27/2011) |
| 07/26/2011 | 34 | ORDER (NJR/dka) granting 31 MOTION to Appear Pro Hac Vice by Attorney Jonathan Lee Diesenhaus on behalf of Brady Center to Prevent Gun Violence. (dka, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/26/2011) |
| 07/25/2011 | 33 | MOTION for Leave to File *Amicus Brief* by Brady Center to Prevent Gun Violence. (Attachments: # 1 Exhibit Amicus Brief)(Diesenhaus, Jonathan) (Entered: 07/25/2011) |
| 07/25/2011 | 32 | NOTICE of Appearance by Jonathan Lee Diesenhaus on behalf of Brady Center to Prevent Gun Violence (Diesenhaus, Jonathan) (Entered: 07/25/2011) |
| 07/25/2011 | 31 | MOTION to Appear Pro Hac Vice by AttorneyJonathan Lee Diesenhaus $100 fee paid,receipt number 0754-1465551 by on behalf of Brady Center to Prevent Gun Violence. (Diesenhaus, Jonathan) (Entered: 07/25/2011) |
| 07/22/2011 | 30 | RESPONSE in Opposition re 20 MOTION for Preliminary Injunction *and/or Permanent Injunction* filed by David Livesay. (Bleyer, Joseph) (Entered: 07/22/2011) |
| 07/22/2011 | 29 | OBJECTION to 20 Motion for Preliminary Injunction by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/22/2011) |
| 07/22/2011 | 28 | RESPONSE to 20 Motion for Preliminary Injunction filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/22/2011) |
| 07/22/2011 | 27 | MEMORANDUM in Support re 26 MOTION to Dismiss filed by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/22/2011) |

| | | |
|---|---|---|
| 07/22/2011 | 26 | MOTION to Dismiss by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. Responses due by 8/25/2011 (Corrigan, Terence) (Entered: 07/22/2011) |
| 07/22/2011 | 25 | MOTION for Extension of Time *to respond to (Doc 20)* by David Livesay. (Bleyer, Joseph) (Entered: 07/22/2011) |
| 07/22/2011 | 24 | MOTION to Dismiss *pursuant to FRCP 12(b)(1) AND 12(b)(6)* by David Livesay. Responses due by 8/25/2011 (Bleyer, Joseph) (Entered: 07/22/2011) |
| 07/11/2011 | | Tyler R Edmonds answer due 7/22/2011; David Livesay answer due 7/22/2011; Lisa M Madigan answer due 7/22/2011; Patrick J Quinn answer due 7/22/2011. (ajt, ) (Entered: 07/11/2011) |
| 07/11/2011 | 23 | ORDER granting 18 Motion for Extension of Time to Answer ; granting 19 Motion for Extension of Time to Answer. The movants have adequately demonstrated good cause for an extension of time to answer the complaint. Defendants Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn, David Livesay answer due 7/22/2011. No further extensions of time will be granted absent extraordinary circumstances. Signed by Magistrate Judge Philip M. Frazier on 7/11/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/11/2011) |
| 07/08/2011 | 22 | MOTION for Hearing re 20 MOTION for Preliminary Injunction *and/or Permanent Injunction* by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/08/2011) |
| 07/08/2011 | 21 | MEMORANDUM in Support re 20 MOTION for Preliminary Injunction *and/or Permanent Injunction* filed by Illinois State Rifle Association, Mary Shepard. (Attachments: # 1 Exhibit Exhibit A)(Howard, William) (Entered: 07/08/2011) |
| 07/08/2011 | 20 | MOTION for Preliminary Injunction *and/or Permanent Injunction* by Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 07/08/2011) |
| 07/08/2011 | 19 | Second MOTION for Extension of Time to File Answer by David Livesay. (Bleyer, Joseph) (Entered: 07/08/2011) |
| 07/08/2011 | 18 | Second MOTION for Extension of Time to File Answer by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 07/08/2011) |
| 06/21/2011 | | David Livesay answer due 7/8/2011. (ajt, ) (Entered: 06/21/2011) |
| 06/21/2011 | 17 | ORDER granting 16 Motion for Extension of Time to Answer. The movant has demonstrated good cause for a thirty (30) day extension of time to file an answer. Defendant David Livesay answer due 7/8/11. Signed by Magistrate Judge Philip M. Frazier on 6/21/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/21/2011) |

| 06/20/2011 | 16 | MOTION for Extension of Time to File Answer by David Livesay. (Bleyer, Joseph) (Entered: 06/20/2011) |
|---|---|---|
| 06/20/2011 | 15 | NOTICE of Appearance by Joseph A. Bleyer on behalf of David Livesay (Bleyer, Joseph) (Entered: 06/20/2011) |
| 06/15/2011 | 14 | NOTICE of Appearance by Karen L. McNaught on behalf of Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn (McNaught, Karen) (Entered: 06/15/2011) |
| 06/08/2011 | 13 | ORDER granting 11 Motion to Withdraw as follows: attorney Jeffery M. Cross permitted to withdraw as counsel for plaintiff. Signed by Magistrate Judge Philip M. Frazier on 6/8/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/08/2011) |
| 06/07/2011 | | Tyler R Edmonds answer due 7/8/2011; Lisa M Madigan answer due 7/8/2011; Patrick J Quinn answer due 7/8/2011. (ajt, ) (Entered: 06/07/2011) |
| 06/07/2011 | 12 | ORDER granting 10 Motion for Extension of Time to Answer. The movants have adequately demonstrated good cause for an extension of time to file an answer to the complaint. See Fed. R. Civ. P. 6(b)(1). Defendants Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn answer due 7/8/2011. Signed by Magistrate Judge Philip M. Frazier on 6/7/11. (ajt) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/07/2011) |
| 06/07/2011 | 11 | MOTION to Withdraw of Jeffery M. Cross by Illinois State Rifle Association, Mary Shepard. (Cross, Jeffery) (Entered: 06/07/2011) |
| 06/06/2011 | 10 | MOTION for Extension of Time to File Answer re 2 Complaint, by Tyler R Edmonds, Lisa M Madigan, Patrick J Quinn. (Corrigan, Terence) (Entered: 06/06/2011) |
| 05/24/2011 | 9 | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. David Livesay served on 5/18/2011, answer due 6/8/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/24/2011 | 8 | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. Tyler R Edmonds served on 5/18/2011, answer due 6/8/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/24/2011 | 7 | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. Patrick J Quinn served on 5/19/2011, answer due 6/9/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/24/2011 | 6 | SUMMONS Returned Executed by Mary Shepard, Illinois State Rifle Association. Lisa M Madigan served on 5/19/2011, answer due 6/9/2011. (Howard, William) (Entered: 05/24/2011) |
| 05/17/2011 | 5 | ORDER (NJR/dka) granting 4 MOTION to Appear Pro Hac Vice by Attorney William N Howard filed by Mary Shepard, Illinois State Rifle |

| | | |
|---|---:|---|
| | | Association.(dka, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/17/2011) |
| 05/16/2011 | 4 | MOTION to Appear Pro Hac Vice by AttorneyWilliam N Howard $100 fee paid,receipt number 0754-1410821 by on behalf of Illinois State Rifle Association, Mary Shepard. (Howard, William) (Entered: 05/16/2011) |
| 05/13/2011 | 3 | Summons Issued as to Tyler R Edmonds, David Livesay, Lisa M Madigan, Patrick J Quinn. (bkl) (Entered: 05/13/2011) |
| 05/13/2011 | 2 | COMPLAINT against Tyler R Edmonds, David Livesay, Lisa M Madigan, Patrick J Quinn ( Filing fee $ 350 receipt number 0754-1410003.), filed by Mary Shepard, Illinois State Rifle Association. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Cross, Jeffery) (Entered: 05/13/2011) |
| 05/13/2011 | 1 | Case Opened. Documents may now be electronically filed. Case number 11-405-WDS/PMF must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Magistrate Judge)(bkl) (Entered: 05/13/2011) |